IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

WESLEY IRA PURKEY,             :

    Petitioner,             :

vs.                      :        4:06-cv-8001 (JFG)

UNITED STATES OF AMERICA,    :

    Respondent.           :

**MOVANT WESLEY IRA PURKEY'S MOTION REGARDING BILLING PROCEDURES, THE SETTING OF AN HOURLY RATE OF COMPENSATION, TO PERMIT BILLING TO COMMENCE AS OF OCTOBER 16, 2006 AND TO PERMIT INTERIM BILLING FOR APPOINTED COUNSEL**

COMES NOW Petitioner Wesley Ira Purkey, by his undersigned counsel, and moves this court for the following relief: (1) an order pursuant to 21 U.S.C. § 848(q)(10(A) setting an hourly rate of $163 for both appointed counsel in this case; (2) an order permitting counsel to submit bills for work done since October 16, 2006; and (3) an order allowing appointed counsel to submit bills for interim payment. The grounds for the motion are set forth in the following numbered paragraphs.

1.      In On January 23, 2004, Mr. Purkey was convicted of kidnaping, rape, and murder in this Court under 18 U.S.C. § 1202(a) (g) and sentenced to death pursuant to 18 U.S.C. §3591, *et seq.* His direct appeal to the United States Court of Appeals for the Eighth Circuit was unsuccessful. *See United States v. Purkey*, 428 F.3d 738 (8th Cir. 2006). On October 16, 2006, the United States Supreme Court denied review on certiorari. *See Purkey*

1

*v. United States*, ___ U.S. ___, 2006 LEXIS 7809, No. 05-11528. On December 18, 2006, this court, Hon. Fernando J. Gaitain, Jr., U.S.D.J., appointed Gary E. Brotherton, Esquire and Teresa L. Norris, Esquire for the purposes of representing Petitioner in connection with a petition for *habeas corpus* to be brought pursuant to 28 U.S.C. § 2255.

2.      Both counsel believe that the process of investigating, presenting, and litigating a petition brought pursuant to 28 U.S.C. § 2255 will be complex and time-consuming. In essence, this stage of the litigation represents Petitioner's last real chance to set aside the sentence of death that has been imposed. In pursuing a new trial or sentencing proceeding in this matter, Petitioner's counsel must, in essence, re-investigate the case from the beginning, locate and retain experts (and seek court approval for the funding of such experts), and present a coherent legal argument to this Court as to why Petitioner's sentence should be set aside. All of this will take place in the context of a highly-publicized and emotionality-charged case. Maximum efforts will be required of both counsel, neither of whom presently has any serious degree of familiarity with the case

3.      Congress has set a limit of $163 per hour for the compensation of counsel in cases such as these. 21 U.S.C. § 848(q)(10)(A). It is respectfully submitted that both counsel should be compensated at the hourly rate of $163. Both counsel have extensive capital case experience.

4.      Mr. Brotherton graduated from the University of Missouri-Columbia, School of Law in 1991. Upon graduation, he began his career as an Assistant Public Defender, working in the Appellate/PCR Division of the Office of the Missouri State Public Defender

2

System. In 1998, the Missouri Bar Foundation honored Mr. Brotherton with its annual David J. Dixon Appellate Advocacy Award. He has frequently lectured on the topic of appellate advocacy. In 2000, Mr. Brotherton moved from the Appellate/PCR Division to the Capital Litigation Division. There, he served as lead counsel in four capital direct appeals (with three of those clients getting relief from their death sentences) and in one capital post-conviction appeal. In 2003, Mr. Brotherton left the Missouri State Public Defender System and opened his own small firm, focusing on appellate and post-conviction work. Since that time, he has been appointed on two other capital capital cases. Specifically, in December, 2004, this Court appointed Mr. Brotherton to represent Keith D. Nelson in *Nelson v. United States,* No. 04-8005, where Mr. Nelson is seeking relief from his death sentence. In December, 2005, the Eighth Circuit appointed Mr. Brotherton to represent Dustin L. Honken in *United States v. Honken,* No. 05-3871. Mr. Honken is appealing from multiple death verdicts imposed by the United States District Court for the Northern District of Iowa.

