IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

WESLEY I. PURKEY, )
)
Movant, )
)
v. ) No. 06-8001-CV-W-FJG
)
UNITED STATES OF AMERICA, )
)
Respondent. )

**GOVERNMENT'S RESPONSE TO MOTION
FOR LEAVE TO CONDUCT DISCOVERY**

## A.    Introduction

Movant Wesley Purkey has filed a Motion for Leave to Conduct Discovery pursuant to

Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Purkey requests three items: 1) records, notes, 302s, including initial drafts of 302s, and other

documents possessed by the Federal Bureau of Investigation pertaining to the investigation and

prosecution of Purkey; 2) records, notes and other documents possessed by Assistant U.S.

Attorney (AUSA) Kurt Shernuk pertaining to the interrogation and prosecution of Purkey; and

3) documents, files, materials, and other information in the possession or control of the Bureau

of Prisons concerning Purkey and government witness Michael Speakman. Purkey has not

established good cause to justify his request for additional discovery and the United States

respectfully requests the Court to deny Purkey's motion.

## B.    Legal Authority

Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District

Courts states as follows:

> A party may invoke the processes of discovery available under the Federal Rules of Criminal Procedure or elsewhere in the usages and principles of laws if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

Here, Purkey has not shown "good cause" to adequately support his request of this Court to enter an Order granting discovery. Indeed, Purkey has made no showing whatsoever that he should be entitled to obtain the additional requested discovery. A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 117 S.Ct. 1793, 1796-97 (1997). In *Harris v. Nelson*, 394 U.S. 286, 295 (1969), the Supreme Court concluded that the "broad discovery provisions" of the Federal Rules of Civil Procedure did not apply in habeas proceedings.

Purkey cites *Bracy v. Gramley*, *supra*, in support of his claim that he should be entitled to additional discovery. However, in *Bracy*, the defendant was able to demonstrate the existence of "good cause." William Bracy was convicted of capital murder and sentenced to death in a trial before Cook County Circuit Judge Thomas J. Maloney in 1981. Judge Maloney accepted bribes from criminal defendants in his court, and in return for their bribes, he arranged for the defendants to be acquitted or convicted of lower-grade offenses. *United States v. Maloney*, 71 F.3d 645 (7th Cir. 1995), *cert. denied*, 519 U.S. 927 (1996).

Judge Maloney took bribes in murder cases he tried shortly before Bracy's case and shortly after, in each case skewing his rulings in order to ensure the acquittal (or the conviction on reduced charges) of the two murder defendants. *Id*. Bracy did not bribe Judge Maloney. *Id*. In his habeas petition, Bracy alleged that Judge Maloney had ruled against him on several discretionary matters in order to: 1) to "compensate" for his pro-defendant rulings in cases that had been fixed; and 2) to encourage criminal defendants to bribe him in fear of what would

2

happen to them if they did not. *Bracy*, 81 F.3d at 684. Bracy requested discovery under habeas Rule 6(a) "so that [he] can try to find out whether there was actual bias by Judge Maloney at their trial." *Id*. at 690. Bracy sought access to documents revealing the disposition of cases before Judge Maloney, depositions of persons who could describe the judge's behavior in the cases where he did not receive bribes, and for evidence from the federal prosecution of Judge Maloney that would indicate Judge Maloney's behavior in non-bribe cases.

The Supreme Court agreed with Bracy and ruled that he should be able to conduct additional discovery. The court determined that Bracy had demonstrated "good cause" for additional discovery on his due process claim of actual judicial bias in Bracy's case.

## C.     Analysis of Purkey's Argument

Purkey has not met his burden under *Bracy* and Rule 6. First, he has not made specific allegations as to why he needs the documents. Second, he has not adequately demonstrated why the requested information is essential to the factual development of his claims. Third, virtually all of the information requested by Purkey has previously been provided or made available to Purkey's trial counsel. The United States should not be required to distribute the discovery a second time. Fourth, the documents being sought relate to Purkey's confession and to cooperating government witness Michael Speakman. Substantial litigation has already occurred at both the district and appellate court levels regarding the circumstances surrounding Purkey's confession and witness Speakman. These issues have been fully litigated and the government has prevailed on every occasion. Finally, the documents sought from the Bureau of Prisons are not documents which the United States Attorney's Office has the authority to produce. Purkey should make his discovery request from the Bureau of Prisons directly with Bureau officials.

### 1. Federal Bureau of Investigation Files

Purkey has requested the Court to order the government to produce any and all records, notes, 302s, including initial drafts of 302s, and other documents possessed by the Federal Bureau of Investigation pertaining to the investigation and prosecution of Purkey. Purkey claims that he has information that the government engaged in misconduct in numerous ways in this case, including, but not limited to, promising Purkey leniency in exchange for making a statement admitting to the murder of Ms. Long, while denying the existence of such promise to the defense and to the jury.

