WESLEY IRA PURKEY, )
)
Movant, )
)
v. ) No. 06-8001-CV-W-FJG
)
UNITED STATES OF AMERICA, )
)
Respondent. )

## REPLY SUGGESTIONS IN SUPPORT OF MOVANT'S
## MOTION FOR LEAVE TO CONDUCT DISCOVERY

Wesley I. Purkey, by undersigned counsel, pursuant to the Fourth, Fifth, Sixth,

Eighth and Fourteenth Amendments to the United States Constitution, and pursuant to

Rule 6 of the Rules Governing §2255Proceedings, filed his initial Motion for Leave to

Conduct Discovery and Supporting Memorandum. That request for leave to conduct

discovery, which included requests for the production of records, documents, and

evidence, is necessary for the investigation and presentation of the constitutional claims

to be raised in Mr. Purkey's 28 U.S.C. §2255 motion. Further discovery requests will

likely be forthcoming once the Court has ruled upon this initial discovery request and

Mr. Purkey has had a reasonable opportunity to conduct whatever discovery, if any,

this Court determines is appropriate.

The Court may grant § 2255 movants such as Mr. Purkey leave to conduct discovery when "good cause" for doing so is shown. Under guiding principles set out by the United States Supreme Court, "good cause" for discovery in *habeas corpus* proceedings is established "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997).

If the petitioner has properly alleged the claim and asked for probative evidence, he has shown "good cause" for discovery, and the court has a duty to permit it. What is unnecessary is extended speculation on the nature of the petitioner's claim, or on the possibility that the evidence the petitioner seeks may not prove his theory, or may prove the opposite of his theory. In this respect, the scope of discovery under Habeas Rule 6 is similar to the scope of discovery in conventional civil actions. A plaintiff who makes specific allegations which, if proven, would entitle him to legal relief is entitled, *without more*, to access to the fact-development procedures necessary to flesh out his claims without undue interference. *Cf., e.g., Neitzke v. Williams*, 490 U.S. 319 (1989) ("What [Fed.R.Civ.P.] 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations").

In short, a petitioner who has (1) made specific allegations warranting relief, (2) shown why the requested information is essential to the adequate factual development

of his claims, and (3) demonstrated that the requested information is likely in the hands of the party or agency from whom discovery is sought and cannot be obtained through other means, has established "good cause" under *Bracy* and Rule 6. *See, e.g., Willis v. Newsome*, 771 F.2d 1445 (11th Cir. 1985)(in federal *habeas corpus* actions, where specific allegations before the court show reasons to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry); *Willis v. Zant*, 720 F.2d 1212 (11th Cir. 1983) (petitioner's claim that young adults were under-represented in the jury pool remanded to the district court for an evidentiary hearing, and, if necessary, discovery); *Horton v. Zant*, 687 F. Supp. 594 (M.D. GA.1988) (discovery ordered "to permit petitioner's counsel to ascertain the facts" to support his *Swain v. Alabama* claim); *see also Murphy v. Johnson*, 205 F.3d 809, 813-814 (5th Cir. 2000) ("where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he [is] entitled to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry"); *East v. Scott*, 55 F.3d 996 (5th Cir. 1995) (although a "district court generally has discretion to grant or deny discovery requests under Rule 6, a court's blanket denial of discovery is an abuse of discretion if discovery is indispensable to a fair, rounded, development of

3

the material facts").

In a § 2255 case, like any civil action, discovery necessarily precedes resolution of claims on summary judgment. To be entitled to discovery, Mr. Purkey need not conclusively establish his entitlement to relief on the merits of his claims. *Payne v. Bell*, 89 F.Supp.2d 967, 971 (W.D. Tenn. 2000)(good cause to grant discovery is not as high as the standard for granting relief or even as that for granting an evidentiary hearing).

*"Specific Allegations Warranting Relief"*

The Government insists that Mr. Purkey is not entitled to discovery because "he has not made specific allegations as to why he needs the documents." (Opposition at 3). It is impossible, however, at this pre-application stage to list every allegation that might be brought after a complete investigation. As noted in his initial motion for discovery, Mr. Purkey will be claiming, at a minimum, the following:

(1)    the Government engaged in misconduct in numerous ways in this case – e.g., promising Mr. Purkey leniency in exchange for his making a detailed statement admitting to the murder of Ms. Long, while denying the existence of such promise to the court and to the jury; and withholding certain discovery that would have shown the existence of this promised leniency.

(2)    trial counsel were ineffective in relying on general discovery requests to

4

ferret out the promises made and leniency offered and in failing to secure discovery to prove the promise of leniency; and in failing to object when the Government denied the existence of these promises of leniency to the court and to the jury.

