# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

WESLEY IRA PURKEY, )
)
Movant, )
)
v. ) No. 06-8001-CV-W-FJG
)
UNITED STATES OF AMERICA, )
)
Respondent. )

## ORDER

Currently pending before the Court is movant's Motion for Leave to Conduct

Discovery (Doc. # 22).

Purkey requests leave to conduct discovery which he states will be necessary for

the investigation and presentation of the constitutional claims to be raised in his § 2255

motion.

Rule 6 of the Rules Governing § 2255 Proceedings states:

(a) A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

(b) A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

In his motion, Purkey seeks three categories of discovery: 1) any and all records,

notes, 302s, or draft 302s or other documents possessed by the Federal Bureau of

Investigation pertaining to the FBI's investigation of him; 2) access to United States

Attorney Kurt Shernuk's file and 3) access to all Bureau of Prison files and records

concerning Wesley Purkey and Michael Speakman.

The Government states in opposition that Purkey has not met his burden under Rule 6. The Government argues that Purkey has not made specific allegations as to why he needs the requested documents. Additionally, Purkey has not adequately demonstrated why the information is essential to the factual development of his claim and finally, all of the information requested has previously been produced or made available to Purkey's trial counsel. With regard to the Bureau of Prison records, the Government states that it previously provided Purkey's trial counsel with witness statements and records pertaining to Speakman's criminal background. A request for anything Speakman many have done while in custody since the trial of this matter would not be relevant.

In response, Purkey states that the Government has never produced the rough notes of the FBI agents completed after the November 2, 2001 and April 1, 2002 interviews with Michael Speakman. With regard to U.S. Attorney Shernuk's notes and records, Purkey states that "It defies logic that no notes or records exist; indeed, the Government does not deny the existence of such notes or records- just that AUSA Shernuk does not have any. The Government is obliged to release all such information in *its* file, as well." (Purkey's Reply Suggestions, p. 7). Purkey did not respond to the Government's arguments regarding the Bureau of Prison records and files.

A careful reading of the Government's Suggestions in Opposition indicates that U.S. Attorney Shernuk has no notes or records regarding Purkey. The Government stated in its Suggestions, "counsel for the United States has inquired of AUSA Shernuk and his supervisor Marietta Parker, First Assistant U.S. Attorney (FAUSA), as to

2

whether there are any records, notes or other documents in the possession of AUSA or in the files of the United States Attorney in the District of Kansas. AUSA Shernuk has confirmed that there are no records in existence. AUSA Shernuk has checked the computer database of the files of the District of Kansas and has confirmed there is no record involving Purkey in that district because they never opened a file." (Government's Suggestions in Opposition, p. 5).

The Court finds that although Purkey has adequately stated the reasons why he needs the documents, it appears that most of the documents he requests have already been produced or do not exist. The only exception appears to be the rough drafts of reports or rough notes made by FBI agents pertaining to the investigation and prosecution of Purkey. To the extent that the Government has possession of such rough drafts of notes or reports, they are hereby **ORDERED** to produce them. However, Purkey's other documents requests are hereby **DENIED** as the information has already been produced or is not in existence.

Accordingly, Purkey's Motion for Leave to Conduct Discovery is hereby **GRANTED IN PART** and **DENIED IN PART** (Doc. # 22).


Date:   9/6/07           **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri         Fernando J. Gaitan, Jr.
                                      Chief United States District Judge