IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

WESLEY I. PURKEY,

                Petitioner/PRO SE,

vs.                            Case No. #06-8001-CVW-FJG

UNITED STATES OF AMERICA,

                Respondent.

---

## SECOND MOTION TO WITHDRAW HABEAS COUNSEL(S)
## AND
## FOR LEAVE TO PROCEED PRO SE IN THESE § 2255 PROCEEDINGS

Petitioner Wesley I. Purkey, hereafter either "Purkey or Petitioner" does make his second request for the Court to withdraw presently appointed habeas counsel(s), Mr. Gary E. Brotherton and Ms. Teresa Norris due to irrevocable difference rising to the level of an 'absolute break down in communication'. Further' Purkey seeks not only an order of the court granting him leave to file and proceed pro se in these habeas proceedings, but as well for an order compelling applicable appointed counsel to provide him with all of these records and files germane to this case, including those materials and documents prepared and reviewed by Ms. Jennifer A. Merrigan a mitigation specialist recently retained through this court's allotment of funding. Further' Petitioner does request that the court strongly consider appointment of different counsel to aid Purkey in preparation of his § 2255 petition, but as well to represent

1.

in throughout the same.  In support of these request Purkey does offer the following:

<u>IN PETITIONER'S INITIAL PRO SE MOTION TO WITHDRAW HABEAS</u>

<u>COUNSEL FILED INTO THE COURT THE 18TH DAY OF AUGUST 2007 HE SET</u>

<u>FORTH FACTS AND REASONS IN SUPPORT FOR HIS REQUEST WHEREAS NOW</u>

<u>HE REITERATES THOSE FACTS AND REASONS WITH OTHERS THAT HAVE COME</u>

<u>TO BEAR SINCE FILING THAT INITIAL MOTION</u>

1.     Stated previously in Purkey's Motion to have present Habeas Counsel(s) withdrawn from his § 2275 proceedings tht since Mr. Brotherton and Ms. Norris has been appointed neither attorney has so much as provided Purkey with so much as a cursory response to any of the numerous correspondence he has sent them anent tenative and viable habeas claims.  This date, September 4th, 2007 during a conference call with habeas counsel(s) Ms. Norris, self proclaimed lead counsel informed Purkey that he was a liar and that she, nor Mr. Brotherton were going to waste time responding to his correspondence.  In fact she clarified that none of the issues that he has provided through either correspondence or through conversations had so much as token merit she held, inter alia.  Of course both counsels have taken a complete one-eighty since  being appointed, whereas initially both counsels' assured Purkey that they would fully respond to his corres- pondence and allow him to assit in preparation of his habeas petition. In example of Ms. Norris's total recalcitrant refractory attitude in allowing  Purkey to assist in preparation of his § 2255 petition and to provide intelligent response to his correspondence delineating and enunicating potential habeas claims petitioner offers the following:

a)    that inter alia, Ms. Norris who Mr. Brotherton completely

2.

and unequivocally totally accedes to on all issues and decisions has disingenuously told Purkey that his claims that he had rights during trial to:

1.    evidence and/or testimony that would bolster his credibility are not supported in law even though it is undisputable that his credibility was central to his defense, particularly the recanting of the kidnapping;

2.    that discovery of missing 302(s) and gaining access to rough notes taken by the FBI of government witnesses, specifically Micheal Speakman are not germane to these habeas filings but of course the Eight Circuit has held differently in United States v. Mechania, 454 F.2d 849, 857 (8th Cir. 1971) which still remains good law today;

3.    that Purkey was not entitled to rebuttal witnesses anent Micheal Speakman and that trial counsel's failure to so much *As toKen* investigate potential rebuttal witnesses would not hint at a ineffective assistance of counsel under the Strickland Standards, but see; Lindh v. Murphy, ___U.S. ___, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); Bean v. Calderon, 163 F.3d 1073 (9th Cir. 1998); Nealy v. Cabane, 764 F.2d 1173 (5th Cir.)

4.    that counsel did not have a duty to correct misleading and/or perjuried testimony given by government witnesses anent their claims of only hearing of Purkey's recanting the kidnapping just prior to court; Contrary to this egregious claim by appointed habeas counsel, trial counsel had a duty to to correct this misleading and suborn testimony; see Mills v. Scully, 653 F.Supp. 885 (S.D.N.Y. 1987); U.S. v. Agus, 427 U.S. 97, 103 (1976).

3.

