# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

WESLEY IRA PURKEY,　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　　　Movant,　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　v.　　　　　　　　　　　　）　　　　No. 06-8001-CV-W-FJG
　　　　　　　　　　　　　　　　　）
UNITED STATES OF AMERICA,　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　　　Respondent.　　　）

### Court-Appointed Counsels' Response to *Pro Se* Motions
### to Relieve Counsel and to Allow Movant to Proceed *Pro Se*

Court-appointed counsel for Movant, Wesley Ira Purkey, respectfully submit this response

to the *pro se* motions filed on August 24, 2007, and September 11, 2007.  In doing so, counsel

acknowledge that there have been difficulties in the attorney-client relations with Purkey but will

not respond to the specific allegations set forth in the motions due to attorney-client privileges.

Counsel submit the following, however, in encouraging this Court not to relieve counsel and allow

Purkey to proceed *pro se* at least until this Court has obtained a court-ordered competence

evaluation and held an in-court hearing to determine competence and that Purkey adequately

understands all of the dangers and pitfalls of proceeding *pro se*.

I.　　　**There is No Right to *Pro Se* Representation in Habeas Proceedings Once a Death-Sentenced Inmate Has Sought and Obtained Court-Appointed Counsel**.

The Sixth Amendment provides a criminal defendant with the right to counsel at trial or "a

constitutional right to proceed [to trial] *without* counsel when he voluntarily and intelligently elects

to do so."  *Faretta v. California*, 422 U.S. 806, 807 (1975).  Likewise, the Fourteenth Amendment

rights to due process and equal protection require that counsel be provided in the first appeal as of

right to represent indigent defendants. *Coleman v. Thompson,* 501 U.S. 722, 756 (1991) (quoting

*Douglas v. California*, 372 U.S. 353, 357 (1963)); *Evitts v. Lucey*, 469 U.S. 387, 394 (1985).

Nonetheless, no portion of the United States Constitution affords a "right" for an appellant from a

criminal conviction to represent himself on direct appeal. *Martinez v. Court of Appeal of California,*

*Fourth Appellate District*, 528 U.S. 152, 163 (2000).

As the Court recognized in *Martinez*:

The Sixth Amendment identifies the basic rights that the accused shall enjoy in "all criminal prosecutions." They are presented strictly as rights that are available in preparation for trial and at the trial itself. The Sixth Amendment does not include any right to appeal.

*Id.* at 159-60. The Court found that the right to due process under the Fourteenth Amendment also

does not include a right to self-representation, in part, because the balance between the competing

interests of the state and the defendant are different on appeal.

At trial, the criminal defendant "retains a presumption of innocence," while on appeal the

person has been found guilty. *Id.* at 162. At trial, the criminal defendant has no choice whether to

engage in the proceedings at all, while on appeal "it is ordinarily the defendant, rather than the State,

who initiates the appellate process." *Id.* (quoting *Ross v. Moffitt*, 417 U.S. 600, 610 (1974)). Thus,

the right afforded the defendant, by statute, is the right to appeal or not. Once the defendant chooses

to appeal, the defendant has no corollary right to self-representation. *Id.* at 163. Moreover, the

defendant has no "right" to participate in oral argument or even to be present for oral argument. *Id.*

at 163-64 (citing *Price v. Johnson*, 334 U.S. 266, 284 (1948) (no right to present oral argument) and

*Schwab v. Berggren*, 143 U.S. 442 (1892) (no right to be present during appellate proceedings)).

The Court in *Martinez* observed, however, that the courts "may still exercise their discretion

to allow a lay person to proceed *pro se*" or to allow a person to attend or present oral argument. *Id.*

at 163. Likewise, the Court observed that, while there is no right to self-representation, most courts "protect the ability of indigent litigants to make pro se filings." *Id.* at 164. This is sufficient to allow the criminal defendant to be heard on appeal if he or she is dissatisfied with appointed counsel's representation.

With respect to collateral attacks challenging convictions and sentences beyond the direct appeal there is no constitutional right to counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987) (the Court has "never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions"). *See also Coleman*, 501 U.S. at 752; *Murray v. Giarratano,* 492 U.S. 1, 7 (1989). Thus, any right to counsel must be provided by statute.