5. From November 1990 until November 1994, Ms. Norris was on active duty in the United States Army assigned to the United States Army Legal Services Agency, Defense Appellate Division, in Falls Church, Virginia. In that capacity, she represented more than 300 criminal defendants, primarily in violent felony cases, and a death-sentenced inmate on appeal. From November 1994 to April 1996, she was employed as the Senior Staff Attorney at the Center for Capital Litigation (formerly the South Carolina Death Penalty Resource Center (1988-1995) and the Post-Conviction Defender Organization of South Carolina (1995-96)). From April 1996 until April 2006, she served as the Acting Director and then

3

Director of the CCL, a private, non-profit corporation that provided legal services to indigent death-sentenced prisoners through both direct representation and consultation with other attorneys appointed to represent death row inmates. At the CCL, Ms. Norris directly represented approximately 25 death-sentenced inmates in state post-conviction and federal habeas proceedings. These cases included approximately seven to eight cases that proceeded completely through federal habeas proceedings in the United States District Court for the District of South Carolina and the United States Court of Appeals for the Fourth Circuit. The most recent federal habeas proceeding that was completed with Ms. Norris as lead counsel was *Humphries v. Ozmint*, 397 F.3d 206, 225 (4th Cir. 2005) (en banc). Ms. Norris was recently appointed as lead counsel in *Hill v. Polk*, 06-19, a North Carolina capital case that is currently pending in the Fourth Circuit.

6.     The experience of both counsel substantially exceed the minimum requirements of 21 U.S.C. § 848(q)(5). Both counsel have extensive appellate experience.

4

7.	Mr. Brotherton is in frequent contact with lawyers around the country who handle cases of this nature and notes that rate of $163 per hour is considered the appropriate rate for counsel handling cases of this nature. It is further the understanding of counsel that the rate of $163 per hour is the rate that has been set for all previous federal capital cases in the Western District of Missouri to date. In reality, the rate is far below what most attorneys charge in private practice for even routine criminal or civil cases, let alone a case where another human being's life is at stake.

8.	In light of the forgoing, counsel respectfully request that this Court establish an hourly rate of $163 per hour for both counsel.

9.	Counsel have both expended substantial time and energy on Movant's case (communicating with Movant, preparing pleading and discussing strategy) since the denial of his petition for writ of *certiorari* on October 16, 2006. Permitting them to submit their time for this period will prevent undue hardship.

10.	Counsel request further, pursuant to 18 U.S.C. § 3006A(1) that this Court permit interim billing and payment on a monthly basis. It is anticipated that this litigation will be protracted and will demand a lot of counsel's time. Both counsel are from small law firms, and it would work an unfair hardship on counsel to require counsel to wait until the conclusion of this matter to apply for payment. Interim billing also has the virtue of keeping the Court apprised of the costs in the case as they are incurred.

WHEREFORE, Petitioner's counsel request that this court set a rate of compensation for counsel at $163 per hour, that counsel be permitted to submit bills for time expended

5

since October 16, 2006, and that counsel be permitted to submit bills for interim payment

every 30 days, and further relief that the Court may deem just and proper.

Respectfully submitted,

Teresa L. Norris, Esq.
P.O. Box 11744
Columbia, SC 29211
(803) 765-1044 (Phone)
(803) 765-1143 (Fax)
teresa@blumelaw.com
Co-counsel to Movant

Gary E. Brotherton, Esq.
2101 Chapel Plaza Court, Suite 13
Columbia, Missouri 65203
(573) 875-1571 Phone
(573) 875-1572 Fax
GEBrotherton@LegalWritesLLC.com
Co-counsel to Movant

By:

GARY E. BROTHERTON
Co-counsel to Petitioner

Dated: Columbia, MO
       December 18, 2006

## CERTIFICATE OF SERVICE

This will certify that, on today's date, this motion was served upon the United States by filing via CM/ECF.

/s/ Gary E. Brotherton
Gary E. Brotherton

Dated: Columbia, MO
       December 18, 2006