Counsel for the United States has previously provided copies of all the discovery in this case to trial counsel. In addition, the handwritten notes of the agents' interviews with Purkey were previously produced to trial counsel.[1] The United States should not have to reproduce what has already been produced. There has not been the required showing of the necessity of producing, even if they still exist, any other notes or initial drafts of 302s by any other agent who may have worked on the Purkey investigation. Purkey makes the bold claim that the "government engaged in misconduct in many ways," but offers no specific allegations to support the claim. All of the 302 Reports of Interviews produced by the FBI during this investigation and prosecution were previously provided to trial counsel.

Purkey is again seeking to re-litigate the legality of his confession. The admissibility of the confession was vigorously litigated at the district court level and on appeal. The United States prevailed before the Eighth Circuit on this issue. In addition, counsel for the United

---

[1] Counsel for the United States and Supervisory Legal Assistant Denise Cheatham have checked the discovery file in this matter and have confirmed copies of the agent's notes relating to the interrogation of Purkey were provided to trial counsel.

States has already provided a copy of each and every piece of paper in the possession of the government associated with Purkey's confession. There is nothing more to produce. There is a thorough discussion of the legality of Purkey's confession in *United States v. Purkey*, 428 F.3d 738, 746-48 (8th Cir. 2005). In addition, the United States Supreme Court denied certiorari on Purkey's claims. *See Purkey v. United States*, 127 S.Ct. 433 (2006).

2.       **Access to AUSA Kurt Shernuk's File**

Purkey next requests the Court to order the government to produce any and all records, notes and other documents possessed by AUSA Kurt Shernuk from the District of Kansas pertaining to the interrogation and prosecution of Purkey. While not conceding that Purkey is entitled to any additional discovery, counsel for the United States has inquired of AUSA Shernuk and his supervisor, Marietta Parker, First Assistant U.S. Attorney (FAUSA), as to whether there are any records, notes or other documents in the possession of AUSA Shernuk or in the files of the United States Attorney in the District of Kansas. AUSA Shernuk has confirmed that there are no records in existence. AUSA Shernuk has checked the computer database of the files of the District of Kansas and has confirmed there is no record involving Purkey in that district because they never opened a file. In addition, AUSA Shernuk confirmed he has no notes or records of his conversation with the agents.

**3.** **Access to Bureau of Prisons Files and Records Concerning Wesley Purkey and Michael Speakman**

Purkey next requests that the Court order the Bureau of Prisons to release to his current counsel all documents and materials in its possession and/or control concerning Purkey and Michael Speakman, who testified against Purkey at trial.

Purkey offers no explanation as to why he needs these records. Clearly, Purkey is engaged in a fishing expedition for records to which he is not entitled. The United States previously provided Purkey's trial counsel with witness statements and records pertaining to Speakman's criminal background. Likewise, this issue was fully litigated on appeal to the Eighth Circuit. *See United States v. Purkey, supra* at 753-54. As the Eighth Circuit noted:

> Mr. Purkey has failed to demonstrate a violation of the Confrontation Clause. To do so, he must show that a reasonable jury might have received a different impression of the witness's credibility had Mr. Purkey's counsel been permitted to pursue his proposed line of cross-examination. *See Van Arsdall*, 475 U.S. at 680, 106 S.Ct. 1431; *United States v. Drapeau*, 414 F.3d 869, 875-76 (8th Cir. 2005). Here, Mr. Purkey's counsel conclusively demonstrated by other means that Mr. Speakman was driven to testify by a desire for leniency. Mr. Speakman's testimony established that the government had filed a motion under Federal Rule of Criminal Procedure 35, requesting a reduction of Mr. Speakman's sentence. Mr. Purkey's counsel asked Mr. Speakman, "Basically what you're trying to do is do your best to get a reduction to your sentence?" Mr. Speakman replied, "I'd be lying if I said I was sitting here being a good citizen." Mr. Purkey's counsel then asked, "Your sole point in being here is to reduce the sentence that you received?" Mr. Speakman replied, "Yes, ma'am." We have difficulty imagining how further testimony could have shown more definitively that a desire for leniency played a significant part in Mr. Speakman's willingness to testify. Consequently, the district court did not abuse its discretion in limiting cross-examination that would have further established that point.

Purkey's current request for any and all documents relating to Purkey and Speakman in the possession of the Bureau of Prisons is clearly a fishing expedition. Anything Speakman may have done while in custody of the Bureau of Prisons since the trial of this matter would not be relevant to the issue of whether trial counsel was constitutionally effective in his representation

of Purkey prior to and during the trial.  Purkey's request for records pertaining to himself raise suspicion as to the true reason for the request.  Consequently, Purkey's request for records from the Bureau of Prisons should be denied.

## CONCLUSION

Purkey has clearly not met his burden of showing good cause for the production of the requested documents.  The United States respectfully requests the Court should utilize its discretion and deny Purkey's request for additional discovery.

Respectfully submitted,

John F. Wood
United States Attorney

By      */s/ Matt J. Whitworth*

Matt J. Whitworth #33322
First Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Fifth Floor
Kansas City, Missouri  64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on August 9, 2007, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Matt J. Whitworth*
Matt J. Whitworth
First Assistant United States Attorney