The need for discovery at the pre-application stage is analogous to the need for investigative and expert services during the pre-application stage. Both are necessary for a full and fair opportunity to ferret out all possible claims for post-conviction relief. In *McFarland v. Scott,* 512 U.S. 849, 854 (1994), the United States Supreme Court acknowledged that capital defendants must have a variety of expert and investigative services upon a showing of necessity: The Court emphasized that "[t]he services of investigators and other experts may be critical in the pre-application phase of a habeas corpus proceeding, when possible claims and their factual bases are researched and identified." *Id. See also Ake v. Oklahoma,* 470 U.S. 68, 77 (1985) (citations omitted) ("fundamental fairness entitles indigent defendants to an *adequate opportunity to present their claims fairly within the adversary system*") (emphasis added). For the same reasons, discovery should be had at the pre-application stage without requiring a comprehensive listing of all possible post-conviction claims.

*"Adequate Factual Development"*

Mr. Purkey requests the process of this Court to order the production of the following evidence and information in support of his 28 U.S.C. § 2255 claims:

5

**A. Federal Bureau of Investigation Files**

Mr. Purkey moves this Court to order the Government to produce any and all records, notes, 302s, including initial drafts of 302s, and other documents authored, possessed or controlled by the Federal Bureau of Investigation ("FBI") pertaining to the investigation and prosecution of Mr. Purkey. Specifically, Mr. Purkey seeks disclosure of the rough notes, draft 302s and completed 302s produced after the November 2, 2001 interview of Speakman by Tarpley and Brunell; the rough notes, draft 302s and completed 302s produced after the April 1, 2002 interview of Speakman by Tarpley and Gentry; and any other rough notes and 302s (draft or otherwise) in the possession of the FBI, Tarpley and/or Howard.

**B.     Access to US Attorney Kurt Shernuk's notes and records**

Mr. Purkey moves this Court to order the Government to produce any and all records, notes and other documents authored by U.S. Attorney Kurt Shernuck pertaining to conversations he had with Tarpley and Howard concerning the investigation and interrogation of Mr. Purkey between December 16, 2001 and December 22, 2001.

*"Likely in the hands of" the Government*

**A. Federal Bureau of Investigation Files**

Here, the Government insists that "[t]here is nothing more to produce."

(Opposition at 5). The Government, however, has never produced the rough notes, and there are no other hands in which these items could reasonably be found. The draft and completed 302s produced after the November 2, 2001 and April 1, 2002 interviews of Speakman, if not in the actual possession of the Government, have to be in the possession of Tarpley, Brunell, and Gentry and thus under the Government's control. Likewise, the rough notes and 302s authored by Tarpley and/or Howard during and after their interrogation of Mr. Purkey must be in the Government's possession or control. Finally, any other rough notes and draft 302's relating to witness interviews will be in the government's possession.

**B.      Access to US Attorney Kurt Shernuk's notes and records**

The Government asserts that it has "confirmed" with AUSA Shernuk that "he has no notes or records of his conversation with the agents." (Opposition at 5). This does not answer the question; it begs it. It is quite obvious from the Government's response that AUSA Shernuk had a "conversation with the agents." It defies logic that no notes or records exist; indeed, the Government does not deny the existence of such notes or records – just that AUSA Shernuk does not have any. The Government is obliged to release all such information in *its* file, as well.

**CONCLUSION**

Given the gravity of this capital case, Wesley I. Purkey requests leave to conduct

7

the requested discovery, including production of records and evidence, which will enable him to fully investigate, develop, and present any and all relevant constitutional claims including, but not limited to, prosecutorial misconduct and ineffective assistance of counsel. There is "good cause" for this discovery. By making this request at this time, Mr. Purkey does not waive his right to seek additional discovery in the future, in the form of further requests for access to relevant documents and records, as well as depositions of relevant witnesses that come to light through the disclosure of such relevant documents and records.

This Court should also allow Mr. Purkey to issue subpoenas to the relevant authorities for the production of the requested evidence. If the Government alleges that any of the information Mr. Purkey seeks *via* discovery is privileged and/or constitutes attorney work product, he requests the Court to require the Government to produce such information for *in camera* inspection and review by the Court. If the Government submits any such material, and the Court nevertheless refuses to allow Mr. Purkey and/or his counsel access to such material, Mr. Purkey then further requests the Court to copy the undisclosed material and maintain it in the record under seal for purposes of any potential subsequent appeal in this proceeding.

For all the reasons set forth above, Mr. Purkey respectfully requests that this Court grant him the requested discovery and other relief set forth in this motion.

Respectfully submitted,

Teresa L. Norris, Esq.
P.O. Box 11744
Columbia, SC 29211
(803) 765-1044 (Phone)
(803) 765-1143 (Fax)
teresa@blumelaw.com
Co-counsel to Movant

Gary E. Brotherton, Esq.
2101 Chapel Plaza Court, Suite 13
Columbia, Missouri 65203
(573) 875-1571 (Phone)
(573) 875-1572 (Fax)
GEBrotherton@LegalWritesLLC.com
Co-counsel to Movant

By:   /s/ Gary E. Brotherton
      GARY E. BROTHERTON
      Co-counsel to Movant

Dated:   Columbia, SC
         Columbia, MO
         August 22, 2007

## CERTIFICATE OF SERVICE

This will certify that, on today's date, this motion was served upon the United States by filing via CM/ECF.

                              /s/ Gary E. Brotherton
                              Gary E. Brotherton

Dated:   Columbia, SC
         Columbia, MO
         August 22, 2007