5. that trial counsel did not have a duty to object to misleding and blatantly fabricated prosecution arguments before the jury in summation, i.e. counsel's failure to object to improper closing arguments;

6. that counsel did not have a duty to prepare witnesses for testifying;

7. that trial counsel did not have a duty to impeach witnesses with prior inconsistent statements;

8. that the jury was not required to vote on obvious mitigating evidence;

9. that counsel was not ineffective for telling Purkey that he could not testify to recanting kidnapping to either counsel and/or Dr. Peterson, Dr. Peterson because the court had granted the government's Motion of In Limine prohibiting such hearsay testimony on Dr. Peterson's testimony;

10. that trial counsel did not have a duty to call exculpatory witnesses; and

11. that Dr. Peterson still would not of been allowed to testify to Purkey recanting the kidnapping to him even after Purkey had testified, because supposed as Ms. Norris ossifily claims that he could only testify to 'mental health issues';

b) Further as delineated in Petitioner's initial Motion for Habeas Counsel to be Withdrawn Mr. Brotherton readily admitted not being familarized with the case file and other relevant documents as later as the middle of August/2007 after ten months of being appointed. Without a doubt this is the impetus why all motions to hire a mitigating specialist, discovery and others such as a concise listing

4.

for funds needed in proceedings with habeas preparation are being drafted and filed almost forty days before the actually petition is mandated for filing. Both counsel are vividly aware that no such critter exist as 'Ineffective Assistance of Counsel' in habeas proceedings and thereby their pro forma representation to date will never be brought to bear in any court.

c) Prior to appointment of habeas counsel both counsels assured Purkey that a 'Polygraph Expert' would be sought regarding his recanting of the kidnapping, whereas he had diligently tried to have trial counsel retain the same for use during the penalty phase of the trial. The polygraph expert would not only be used anent exculpatory evidence, but as well concerning credibility in regard with the confession and the deal made in exchange for such by the FBI. Now ~~never~~ counsel will not so much as discuss this issue of hiring a polygraph expert for *habeas proceedings,* ~~these reasons,~~ and in fact are so obstinate to such that they both now claim that Purkey's assessment of this issue is a 'lie';

d) On August 31st., 2007 Mr. Brotherton asdvised Purkey that he and Ms. Norris have decided not to file any pleading to compel USP Terre Haute to review and consider Dr. Peterson's 'Report and Recommendation' that this court granted funding of $3,000 to rendered, until applicable USP Terre Haute medical personnel provide to them in writing that they adamantly are refusing to either consider or comply with the same. This placid position taken by habeas counsels' concerning their decision of inaction at Purkey's expense is totally tenuous in view of the assiduous and painsaking measures Purkey has taken to gain applicable Terre Haute medical personnel consideration

5.

Case 4:06-cv-08001-FJG    Document 32    Filed 09/11/07    Page 5 of 8

and meaningful compliance with Dr. Peterson's report and recommendations. That since Dr. Peterson sent applicable Terre Haute medical personnel a copy of his report and recommendation, July 5th, 2007 those same medical personnel have turned a well entrenched deaf ear to the same. Habeas counsel, Mr. Brotherton and Ms. Norris are in total acquiesce to such ostracism through their unfettered tolerance to the same. If fact Mr. Brotherton perspiciously told Purkey on August 31st that they are not going to take any steps what-so-ever to compel applicable medical personnel's consideration or compliance until they have something in documentary form clarifying that such medication as recommended by Dr. Peterson will not be provided. In fact Mr. Brotherton basically acceded to such medical personnels' denial through ostracism claiming that, they do not have to provide you with the recommended medication. This conclusion by Mr. Brotherton was not one based on why the receommended medication by Dr. Peterson is not appropriate, but in stead to take the road of least resistance acceding to the continuing ostracism being showed these recommendations by Terre Haute. This attitude shown by Mr. Brotherton and Ms. Norris regarding this issue pretty much sums up their competency in handling of Purkey's habeas preparation to date.

<u>REQUEST WITHDRAW OF PRESENT HABEAS COUNSEL AND FOR LEAVE
TO PROCEED PRO SE - FOR APPOINTMENT FOR OTHER HABEAS COUNSEL
TO AID PURKEY IN PREPARATION OF HIS §2225 PETITION AND</u>

<u>THROUGH THESE 2255 PROCEEDINGS</u>

2. Because of the irrevocable difference and created conflict of interest between both habeas counsel and Purkey as demonstrated in the above and foregoing statements he is requesting that the

6.

Court withdraw present counsel, Mr. Brotherton and Ms. Norris, granting Purkey leave to prepare and file his § 2255 Petition Pro Se, but he as well request that the court allow him appointment of other counsel to aid him in preparation of that petition, as well as to represent him through the remaining habeas proceedings. Because of the enunicated irrevocable conflicts of interest demonstrated herein and the truly brief period Purkey has to prepare, draft and file his habeas petition by October 16th, 2007 he is requesting that the court act expeditious in this matter.

CONCLUSION

WHEREFORE' petitionᵤreguest that the Court grant him the relief request herein based on the reasons and facts set forth through the same.

Dated: September 6th, 2007

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 12015
Terre Haute, IN 47801
Petitioner Pro Se

CERTIFICATE OF SERVICE

The undersigned Wesley I. Purkey does certify that he mailed a true and correct copy fo the foregoing motion via the U.S. Mail, First Class Postage Prepaid on this 6th day of September, 2007 to:

7.

Case 4:06-cv-08001-FJG    Document 32    Filed 09/11/07    Page 7 of 8

Mr. Matt J. Whitworth
Asst. United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, 5th Floor

&

Teresa Norris
Attorney At Law
1247 Sumter Street, Second Floor
Columbia, South Carolina 29201

Wesley I. Purkey
Declarant

8.

Case 4:06-cv-08001-FJG    Document 32    Filed 09/11/07    Page 8 of 8