Here, Congress has provided Purkey with the right to collaterally challenge his convictions and death sentence, 28 U.S.C. § 2255, and the right to appointed counsel in these proceedings, 18 U.S.C. § 3599(a)(2). In *McFarland v. Scott*, 512 U.S. 849, 855 (1994) (quoting 21 U.S.C. § 848(q)(7), which was repealed upon enactment of 18 U.S.C. § 3599), the United States Supreme Court addressed Congress' recognition of the need for qualified counsel due to "the seriousness of the penalty and . . . the unique and complex nature of the litigation."

> Congress' provision of a right to counsel under § 848 (q)(4)(B) reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of "the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." § 848(q)(7). An attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial because "the complexity of our jurisprudence in this area . . . makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law."

*McFarland*, 512 U.S. at 855-56 (quoting *Murray v. Giarratano*, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in the judgment)).

3

While Congress has provided Purkey with the right to challenge his convictions and sentence under 28 U.S.C. §2255, he has not yet filed his application. The applicable statute of limitations requires that his application must be filed by October 16, 2007 in order to be timely. In accord with the Congressional mandates, this Court–*at Purkey's request*–appointed the undersigned counsel to represent Purkey in this unique and complex litigation. Nine months later, with only weeks left until the required filing date, Purkey has requested this Court to allow *pro se* representation. Alternatively, Purkey initially requested that this Court order counsel "to merely assist him in preparation of his § 2255 under a advisorial [sic] capacity, and nothing more." 8/24/07 Motion at 7. He then changed his request to allow *pro se* representation and "that the court allow him appointment of other counsel to aid him in preparation of the petition, as well as to represent him through the remaining habeas proceedings." 9/11/07 Motion at 7.

With respect to Purkey's request to relieve counsel or to order the undersigned counsel to essentially serve as standby counsel in an advisory capacity only, counsel submit that, similar to a direct appeal, it is within this Court's "discretion" to allow Purkey to proceed *pro se* and to relieve counsel. *Martinez*, 528 U.S. at 163. Likewise, it is within this Court's discretion to deny the motion to relieve court-appointed counsel but to protect Purkey's "ability . . . to make pro se filings." *Id.* at 164.

**II.** **This Court Should Allow Purkey to Proceed *Pro Se* Only if The Court is Satisfied that he is Competent and is Making a Knowing, Intelligent, and Voluntary Waiver of the Right to Counsel.**

The undersigned counsel take no position on whether Purkey should be permitted to proceed *pro se*, but submit that *if* Purkey is to be allowed to proceed *pro se*, this Court must ensure that he is competent and is making a knowing, intelligent, and voluntary waiver of his right to counsel.[1]

First, counsel submit that Purkey must be competent to proceed in these 2255 proceedings or else a stay will be warranted in any event after the filing of the application by counsel. For example, in *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003), the Ninth Circuit held that a petitioner is entitled to be competent in federal habeas proceedings brought under 28 U.S.C. § 2254. This right flows from the right to counsel.

---

[1]Counsel do, however, oppose Purkey's request to the extent it continues that he be allowed to proceed *pro se* **and** that the undersigned counsel be ordered "to merely assist him in preparation of his § 2255 under a advisorial [sic] capacity, and nothing more." Counsel are aware of no provision allowing for appointment of standby counsel in 2254 or 2255 proceedings. Moreover, as is clear from Purkey's *pro se* motions, the bulk of the difficulties in the current attorney-client relationship lies in the area of determining what issues should be raised in the 2255 application and how those issues should be raised. To the extent Purkey's request can be read as a request to order counsel to "assist him in preparation" of the issues he alone designates as appropriate for inclusion in the 2255 application, the undersigned counsel also oppose this request. As the United States Supreme Court has recognized:

> An attorney undoubtedly has a duty to consult with the client regarding "important decisions, including questions of overarching defense strategy." That obligation, however, does not require counsel to obtain the defendant's consent to "every tactical decision."

*Florida v. Nixon*, 543 U.S. 175, 187 (2004) (citations omitted). Likewise, it is clear, even on direct appeal when the right to effective assistance of counsel is constitutionally mandated, that the Court has never held "that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgement, decides not to present these points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

5

> In capital cases, prisoners challenging their convictions or sentences in federal court have a right to assistance of counsel. *See* 21 U.S.C. § 848(q)(4)(B). This prescription reflects Congress's belief that "federal habeas corpus has a particularly important role to play in promoting fundamental fairness in the imposition of the death penalty," *McFarland v. Scott*, 12 U.S. 849, 859, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994), and that meaningful assistance of counsel is essential to secure federal constitutional rights. Counsel's assistance, however, depends in substantial measure on the petitioner's ability to communicate with him. And if meaningful assistance of counsel is essential to the fair administration of the death penalty and capacity for rational communication is essential to meaningful assistance of counsel, it follows that Congress's mandate cannot be faithfully enforced unless courts ensure that a petitioner is competent.

*Id.* at 813.

Second, regardless of whether a petitioner must be competent to proceed in 2254 or 2255 proceedings, Purkey should not be allowed to waive his right to counsel unless this Court is satisfied that he is competent *and* is making a knowing, intelligent, and voluntary waiver or his statutory right to counsel. For example, in the context of a death-sentenced inmate's request to waive further judicial review of his convictions and sentence, the United States Supreme Court ordered a determination of "mental competence in the present posture of things, that is, whether [the inmate] has capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises." *Rees v. Peyton*, 384 U.S. 312, 314 (1966). In subsequent cases, the Court also required that the waiver of the right to pursue relief must also be "knowing, intelligent, and voluntary." *Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990). *See also Demosthenes v. Baal,* 495 U.S. 731 (1990); *Gilmore v. Utah*, 429 U.S. 1012, 1013 (1976). The undersigned counsel submit that these same standards should be applied in determining whether Purkey will be permitted to waive his right to counsel.

Here, the trial record itself reflects the need for concerns about Purkey's competence. Specifically, during the sentencing trial, William Grant, M.D., of the Medical Center in Springfield, Missouri, testified that he prescribed Tegretol, which stabilizes "unstable people," Zoloft, which is an anti-depressant that helps with obsessions, and Klonepin, which is an antianxiety medication. Tr. 1409. These medications were prescribed by Dr. Grant, but advocated by Stephen Peterson, M.D., who was retained by trial defense counsel, because without the medications, Purkey was having uncontrolled rage attacks and was "close to being unable to work with [defense counsel], or anyone else," *id.* at 1780, in part because of his "severe anxiety," which makes him irritable, *id.* at 1781.

The undersigned counsel have also had concerns about Purkey's competence because he has not been medicated for more than a year. In order to try to address these concerns, counsel requested and obtained the services of Dr. Peterson in these proceedings. Dr. Peterson saw Purkey in June 2007 and confirmed that he continues to experience "significant anxiety with panic, depression, and personality disorder-medicated mood swings." In addition, unlike the trial proceedings, Purkey is not medicated at present because he "is receiving inadequate attention to relevant psychiatric needs."[2] *See* Attachment 1 (Report of Stephen Peterson, M.D., June 29, 2007). Finally, as Purkey's motions reflect, it is becoming increasingly more difficult for counsel to maintain productive relations with Purkey as his anxiety level, impulsiveness, hostility, and irrational demands only increase as the statute of limitations date approaches.

In any event, in order to ensure that Purkey is competent, this Court should order an evaluation of Purkey's competence at a Bureau of Prisons Medical Facility. Likewise, in order to

---

[2]Dr. Peterson's report has been provided to USP-Terre Haute personnel and attempts have been made by Dr. Peterson and counsel to remedy the problem without court intervention to date.

ensure that he is making a knowing, intelligent, and voluntary waiver of his right to counsel, this Court should order that this issue be addressed in the evaluation because whether an inmate is competent and whether his waiver of rights is knowing and voluntary are distinct questions. *Godinez v. Moran,* 509 U.S. 389, 400 (1993).

Following this court-ordered evaluation, this Court should hold an in-court hearing to address the issues of competence and of the validity of the purported waiver of the right to counsel bearing in mind that the validity of a waiver "must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). Likewise, "courts [must] indulge every reasonable presumption against waiver of fundamental constitutional rights." *Id.* at 464. Purkey's statutory right to qualified counsel should be guarded just as zealously.

Thus, in determining whether Purkey is making a knowing, voluntary, and intelligent waiver of the right to counsel, this Court should ensure that Purkey is "made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta*, 422 U.S. at 834. In doing so, even assuming Purkey is competent, this Court should focus particularly on the complexities and unique issues involved in 2255 proceedings in order to ensure that his purported waiver is valid because competency and the validity of a waiver are two separate issues.

> The focus of a competency inquiry is the defendant's mental capacity; the question is whether he has the *ability* to understand the proceedings. The purpose of the "knowing and voluntary" inquiry, by contrast, is to determine whether the defendant actually *does* understand the significance and consequences of a particular decision and whether the decision is uncoerced.

*Godinez v. Moran,* 509 U.S. at 401 n.12 (emphasis in original) (citation omitted).

**III.    Because of the Limited Time Period Remaining Until Purkey's 2255 Application Must Be Filed, This Court Should Deny the Motion to Proceed *Pro Se* But Preserve Purkey's Right to File Supplemental *Pro Se* Documents.**

Even assuming that this Court ultimately determines that it is appropriate to allow Purkey to proceed *pro se*, that he is competent, and that he is making a knowing, intelligent, and voluntary waiver of his right to counsel, this Court should deny the motion until this Court has obtained the evaluation and conducted the hearing outlined above. Because of the limited time period remaining until Purkey's application must be filed, however, it is unlikely that the Court will be able to adequately make these determinations prior to October 16. Even assuming the Court could make a final ruling on the *pro se* motions before that date, the time remaining for actually filing the 2255 application will be very short. Thus, the undersigned counsel submit that the most appropriate route at this point is for this Court to deny the motion to proceed *pro se* at this time.

In the meantime in order to ensure protection of all of Purkey's rights, this Court should order that counsel will continue to represent Purkey through filing of the 2255 application exercising counsels' discretion on "tactical decision[s]," *Nixon*, 543 U.S. at 187, such as the issues counsel believe should be asserted "as a matter of professional judgment," *Jones*, 463 U.S. at 751. Counsel submit, however, that this Court should also allow Purkey to file a *pro se* 2255 application as long as it is timely filed. This will ensure both that Purkey has the benefit of counsel appointed by this Court *and* that any right Purkey has to represent himself will be protected until this Court can thoroughly examine the issues of competence and the validity of waiver. Counsel submit that Purkey's rights in both respects should be zealously guarded until that time for the reasons expressed in *Faretta.*

> It is undeniable that in most criminal prosecutions defendants could better defend
> with counsel's guidance than by their own unskilled efforts. But where the defendant

> will not voluntarily accept representation by counsel, the potential advantage of a lawyer's training and experience can be realized, if at all, only imperfectly. To force a lawyer on a defendant can only lead him to believe that the law contrives against him. Moreover, it is not inconceivable that in some rare instances, the defendant might in fact present his case more effectively by conducting his own defense. Personal liberties are not rooted in the law of averages. The right to defend is personal. *The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction.* It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of 'that respect for the individual which is the lifeblood of the law.'

422 U.S. at 834 (emphasis added). By allowing counsel to file a petition, but by also permitting Purkey to file his own *pro se* petition and considering both so long as timely and properly filed, Purkey's interests will be adequately protected until this Court can make a final ruling on his motions to proceed *pro se* as outlined above.

Assuming this Court accepts counsels' filings and Purkey's *pro se* filings as the viable 2255 claims, this Court can then make the final determinations of competence and whether Purkey is making a knowing, intelligent, and voluntary waiver of his right to counsel without the inherent time pressures and jurisdictional concerns posed by the looming filing deadline. If Purkey is competent and validly waives his rights, he can then be allowed to proceed *pro se* or have different counsel appointed by the court if that continues to be his desire and the court determines it is appropriate to relieve the undersigned counsel.

**Conclusion**

Based on the foregoing, the undersigned counsel requests that this Court:

1) deny the motion to relieve counsel and to allow *pro se* representation *at this time*;

2) order a competence evaluation of Purkey at a Bureau of Prisons Medical Facility; and

3) order that counsel will continue to represent Purkey exercising counsels' professional judgment but Purkey's *pro se* supplemental filings will be accepted by the Court and considered as part of counsels' filings until the initial 2255 application is filed and this Court has made a final ruling on the issues of competence, the validity of Purkey's purported waiver of the right to counsel, and whether this Court will, as an exercise of its discretion, allow Purkey to proceed *pro se*.

Respectfully submitted,

Teresa L. Norris, Esq.
P.O. Box 11744
Columbia, SC 29211
(803) 765-1044  (Phone)
(803) 765-1143  (Fax)
teresa@blumelaw.com

Gary E. Brotherton, Esq.
2101 Chapel Plaza Court, Suite 13
Columbia, Missouri  65203
(573) 875-1571  Phone
(573) 875-1572  Fax
GEBrotherton@LegalWritesLLC.com

By:    /s/ Teresa L. Norris
Court-Appointed Counsel for Purkey

Dated:    Columbia, SC
          Columbia, MO
          September 17, 2007

<u>CERTIFICATE OF SERVICE</u>

This will certify that, on today's date, this motion was served upon the United States by filing via CM/ECF.

/s/ Teresa L. Norris
Teresa L. Norris

<u>Dated</u>: Columbia, SC
September 17, 2007