IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES of AMERICA,

     Plaintiff,

v.

WESLEY PURKEY

     Defendant.

Case No. 01-00308-01-CR-W-

## MOTION TO FILE, UNDER SEAL, DEFENDANT'S EX PARTE REQUEST #3, MADE APRIL 11, 2002

Comes now Defendant, by attorney, and pursuant to 21 U.S.C. 848(q)(9) and (10), does hereby request that this Court permit him to file, under seal, his motion entitled "EX PARTE REQUEST #3", made April 11, 2002. The request to file this Motion under seal is made to protect matters of attorney work product revealed within said Motion.

Respectfully submitted

FREDERICK A. DUCHARDT, JR.
Mo.Bar Enrollment Number 28868
P.O. Box 349, 110 E. 6th Street
Kearney Mo. 64060
Phone: 816-628-9095
Fax: 816-628-9046
ATTORNEY FOR DEFENDANT HASKELL

DOCUMENT 126

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA, )
                              )
              Plaintiff,      )
                              )
                              )
v.                            ) Civil Action No.
                              ) 01-00308-01-CR-W-FJG
                              )
WESLEY PURKEY,                )
                              )
              Defendant.      )

## ORDER

The Request #3 for funds is sealed by order of this Court and shall not be opened except on further order of the Court.

SARAH W. HAYS
United States Magistrate Judge

Date: October 15, 2002

SEALED

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION



UNITED STATES of AMERICA,

        Plaintiff,

v.

        Case No. 01-00308-01-CR-W-2

WESLEY PURKEY

        Defendant.

### *DEFENDANT WESLEY PURKEY'S REQUEST EX PARTE AND UNDER SEAL #3 FOR FUNDS TO OBTAIN PSYCHIATRIC EXPERT ASSISTANCE FOR DEVELOPMENT OF EVIDENCE REGARDING COMPETENCE ISSUES*

Comes now Defendant Wesley Purkey, by attorney, Frederick A. Duchardt, Jr., and pursuant to 21 U.S.C. 848(q)(4)(B), 21 U.S.C. 848(q)(9) and 21 U.S.C. 848(q)(10)(B), hereby requests, *ex parte* and under seal, that this Court approve funding for a psychiatric expert, Dr. Stephen Peterson, M.D., for purposes of development of evidence in support of issues of competence and mitigation. The grounds for this Motion will be set forth in the subsequent numbered subparagraphs.

1. In the above captioned cause, Defendant Purkey is charged by indictment with the offense of causing the death of another after transporting that person in interstate commerce. The United States Attorney for the Western District of Missouri has confirmed to Counsel for Mr. Purkey that he will seek Department of Justice authorization for the seeking of the death penalty against Mr. Purkey.

2. Defendant Wesley Purkey is indigent, without the means and funds to bear the cost of an effective defense for himself. Defendant Purkey has already satisfied this Court of that fact, as this Court has appointed undersigned Counsel to represent him. This Court has

also approved requests by Purkey for expenditure of other funds for preparation of evidence in Mr. Purkey's defense.

3. The United States Supreme Court has clearly indicated that, since the services of experts may well be critical to effective presentation of a capital litigant's defense, such expenses may properly be paid by the Federal Courts per the dictates of 21 U.S.C. 848(q)(9). *McFarland v. Scott*, 114 S.Ct. 2568, 2572 (1994).

4. In light of initial investigation conducted by undersigned counsel for Wesley Purkey, and in light of representations made by government counsel to counsel for Mr. Purkey, it is anticipated that, among the aggravating circumstances which will be alleged against Mr. Purkey, the government will include the non-statutory aggravating circumstance claim that Mr. Purkey would pose a future danger if he was incarcerated rather than put to death.

5. In order to effectively prepare and present evidence at the second or punishment phase in this case, the services of a mitigation/sentencing specialist are necessary.

6. In a death penalty case, the scope of relevant issues may be quite broad in light of *Lockett v. Ohio*, 438 U.S. 586 (1978), which provides that the sentencer must be permitted to consider "any aspect" of the defendant's "background and character" which is offered in mitigation of punishment. There are also a number of cases in which lawyers have been found ineffective for failing to investigate penalty stage issues. *Parkus v. Delo*, 33 F.3d 933 (8th Cir. 1994); *Antwine v. Delo*, 54 F.3d 1357 (8th Cir. 1995); *Kenley v. Armontrout*, 937 F.2d 1298 (8th Cir. 1994). Counsel firmly believes that the services of a

mitigation/sentencing specialist are necessary for counsel to fulfill the obligation to provide Defendant Purkey with effective representation per the dictates of the applicable law outlined above.

7. Particularly, when the government makes allegations of future danger against a capital case defendant, the dictates of the 5th and 8th Amendments command that that defendant have a full and fair opportunity to aggressively respond to such allegations. *Skipper v. South Carolina*, 476 U.S. 1, 5 (1986); *Simmons v. South Carolina*, 512 U.S. 154, 177 (1994).

8. A mitigation/sentencing specialist is a person who, due to training and experience, is able to explain, in detail, what means are available within the Bureau of Prisons to effect the safe and secure exaction of the punishment of life imprisonment without parole as a viable alternative to a sentence of death. Also, the mitigation/sentencing specialist is able to take the peculiar personal characteristics of the defendant, and determine whether such a defendant is likely to pose a danger while incarcerated, and what steps can be taken through the correctional systems available to address any such risk of danger. Such information is necessary for the defense to present the sentence of life imprisonment without parole as such a viable alternative to the sentence of death, and to counter the government's case regarding future dangerousness. Such information is also necessary to counter any arguments which might be made by the government that a sentence of life imprisonment without parole cannot be safely and securely carried out.

9. Trial courts in state and federal capital cases arising under state or federal jurisdiction have uniformly recognized the need for effective defense counsel to employ the expertise provided by mitigation/sentencing specialists. Particularly, in this District, in the case of *United States v. Dennis B. Moore, Sr.*, supra, the Honorable D. Brook Bartlett approved full funding for Defendant Moore to hire such an expert, and for Defendant Kevin Wyrick to hire his own such expert. Likewise is the case of *United States v. German Sinisterra, et al*, 98-00311-02/03/04-CR-W-2. Therein, Defendants Sinisterra and Tello, upon request, were provided services of mitigation/sentencing specialists. In fact, Federal district courts have appointed such specialists to assist counsel in every case, to counsel's knowledge, where it was requested.[1] The same is true in state cases.[2]

---

[1] See *e.g.*, *United States v. Davis* (N.D. Ill. No. 89-CR-580); *United States v. Pretlow* (D.N.J. 90-CR-238); *United States v. Pitera* (E.D.N.Y. No. CR 90-024 (RR)); *United States v. Tipton* (E.D. Va. No. 3-92-CR-68); *United States v. Roane* (E.D. Va. No. 3-92-CR-68); *United States v. Thomas* (E.D. Va. No. 3-92-CR-68); *United States v. Green* (E.D. La. No. 92-46); *United States v. Molina* (E.D. Okl. No. 1:92-032-S); *United States v. McCullah* (E.D. Okl. No. 1:92-032-S); *United States v. Mathis* (M.D. Fla. No. 91-301-CR-T); *United States v. Williams* (M.D. Ga. No. 1:92-CR-142); *United States v. Jean Claude Oscar* (E.D. Va. 93-CR-131-Morgan); *United States v. Frantz Oscar* (E.D. Va. 93-CR-131-Morgan); *United States v. Reginald Brown* (E.D. Mich. No. CR-92-81127); *United States v. Michael Williams* (E.D. Mich. No. CR-92-81127); *United States v. Michael Murray* (M.D. Penn. No. 1-CR-92-200); *United States v. Darryl Johnson* (W.D.N.Y. No. 92-CR-474); *United States v. Edward Alexander Mack* (93-0252-CR-Ungaro Benages); *United States v. Moore* (E.D. Va. Cr. No. 2:93CR162); *United States v. Walker* (N.D.N.Y. No. 94-CR-328); *United States v Paul Hardy* (E.D. La. No. 94-381) and *United States v. McVeigh* (W.D. Okl. No. M-94-98-H).

[2] In the Missouri State Public Defender System, as well as various other state public defender systems about which Counsel for Purkey is aware, mitigation specialists are maintained on staff, and used as a matter of course in all capital cases.

10. Counsel for Defendant Purkey proposes to utilize the services of Dr. Mark Cunningham, Ph.D. in the capacity as mitigation/sentencing specialist in the above captioned cause for Purkey. Dr. Cunningham would be willing to serve as mitigation/sentencing specialist on behalf of Defendant Purkey. Dr. Cunningham and is uniquely qualified, by experience, background and expertise, to serve in this capacity. In fact, Dr. Cunningham has been qualified as an expert for this very purpose in a host of Federal and State Court cases. A copy of Dr. Cunningham's curriculum vitae is appended to this Motion. Dr. Cunningham charges for his services the sum of two hundred forty dollars ($240.00) per hour. It is estimated that the total cost for the services of Dr. Cunningham in this case will be approximately twenty-five thousand dollars ($25,000.00).

11. Pursuant to 21 U.S.C. 848(q)(9), a defendant like Purkey may make his request for such funds *ex parte* and under seal to the extent that he can show need for such confidentiality. *In re Pruett*, 133 F.3d 275, 279 (4th Cir. 1997). A defendant demonstrates a need for such confidentiality when he shows that, by merely making his request for assistance, he necessarily reveals strategy, work-product, and confidential attorney/client communications. *In re Pruett*, 279. Permitting the defendant to have such requests considered by the Court *ex parte* merely does the proper thing of placing the indigent litigant upon the same footing as the one able to afford payment of his/her own expenses. *In re Pruett*, 279; *United States v. Hang*, 75 F.3d 1275, 1281 (8th Cir. 1996).

12. There is need for such confidentiality in this instance because of the very nature of the type of expert being used and the information which will be generated. In the first place, requiring Defendant Purkey to make his request, upon the open record, for approval of funds for these services would necessarily force him to reveal to the other parties information about his confidential communications with his attorney, as well as information about his attorney's strategy and work-product.

13. Should Defendant Purkey intend to use Dr. Cunningham as a witness at time of trial, it would certainly be Defendant Purkey's intention to fairly disclose such information in a timely manner prior to trial. However, should this process not generate such testimony by Dr. Cunningham, the government and the other parties would have no lawful right to have any such information shared with it. Thus, in light of the sensitive and private nature of the information involved here, it is appropriate that this Court permit this request to be handled *ex parte* and under seal until such time, if any, that this information might become discoverable to the other parties involved. *In re Pruett*, supra; *United States v. Hang*, supra.

WHEREFORE, pursuant to 21 U.S.C. Section 848(q)(9) and (10), the Defendant Purkey prays that Honorable Court authorize, under seal, the employment of Dr. Mark Cunningham as mitigation/sentencing specialist for Defendant Purkey. Defendant Purkey additionally prays for any other and further relief which the Court may deem just and proper under the circumstances.

Respectfully submitted

FREDERICK A. DUCHARDT, JR.
Bar Enrollment Number 28868
P.O. Box 349, 110 E. 6th St.
Kearney Mo. 64060
Phone:   816-628-9095
Fax:     816-628-9046
ATTORNEY FOR DEFENDANT PURKEY

# MARK D. CUNNINGHAM, PH.D.

## CLINICAL & FORENSIC PSYCHOLOGY

*Diplomate in Forensic Psychology • American Board of Professional Psychology*

### CURRICULUM VITAE

## EDUCATIONAL BACKGROUND:

**Undergraduate:**    Abilene Christian University, Abilene, Texas
         Bachelor of Arts, magna cum laude (May 1973)
         Majors: Psychology, Mass Communications

**Graduate:**    Oklahoma State University, Stillwater, Oklahoma
         Master of Science  (December 1976)
         Doctor of Philosophy (December 1977)
         Specialty:  Clinical Psychology  (APA accredited)

**Internship:**    National Naval Medical Center, Bethesda, Maryland
         (February 1977 to February 1978)
         Specialty:  Clinical Psychology  (APA accredited)

## BOARD CERTIFICATION:

Diplomate in Forensic Psychology (1995)
American Board of Professional Psychology

## PROFESSIONAL:

**1981 – Present**    Clinical and Forensic Psychologist, Private Practice
         Abilene, Texas

Clinical Psychology services include the evaluation and treatment of psychological disorders. Forensic Psychology services include evaluation and consultation regarding child custody, personal injury, criminal competencies and responsibility, sentencing determinations, research literature, and other psycho-legal issues. I have provided forensic services in over 350 cases.

**1978 - 1981**    Clinical Psychologist (Lieutenant, MSC, USNR)
         Naval Submarine Medical Center, Groton, Connecticut

## CURRICULUM VITAE (2)

### ACADEMIC APPOINTMENTS:

**1981 - 1983**   Assistant Professor: Psychology Department,
                  Hardin-Simmons University, Abilene, Texas

**1978 - 1980**   Instructor (part-time): Psychology Department,
                  Old Dominion University (U.S. Submarine Base Extension);
                  Mohegan Community College, Norwich, Connecticut

**1974 - 1977**   Teaching Assistant: Psychology Department
                  Oklahoma State University, Stillwater, Oklahoma

### PROFESSIONAL AFFILIATIONS:

Licensed Psychologist:

| | |
|---|---|
| Arkansas #98-17P | Colorado #2305 |
| Idaho #PSY-379 | Illinois #071-006010 |
| Indiana #20041376 | Louisiana #794 |
| New Mexico #0768 | Oregon #1333 |
| South Carolina #764 | Tennessee #2255 |
| Texas #2351 | |

Diplomate in Forensic Psychology, American Board of Professional
 Psychology
Fellow, American Academy of Forensic Psychology (workshop teaching faculty)

Certificate of Professional Qualification in Psychology (CPQ)
National Register of Health Service Providers in Psychology
American Psychological Association
Texas Psychological Association
Abilene Psychological Association (President, 1983-84, 1994-95)

### PROFESSIONAL AWARDS:

Navy Commendation Medal for meritorious service as a clinical
 psychologist, Naval Submarine Medical Center, 1978-1980

Al Brown Memorial Award for outstanding achievement, NIMH Sex
 Therapy Training Program, Yale University School of Medicine,
 1979-1981

Case 4:06-cv-08001-FJG   Document 47-7   Filed 10/16/07   Page 11 of 38

## CURRICULUM VITAE (3)

### RESEARCH AND PUBLICATIONS:

Cunningham, M.D. (1977). Preparent training: An examination of programmed text instruction in social learning theory and parenting applications. (Unpublished Master's thesis).

Marcy, M.R., Hopkins, J.B. & Cunningham, M.D. (1978). A behavioral treatment of nocturnal enuresis, U.S. Navy Medicine, 69, 26-28.

Cunningham, M.D. & Murphy, P.J. (1981). The effects of bilateral EEG biofeedback on verbal, visual-spatial, and creative skills in learning disabled male adolescents. Journal of Learning Disabilities, 14, 204 -208.

Cunningham, M.D. & Reidy, T.J. (1998). Integrating base rate data in violence risk assessments at capital sentencing. Behavioral Sciences & the Law, 16, 71-95.

Cunningham, M.D., & Reidy, T.J. (1998). Antisocial personality disorder and psychopathy: Diagnostic dilemmas in classifying patterns of antisocial behavior in sentencing evaluations. Behavioral Sciences & the Law, 16, 333-351.

Cunningham, M.D. & Reidy, T.J. (1998). Antisocial personality disorder vs psychopathy as diagnostic tools. Prosecutor's Brief: California District Attorneys Association, 20, 9-11.

Cunningham, M.D., & Reidy, T.J. (1999). Don't confuse me with the facts: Common errors in violence risk assessment at capital sentencing. Criminal Justice and Behavior, 26, 20-43.

Cunningham, M.D. & Vigen, M.P. (1999). Without appointed counsel in capital postconviction proceedings: The self-representation competency of Mississippi Death Row inmates. Criminal Justice and Behavior, 26, 293-321.

Reidy, T., Cunningham, M.D. & Sorensen, J. (2001). From death to life: Prison behavior of former death row inmates in Indiana. Criminal Justice and Behavior, 28, 62-82.

Cunningham, M.D. (2001). Bias in capital sentencing evaluations [invited opinion column]. American Psychology and Law Society News, 21,2, 8-9.

Cunningham, M.D. & Reidy, T.J. (2001). A matter of life or death: Special considerations and heightened practice standards in capital sentencing evaluations. Behavioral Sciences & the Law, 19, 473-490.

## CURRICULUM VITAE (4)

Cunningham, M.D. (in press). Capital sentencing [case report with teaching point]. In K. Heilbrun, G. Marczyk, & D. DeMatteo, Forensic mental health assessment: A casebook. New York: Oxford University Press.

Cunningham, M.D. (in press). Competence for execution [case report with teaching point]. In K. Heilbrun, G. Marczyk, & D. DeMatteo, Forensic mental health assessment: A casebook. New York: Oxford University Press.

Cunningham, M.D. & Goldstein, A.M. (in press). Sentencing Determinations in Death Penalty Cases. Chapter in A. Goldstein (Ed.), Forensic psychology (vol. 11) of 14. Weiner (Ed.), Comprehensive handbook of psychology, to be published by John Wiley & Sons.

Cunningham, M.D. & Reidy, T.J. (in press). Violence risk assessment at federal capital sentencing: Individualization, generalization, relevance, and scientific standards. Criminal Justice and Behavior.

Cunningham, M.D. & Vigen, M.P. (in press). Death row inmate characteristics, adjustment, and confinement: A critical review of the literature. Behavioral Sciences & the Law.

## Fee Schedule

Professional services are billed at $240 per hour for any activities related to the case. If held over from day to day waiting to testify, no billings accrue after court is adjourned for the day unless attorney conference services or additional testimony review and preparation occurs. Other billable charges and expenses include information management and/or specialized clerical services at $20.00; pass through research literature search and retrieval fees; mailing and shipping; photocopying at $0.10 per page; for travel outside of Abilene if required $.35 per mile for travel by private automobile, coach airfare if applicable (plus $33.00 per 500 miles for upgrade), mid-size rental car or taxi charges, parking fees, reasonable meals allowance, and, standard grade hotel accommodations.

# Capital Case List: Sentencing Phase Testimony

**Federal Court:**

**U.S. v Louis Jones, Jr.** (1995), Cause No. 5:95-CR-047-C in the U.S. District Court, Northern District of Texas. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

**U.S. v Paul Hardy,** (1996), Cause No. CR94-381"C" (4) in the U.S. District Court, Eastern District of Louisiana. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

**U.S. v Bruce Webster** (1996), Cause No. 4:94-CR121-Y in the U.S. District Court, Northern District of Texas. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

**U.S. v Trinity Ingle** (1997), Cause No. 96-60023 in the U.S. District Court, Western District of Arkansas, Hot Springs Division. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

**U.S. v Dean Beckford** (1997), Cause No. 3:96CR66-01 in the U.S. District Court, Eastern District of Virginia, Richmond Division. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

**U.S. v Darryl Johnson** (1997), Cause No. 96 CR 379-1 in the U.S. District Court, North District of Illinois, Eastern Division. Sentencing Phase: Future Dangerousness - Testimony.

**U.S. v Aquilia Marcivicci Barnette** (1998), Criminal Docket 3:97CR23-P in the District Court of the United States of the Western District of North Carolina, Charlotte Divion. Sentencing Phase: Future Dangerousness - Testimony.

**U.S. v LaFawn Bobbitt** (1998), Criminal No. 3:97CLR169 in the District Court of the United States for the Eastern District of Virginia, Richmond Division. Sentencing Phase: Future Dangerousness - Testimony.

**U.S. v Anthony Ayeni Jones** (1998), Cause No. CR-WMN-96-0458 in U.S. District Court for the District of Maryland, Nothern Division. Sentencing Phase: Future Dangerousness - Testimony.

**U.S. v Marvin Holley** (1998), Cause No. CR96-B-0208-NE in U.S. District Court for the Northern District of Alabama. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

**U.S. v Saheem Johnson and Raheem Johnson** (1998), Criminal No. 97-00241-A in U.S. District Court for the Eastern District of Virginia, Alexandria Division. Sentencing Phase: Future Dangerousness - Testimony.

**U.S. v Daniel Lewis Lee** (1999), Case No. LR-CR-97-243(1) in U.S. District Court, Eastern District of Arkansas. Sentencing Phase: Mitigation - Testimony.

**U.S. v Christopher Andre Vialva** (2000), Criminal No. W-99-CR-070 in U.S. District Court, Western District of Texas, Waco Division. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

**U.S. v Willis Haynes** (2000), Criminal No. PJM 98 0520 in U.S. District Court for District of Maryland. Sentencing Phase: Mitigation – Testimony.

**U.S. v Daymon Smith** (2000), No. 1:909-CR-164(3) in U.S. District Court, Eastern District of Texas, Beaumont Division. Sentencing Phase: Mitigation - Testimony.

**U.S. v Coleman Leake Johnson, Jr.** (2001), No. 3:00CR00026 in U.S. District Court, Western District of Virginia, Charlottesville Division. Sentencing Phase: Future Dangerousness – Testimony.

**U.S. v Bin Laden, et als., (Khalfan Khamis Mohamed)** (2001), Criminal No. 98-CR-1023:008 in U.S. District Court of New York, Southern Division. Sentencing Phase: Future Dangerousness -Testimony.

**U.S. v Keith Nelson** (2001), Cause No. 99-00303-01-CR-W-2, in U.S. District Court, Western District of Missouri, Western Division. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

**U.S. v Marvin Charles Gabrion, II** (2002), Cause No. 1:99-CR-76 in U.S. District Court, Western District of Michigan. Sentencing Phase: Future Dangerousness – Testimony.

**U.S. v Julius Omar Robinson** (2002), Cause No. 4:00-CR-260-Y in U. S. District Court for Northern District of Texas, Fort Worth Divisoin. Sentencing Phase: Future Dangerousness – Testimony.

**State Court:**

**State of Texas v Ronald Springer** (1995), Sentencing Phase: Future Dangerousness - Testimony.

**State of Texas v Michael Gonzales** (1995), Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

2

Case 4:06-cv-08001-FJG    Document 47-7    Filed 10/16/07    Page 16 of 38

State of Texas v Thomas Howard (1996), Sentencing Phase: Future Dangerousness - Testimony.

State of Texas v Robert Fratta (1996), Sentencing Phase: Future Dangerousness - Testimony on Bill.

State of Louisiana v Damon Thibodeaux (1997), Cause No. 96-4522 in the 24th Judicial District Court in and for Parish of Jefferson. Sentencing Phase: Mitigation - Testimony.

State of Oregon v Randy Lee Guzek (1997), Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

State of Texas v Justin Fuller (1998), No. 241-8081497-97 in the 241st District Court, Tyler, Texas. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

State of Oregon v Billy Lee Oatney, Jr. (1998), No. C962556CR in Washington County Circuit Court, Hillsboro, Oregon. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

State of New Jersey v James Minett (1998), No. 96-05-00550 in Superior Court of New Jersey Law Division: Union County, New Jersey: Sentencing Phase: Mitigation - Testimony.

State of Texas v Allen Bridgers (1998), No. 114-81252-97 in the 114th District Court, Tyler, Texas. Sentencing Phase: Mitigation and Future Dangerousness - Testimony at 705 Hearing.

State of Louisiana v James Casey (1998), No. 84,272 in 26th Judicial District Court, Bossier Parish, Louisiana. Sentencing Phase: Mitigation - Testimony.

State of Texas v Julius Murphy (1998), No. 97F0462-102 in the 102nd Judicial District Court of Bowie County. Sentencing Phase: Future Dangerousness - Testimony.

State of Texas v Danny Thomas (1998), Cause No. 346935 in 180th District Court of Harris Co., Texas. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

State of Illinois v Richard Morris (1998), No. 96.CR123 in the Circuit Court of Cook County, Illinois. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

State of Kansas v Virgil Bradford (1999), No. 97 CR 114 in Dickinson, Kansas. Sentencing Phase: Future Dangerousness - Testimony.

Case 4:06-cv-08001-FJG    Document 47-7    Filed 10/16/07    Page 17 of 38

**State of Tennessee v Ronald Rickman** (1999), No. B-59341 in Criminal Court of Tennessee for Thirtieth Judicial District at Memphis, Division X. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

**State of Tennessee v Richard Austin** (1999), Cause No. B 58357 in Shelby County, Tennessee. Sentencing Phase: Future Dangerousness - Testimony.

**State of Illinois v Ralph Harris** (1999), Case No. 95-27598 in Circuit Court of Cook County, Illinois. Sentencing Phase: Future Dangerousness - Testimony.

**State of Oregon v David Allen Cook** (1999), Case No. 9610-37561 in Multnomah County Circuit Court, Oregon. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

**State of Texas v Larry Donnell Davis** (1999), Cause No. 36-683-B in 181st District Court in and for Potter County, Texas. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

**State of Oregon v Jeffery Dana Sparks** (1999), Case No. CR98326 in Yamhill County Circuit Court. Sentencing Phase: Future Dangerousness - Testimony.

**State of Colorado v Lucas Salmon** (1999), Case No. 97 CR 1551 in District Court, El Paso County, Division I. Sentencing Phase: Future Dangerousness - Testimony.

**State of Kansas v Gavin D. Scott** (1999), Case No. 96 CR 1748 in Eighteenth Judicial District, District Court, Sedgwick County, Kansas, Criminal Department, Division 4. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

**South Carolina v Eugene Gary** (1999), 97-GS-40-24141 in General Sessions Circuit Court in Columbia, South Carolina. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

**State of Texas v Francisco Garcia, Jr.** (1999), Cause No. B 12,033-9504 in 242nd District Court in and for Hale County, Texas. Sentencing Phase: Future Dangerousness – Testimony.

**State of Louisiana v Erran Evans** (1999), Case No. 384890 Section H in Orleans Parish Criminal District Court. Sentencing Phase: Mitigation – Testimony.

**State of Tennessee v W. Glenn Rogers** (2000), No. 38939 in Circuit Court for Montgomery County, Tennessee, at Clarksville. Sentencing Phase: Future Dangerousness – Testimony.

**State of Texas v Michael Wayne Hall** (2000), No. 0685479A in District Court, 371st Judicial District, Tarrant County, Texas. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

4

State of Indiana v Jeremy Gross (2000), No. 49G04-9808-CF-141115 in Marion Superior Court Criminal Division. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

State of Texas v Larry Allen Hayes (2000), No. 990805089CR in 410th District Court, Montgomery County, Texas. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

State of New Mexico v John Hovey (2000), Cause No. VA98-179, Valencia County. Sentencing Phase: Mitigation – Testimony.

State of Louisiana v Donald S. Wright (2000), Docket No. 63,758 in 26th Judicial Court, Parish of Webster. Sentencing Phase: Future Dangerousness - Testimony.

State of Arkansas vs Kenneth Williams (2000), Lincoln County Circuit Court No. LCR-99-147-3. Sentencing Phase: Mitigation - Testimony.

Sate of Indiana, County of Marion v Jerry K. Thompson (2000), Cause No. 49G03 9204 CFR 060651, Marion County Superior Court Criminal Division. Sentencing Phase: Future Dangerousness - Testimony.

State of Idaho v Shawn Eric Smith (2000), Case No. CR-98-553 in District Court of the Seventh Judicial District of the State of Idaho in and for County of Bonneville. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

State of Oregon v David Lee Cox (2000), #99C 46448 in Marion County District Court. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

State of Nevada v Richard Powell (2000). Case C148936 in District Court Clark County, Nevada. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

State of Texas v Kevin Scott Varga (2000), Cause No. 20,047 in District Court Hunt County, Texas. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

State of Nevada v John Edward Butler (2001), Cause No. C155791 in District Court, Clark County, Nevada. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

State of Kansas v Jeffery Hebert (2001), Case No. 99 CR 102 in Clay County, Kansas. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

State of South Carolina v Bobby Lee Holmes (2001), #90-GS46-1196, 1198, and 1200 in County of York, General Session, 16th Court. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

Case 4:06-cv-08001-FJG   Document 47-7   Filed 10/16/07   Page 19 of 38

**State of Texas v Michael Adam Sigala** (2001), Cause No. 219-80429-01 in District Court of Collin County, Texas, 219th Judicial District. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

**State of Texas v Ivan Cantu** (2001), Cause No. 380-80047-01 in 380th District Court of Collin County, Texas, 219th Judicial District. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

**State of South Carolina v Michael James Laney** (2001), In Court of General Sessions, County of Greenvile. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

**State of New Jersey v Jacinto Hightower** (2002), Indictment No. 85-09-0814-1 in Superior Court of New Jersey. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

**State of Texas v James Edward Martinez** (2002), Cause No. 0784244D in 213th Judicial District Court, Tarrant County. Sentencing Phase: Future Dangerousness – Testimony.

**State of Texas v Joshua Maxwell** (2002), Cause No. 2001-CR-0031A in the District Court, 186th Judicial District, Bexar County, Texas. Sentencing Phase: Future Dangerousness.

**State of Texas v Reginald Perkins** (2002), Cause No.            in the District Court, 371st Judicial District, Tarrant County, Texas. Sentencing Phase: Future Dangerousness.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES of AMERICA,

Plaintiff,

v.

Case No. 01-00308-01-CR-W-2

WESLEY PURKEY

Defendant.

*DEFENDANT WESLEY PURKEY'S SUBSTITUTE REQUEST EX PARTE AND UNDER SEAL*
*#3*
*FOR FUNDS TO OBTAIN MITIGATION/SENTENCING EXPERT ASSISTANCE FOR*
*DEVELOPMENT OF EVIDENCE REGARDING COMPETENCE ISSUES*

Comes now Defendant Wesley Purkey, by attorney, Frederick A.

Duchardt, Jr., and pursuant to 21 U.S.C. 848(q)(4)(B), 21 U.S.C.

848(q)(9) and 21 U.S.C. 848(q)(10)(B), hereby requests, *ex parte* and

under seal, that this Court approve funding for a

mitigation/sentencing expert, Dr. Mark Cunningham, Ph.D., for purposes

of development of evidence in support of issues related to penalty

phase defense of this case. The grounds for this Motion will be set

forth in the subsequent numbered subparagraphs.

1. In the above captioned cause, Defendant Purkey is charged by

indictment with the offense of causing the death of another after

transporting that person in interstate commerce. The United States

Attorney for the Western District of Missouri has confirmed to Counsel

for Mr. Purkey that he will seek Department of Justice authorization

for the seeking of the death penalty against Mr. Purkey.

2. Defendant Wesley Purkey is indigent, without the means and

funds to bear the cost of an effective defense for himself. Defendant

Purkey has already satisfied this Court of that fact, as this Court has appointed undersigned Counsel to represent him. This Court has also approved requests by Purkey for expenditure of other funds for preparation of evidence in Mr. Purkey's defense.

3. The United States Supreme Court has clearly indicated that, since the services of experts may well be critical to effective presentation of a capital litigant's defense, such expenses may properly be paid by the Federal Courts per the dictates of 21 U.S.C. 848(q)(9). *McFarland v. Scott*, 114 S.Ct. 2568, 2572 (1994).

4. In light of initial investigation conducted by undersigned counsel for Wesley Purkey, and in light of representations made by government counsel to counsel for Mr. Purkey, it is anticipated that, among the aggravating circumstances which will be alleged against Mr. Purkey, the government will include the non-statutory aggravating circumstance claim that Mr. Purkey would pose a future danger if he was incarcerated rather than put to death.

5. In order to effectively prepare and present evidence at the second or punishment phase in this case, the services of a mitigation/sentencing specialist are necessary.

6. In a death penalty case, the scope of relevant issues may be quite broad in light of *Lockett v. Ohio*, 438 U.S. 586 (1978), which provides that the sentencer must be permitted to consider "any aspect" of the defendant's "background and character" which is offered in mitigation of punishment. There are also a number of cases in which lawyers have been found ineffective for failing to investigate penalty stage issues. *Parkus v. Delo*, 33 F.3d 933 (8th Cir. 1994); *Antwine*

*v. Delo*, 54 F.3d 1357 (8th Cir. 1995); *Kenley v. Armontrout*, 937 F.2d 1298 (8th Cir. 1994). Counsel firmly believes that the services of a mitigation/sentencing specialist are necessary for counsel to fulfill the obligation to provide Defendant Purkey with effective representation per the dictates of the applicable law outlined above.

7. Particularly, when the government makes allegations of future danger against a capital case defendant, the dictates of the 5th and 8th Amendments command that that defendant have a full and fair opportunity to aggressively respond to such allegations. *Skipper v. South Carolina*, 476 U.S. 1, 5 (1986); *Simmons v. South Carolina*, 512 U.S. 154, 177 (1994).

8. A mitigation/sentencing specialist is a person who, due to training and experience, is able to explain, in detail, what means are available within the Bureau of Prisons to effect the safe and secure exaction of the punishment of life imprisonment without parole as a viable alternative to a sentence of death. Also, the mitigation/sentencing specialist is able to take the peculiar personal characteristics of the defendant, and determine whether such a defendant is likely to pose a danger while incarcerated, and what steps can be taken through the correctional systems available to address any such risk of danger. Such information is necessary for the defense to present the sentence of life imprisonment without parole as such a viable alternative to the sentence of death, and to counter the government's case regarding future dangerousness. Such information is also necessary to counter any arguments which might be

made by the government that a sentence of life imprisonment without parole cannot be safely and securely carried out.

9. Trial courts in state and federal capital cases arising under state or federal jurisdiction have uniformly recognized the need for effective defense counsel to employ the expertise provided by mitigation/sentencing specialists. Particularly, in this District, in the case of *United States v. Dennis B. Moore, Sr.*, supra, the Honorable D. Brook Bartlett approved full funding for Defendant Moore to hire such an expert, and for Defendant Kevin Wyrick to hire his own such expert. Likewise is the case of *United States v. German Sinisterra, et al*, 98-00311-02/03/04-CR-W-2. Therein, Defendants Sinisterra and Tello, upon request, were provided services of mitigation/sentencing specialists. In fact, Federal district courts have appointed such specialists to assist counsel in every case, to

counsel's knowledge, where it was requested.[1]  The same is true in state cases.[2]

10. Counsel for Defendant Purkey proposes to utilize the services of Dr. Mark Cunningham, Ph.D. in the capacity as mitigation/sentencing specialist in the above captioned cause for Purkey.  Dr. Cunningham would be willing to serve as mitigation/sentencing specialist on behalf of Defendant Purkey.  Dr. Cunningham and is uniquely qualified, by experience, background and expertise, to serve in this capacity. In fact, Dr. Cunningham has been qualified as an expert for this very purpose in a host of Federal and State Court cases.  A copy of Dr. Cunningham's curriculum vitae is appended to this Motion.  Dr. Cunningham charges for his services the sum of two hundred forty dollars ($240.00) per hour.  It is estimated that the total cost for

---

[1] See e.g., *United States v. Davis* (N.D. Ill. No. 89-CR-580); *United States v. Pretlow* (D.N.J. 90-CR-238); *United States v. Pitera* (E.D.N.Y. No. CR 90-024 (RR)); *United States v. Tipton* (E.D. Va. No. 3-92-CR-68); *United States v. Roane* (E.D. Va. No. 3-92-CR-68); *United States v. Thomas* (E.D. Va. No. 3-92-CR-68); *United States v. Green* (E.D. La. No. 92-46); *United States v. Molina* (E.D. Okl. No. 1:92-032-S); *United States v. McCullah* (E.D. Okl. No. 1:92-032-S); *United States v. Mathis* (M.D. Fla. No. 91-301-CR-T); *United States v. Williams* (M.D. Ga. No. 1:92-CR-142); *United States v. Jean Claude Oscar* (E.D. Va. 93-CR-131-Morgan); *United States v. Frantz Oscar* (E.D. Va. 93-CR-131-Morgan); *United States v. Reginald Brown* (E.D. Mich. No. CR-92-81127); *United States v. Michael Williams* (E.D. Mich. No. CR-92-81127); *United States v. Michael Murray* (M.D. Penn. No. 1-CR-92-200); *United States v. Darryl Johnson* (W.D.N.Y. No. 92-CR-474); *United States v. Edward Alexander Mack* (93-0252-CR-Ungaro Benages); *United States v. Moore* (E.D. Va. Cr. No. 2:93CR162); *United States v. Walker* (N.D.N.Y. No. 94-CR-328); *United States v Paul Hardy* (E.D. La. No. 94-381) and *United States v. McVeigh* (W.D. Okl. No. M-94-98-H).

[2] In the Missouri State Public Defender System, as well as various other state public defender systems about which Counsel for Purkey is aware, mitigation specialists are maintained on staff, and used as a matter of course in all capital cases.

the services of Dr. Cunningham in this case will be approximately twenty-five thousand dollars ($25,000.00).

11. Pursuant to 21 U.S.C. 848(q)(9), a defendant like Purkey may make his request for such funds *ex parte* and under seal to the extent that he can show need for such confidentiality. *In re Pruett*, 133 F.3d 275, 279 (4th Cir. 1997). A defendant demonstrates a need for such confidentiality when he shows that, by merely making his request for assistance, he necessarily reveals strategy, work-product, and confidential attorney/client communications. *In re Pruett*, 279. Permitting the defendant to have such requests considered by the Court *ex parte* merely does the proper thing of placing the indigent litigant upon the same footing as the one able to afford payment of his/her own expenses. *In re Pruett*, 279; *United States v. Hang*, 75 F.3d 1275, 1281 (8th Cir. 1996).

12. There is need for such confidentiality in this instance because of the very nature of the type of expert being used and the information which will be generated. In the first place, requiring Defendant Purkey to make his request, upon the open record, for approval of funds for these services would necessarily force him to reveal to the other parties information about his confidential communications with his attorney, as well as information about his attorney's strategy and work-product.

13. Should Defendant Purkey intend to use Dr. Cunningham as a witness at time of trial, it would certainly be Defendant Purkey's intention to fairly disclose such information in a timely manner prior to trial. However, should this process not generate such testimony by

Dr. Cunningham, the government and the other parties would have no lawful right to have any such information shared with it. Thus, in light of the sensitive and private nature of the information involved here, it is appropriate that this Court permit this request to be handled *ex parte* and under seal until such time, if any, that this information might become discoverable to the other parties involved. *In re Pruett*, supra; *United States v. Hang*, supra.

WHEREFORE, pursuant to 21 U.S.C. Section 848(q)(9) and (10), the Defendant Purkey prays that Honorable Court authorize, under seal, the employment of Dr. Mark Cunningham as mitigation/sentencing specialist for Defendant Purkey. Defendant Purkey additionally prays for any other and further relief which the Court may deem just and proper under the circumstances.

Respectfully submitted

FREDERICK A. DUCHARDT, JR.
Bar Enrollment Number 28868
P.O. Box 349, 110 E. 6th St.
Kearney Mo. 64060
Phone: 816-628-9095
Fax: 816-628-9046
ATTORNEY FOR DEFENDANT PURKEY

# MARK D. CUNNINGHAM, PH.D.

## CLINICAL & FORENSIC PSYCHOLOGY

*Diplomate in Forensic Psychology • American Board of Professional Psychology*

### CURRICULUM VITAE

## EDUCATIONAL BACKGROUND:

Undergraduate: Abilene Christian University, Abilene, Texas
  Bachelor of Arts, magna cum laude (May 1973)
  Majors: Psychology, Mass Communications

Graduate: Oklahoma State University, Stillwater, Oklahoma
  Master of Science  (December 1976)
  Doctor of Philosophy (December 1977)
  Specialty:  Clinical Psychology  (APA accredited)

Internship: National Naval Medical Center, Bethesda, Maryland
  (February 1977 to February 1978)
  Specialty:  Clinical Psychology  (APA accredited)

## BOARD CERTIFICATION:

Diplomate in Forensic Psychology (1995)
American Board of Professional Psychology

## PROFESSIONAL:

1981 – Present Clinical and Forensic Psychologist, Private Practice
  Abilene, Texas

Clinical Psychology services include the evaluation and treatment of psychological disorders. Forensic Psychology services include evaluation and consultation regarding child custody, personal injury, criminal competencies and responsibility, sentencing determinations, research literature, and other psycho-legal issues. I have provided forensic services in over 350 cases.

1978 - 1981 Clinical Psychologist (Lieutenant, MSC, USNR)
  Naval Submarine Medical Center, Groton, Connecticut

Case 4:06-cv-08001-FJG    Document 47-7    Filed 10/16/07    Page 28 of 38

# CURRICULUM VITAE (2)

## ACADEMIC APPOINTMENTS:

**1981 - 1983**  Assistant Professor: Psychology Department,
    Hardin-Simmons University, Abilene, Texas

**1978 - 1980**  Instructor (part-time): Psychology Department,
    Old Dominion University (U.S. Submarine Base Extension);
    Mohegan Community College, Norwich, Connecticut

**1974 - 1977**  Teaching Assistant: Psychology Department
    Oklahoma State University, Stillwater, Oklahoma

## PROFESSIONAL AFFILIATIONS:

Licensed Psychologist:

| | |
|---|---|
| Arkansas #98-17P | Colorado #2305 |
| Idaho #PSY-379 | Illinois #071-006010 |
| Indiana #20041376 | Louisiana #794 |
| New Mexico #0768 | Oregon #1333 |
| South Carolina #764 | Tennessee #2255 |
| Texas #2351 | |

Diplomate in Forensic Psychology, American Board of Professional
  Psychology
Fellow, American Academy of Forensic Psychology (workshop teaching faculty)

Certificate of Professional Qualification in Psychology (CPQ)
National Register of Health Service Providers in Psychology
American Psychological Association
Texas Psychological Association
Abilene Psychological Association (President, 1983-84, 1994-95)

## PROFESSIONAL AWARDS:

Navy Commendation Medal for meritorious service as a clinical
  psychologist, Naval Submarine Medical Center, 1978-1980

Al Brown Memorial Award for outstanding achievement, NIMH Sex
  Therapy Training Program, Yale University School of Medicine,
  1979-1981

## CURRICULUM VITAE (3)

### RESEARCH AND PUBLICATIONS:

Cunningham, M.D. (1977). Preparent training: An examination of programmed text instruction in social learning theory and parenting applications. (Unpublished Master's thesis).

Marcy, M.R., Hopkins, J.B. & Cunningham, M.D. (1978). A behavioral treatment of nocturnal enuresis, U.S. Navy Medicine, 69, 26-28.

Cunningham, M.D. & Murphy, P.J. (1981). The effects of bilateral EEG biofeedback on verbal, visual-spatial, and creative skills in learning disabled male adolescents. Journal of Learning Disabilities, 14, 204 -208.

Cunningham, M.D. & Reidy, T.J. (1998). Integrating base rate data in violence risk assessments at capital sentencing. Behavioral Sciences & the Law, 16, 71-95.

Cunningham, M.D., & Reidy, T.J. (1998). Antisocial personality disorder and psychopathy: Diagnostic dilemmas in classifying patterns of antisocial behavior in sentencing evaluations. Behavioral Sciences & the Law, 16, 333-351.

Cunningham, M.D. & Reidy, T.J. (1998). Antisocial personality disorder vs psychopathy as diagnostic tools. Prosecutor's Brief: California District Attorneys Association, 20, 9-11.

Cunningham, M.D., & Reidy, T.J. (1999). Don't confuse me with the facts: Common errors in violence risk assessment at capital sentencing. Criminal Justice and Behavior, 26, 20-43.

Cunningham, M.D. & Vigen, M.P. (1999). Without appointed counsel in capital postconviction proceedings: The self-representation competency of Mississippi Death Row inmates. Criminal Justice and Behavior, 26, 293-321.

Reidy, T., Cunningham, M.D. & Sorensen, J. (2001). From death to life: Prison behavior of former death row inmates in Indiana. Criminal Justice and Behavior, 28, 62-82.

Cunningham, M.D. (2001). Bias in capital sentencing evaluations [invited opinion column]. American Psychology and Law Society News, 21,2, 8-9.

Cunningham, M.D. & Reidy, T.J. (2001). A matter of life or death: Special considerations and heightened practice standards in capital sentencing evaluations. Behavioral Sciences & the Law, 19, 473-490.

## CURRICULUM VITAE (4)

Cunningham, M.D. (in press). Capital sentencing [case report with teaching point]. In K. Heilbrun, G. Marczyk, & D. DeMatteo, <u>Forensic mental health assessment: A casebook</u>. New York: Oxford University Press.

Cunningham, M.D. (in press). Competence for execution [case report with teaching point]. In K. Heilbrun, G. Marczyk, & D. DeMatteo, <u>Forensic mental health assessment: A casebook</u>. New York: Oxford University Press.

Cunningham, M.D. & Goldstein, A.M. (in press). Sentencing Determinations in Death Penalty Cases. Chapter in A. Goldstein (Ed.), <u>Forensic psychology</u> (vol. 11) of 14. Weiner (Ed.), <u>Comprehensive handbook of psychology</u>, to be published by John Wiley & Sons.

Cunningham, M.D. & Reidy, T.J. (in press). Violence risk assessment at federal capital sentencing: Individualization, generalization, relevance, and scientific standards. <u>Criminal Justice and Behavior</u>.

Cunningham, M.D. & Vigen, M.P. (in press). Death row inmate characteristics, adjustment, and confinement: A critical review of the literature. <u>Behavioral Sciences & the Law</u>.

## Fee Schedule

Professional services are billed at $240 per hour for any activities related to the case.  If held over from day to day waiting to testify, no billings accrue after court is adjourned for the day unless attorney conference services or additional testimony review and preparation occurs.  Other billable charges and expenses include information management and/or specialized clerical services at $20.00; pass through research literature search and retrieval fees; mailing and shipping; photocopying at $0.10 per page; for travel outside of Abilene if required $.35 per mile for travel by private automobile, coach airfare if applicable (plus $33.00 per 500 miles for upgrade), mid-size rental car or taxi charges, parking fees, reasonable meals allowance, and, standard grade hotel accommodations.

# Capital Case List: Sentencing Phase Testimony

**Federal Court:**

**U.S. v Louis Jones, Jr.** (1995), Cause No. 5:95-CR-047-C in the U.S. District Court, Northern District of Texas. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

**U.S. v Paul Hardy,** (1996), Cause No. CR94-381"C" (4) in the U.S. District Court, Eastern District of Louisiana. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

**U.S. v Bruce Webster** (1996), Cause No. 4:94-CR121-Y in the U.S. District Court, Northern District of Texas. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

**U.S. v Trinity Ingle** (1997), Cause No. 96-60023 in the U.S. District Court, Western District of Arkansas, Hot Springs Division. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

**U.S. v Dean Beckford** (1997), Cause No. 3:96CR66-01 in the U.S. District Court, Eastern District of Virginia, Richmond Division. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

**U.S. v Darryl Johnson** (1997), Cause No. 96 CR 379-1 in the U.S. District Court, North District of Illinois, Eastern Division. Sentencing Phase: Future Dangerousness - Testimony.

**U.S. v Aquilia Marcivicci Barnette** (1998), Criminal Docket 3:97CR23-P in the District Court of the United States of the Western District of North Carolina, Charlotte Divion. Sentencing Phase: Future Dangerousness - Testimony.

**U.S. v LaFawn Bobbitt** (1998), Criminal No. 3:97CLR169 in the District Court of the United States for the Eastern District of Virginia, Richmond Division. Sentencing Phase: Future Dangerousness - Testimony.

**U.S. v Anthony Ayeni Jones** (1998), Cause No. CR-WMN-96-0458 in U.S. District Court for the District of Maryland, Nothern Division. Sentencing Phase: Future Dangerousness - Testimony.

**U.S. v Marvin Holley** (1998), Cause No. CR96-B-0208-NE in U.S. District Court for the Northern District of Alabama. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

U.S. v **Saheem Johnson and Raheem Johnson** (1998), Criminal No. 97-00241-A in U.S. District Court for the Eastern District of Virginia, Alexandria Division. Sentencing Phase: Future Dangerousness - Testimony.

U.S. v **Daniel Lewis Lee** (1999), Case No. LR-CR-97-243(1) in U.S. District Court, Eastern District of Arkansas. Sentencing Phase: Mitigation - Testimony.

U.S. v **Christopher Andre Vialva** (2000), Criminal No. W-99-CR-070 in U.S. District Court, Western District of Texas, Waco Division. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

U.S. v **Willis Haynes** (2000), Criminal No. PJM 98 0520 in U.S. District Court for District of Maryland. Sentencing Phase: Mitigation – Testimony.

U.S. v **Daymon Smith** (2000), No. 1:909-CR-164(3) in U.S. District Court, Eastern District of Texas, Beaumont Division. Sentencing Phase: Mitigation - Testimony.

U.S. v **Coleman Leake Johnson, Jr.** (2001), No. 3:00CR00026 in U.S. District Court, Western District of Virginia, Charlottesville Division. Sentencing Phase: Future Dangerousness – Testimony.

U.S. v **Bin Laden, et als., (Khalfan Khamis Mohamed)** (2001), Criminal No. 98-CR-1023:008 in U.S. District Court of New York, Southern Division. Sentencing Phase: Future Dangerousness -Testimony.

U.S. v **Keith Nelson** (2001), Cause No. 99-00303-01-CR-W-2, in U.S. District Court, Western District of Missouri, Western Division. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

U.S. v **Marvin Charles Gabrion, II** (2002), Cause No. 1:99-CR-76 in U.S. District Court, Western District of Michigan. Sentencing Phase: Future Dangerousness – Testimony.

U.S. v **Julius Omar Robinson** (2002), Cause No. 4:00-CR-260-Y in U. S. District Court for Northern District of Texas, Fort Worth Divisoin. Sentencing Phase: Future Dangerousness – Testimony.

**State Court:**

**State of Texas v Ronald Springer** (1995), Sentencing Phase: Future Dangerousness - Testimony.

**State of Texas v Michael Gonzales** (1995), Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

2

State of Texas v Thomas Howard (1996), Sentencing Phase: Future Dangerousness - Testimony.

State of Texas v Robert Fratta (1996), Sentencing Phase: Future Dangerousness - Testimony on Bill.

State of Louisiana v Damon Thibodeaux (1997), Cause No. 96-4522 in the 24th Judicial District Court in and for Parish of Jefferson. Sentencing Phase: Mitigation - Testimony.

State of Oregon v Randy Lee Guzek (1997), Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

State of Texas v Justin Fuller (1998), No. 241-8081497-97 in the 241st District Court, Tyler, Texas. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

State of Oregon v Billy Lee Oatney, Jr. (1998), No. C962556CR in Washington County Circuit Court, Hillsboro, Oregon. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

State of New Jersey v James Minett (1998), No. 96-05-00550 in Superior Court of New Jersey Law Division: Union County, New Jersey: Sentencing Phase: Mitigation - Testimony.

State of Texas v Allen Bridgers (1998), No. 114-81252-97 in the 114th District Court, Tyler, Texas. Sentencing Phase: Mitigation and Future Dangerousness - Testimony at 705 Hearing.

State of Louisiana v James Casey (1998), No. 84,272 in 26th Judicial District Court, Bossier Parish, Louisiana. Sentencing Phase: Mitigation - Testimony.

State of Texas v Julius Murphy (1998), No. 97F0462-102 in the 102nd Judicial District Court of Bowie County. Sentencing Phase: Future Dangerousness - Testimony.

State of Texas v Danny Thomas (1998), Cause No. 346935 in 180th District Court of Harris Co., Texas. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

State of Illinois v Richard Morris (1998), No. 96.CR123 in the Circuit Court of Cook County, Illinois. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

State of Kansas v Virgil Bradford (1999), No. 97 CR 114 in Dickinson, Kansas. Sentencing Phase: Future Dangerousness - Testimony.

3

State of Tennessee v Ronald Rickman (1999), No. B-59341 in Criminal Court of Tennessee for Thirtieth Judicial District at Memphis, Division X. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

State of Tennessee v Richard Austin (1999), Cause No. B 58357 in Shelby County, Tennessee. Sentencing Phase: Future Dangerousness - Testimony.

State of Illinois v Ralph Harris (1999), Case No. 95-27598 in Circuit Court of Cook County, Illinois. Sentencing Phase: Future Dangerousness - Testimony.

State of Oregon v David Allen Cook (1999), Case No. 9610-37561 in Multnomah County Circuit Court, Oregon. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

State of Texas v Larry Donnell Davis (1999), Cause No. 36-683-B in 181st District Court in and for Potter County, Texas. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

State of Oregon v Jeffery Dana Sparks (1999), Case No. CR98326 in Yamhill County Circuit Court. Sentencing Phase: Future Dangerousness - Testimony.

State of Colorado v Lucas Salmon (1999), Case No. 97 CR 1551 in District Court, El Paso County, Division I. Sentencing Phase: Future Dangerousness - Testimony.

State of Kansas v Gavin D. Scott (1999), Case No. 96 CR 1748 in Eighteenth Judicial District, District Court, Sedgwick County, Kansas, Criminal Department, Division 4. Sentencing Phase: Mitigation and Future Dangerousness - Testimony.

South Carolina v Eugene Gary (1999), 97-GS-40-24141 in General Sessions Circuit Court in Columbia, South Carolina. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

State of Texas v Francisco Garcia, Jr. (1999), Cause No. B 12,033-9504 in 242nd District Court in and for Hale County, Texas. Sentencing Phase: Future Dangerousness – Testimony.

State of Louisiana v Erran Evans (1999), Case No. 384890 Section H in Orleans Parish Criminal District Court. Sentencing Phase: Mitigation – Testimony.

State of Tennessee v W. Glenn Rogers (2000), No. 38939 in Circuit Court for Montgomery County, Tennessee, at Clarksville. Sentencing Phase: Future Dangerousness – Testimony.

State of Texas v Michael Wayne Hall (2000), No. 0685479A in District Court, 371st Judicial District, Tarrant County, Texas. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

4

**State of Indiana v Jeremy Gross** (2000), No. 49G04-9808-CF-141115 in Marion Superior Court Criminal Division. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

**State of Texas v Larry Allen Hayes** (2000), No. 990805089CR in 410th District Court, Montgomery County, Texas. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

**State of New Mexico v John Hovey** (2000), Cause No. VA98-179, Valencia County. Sentencing Phase: Mitigation – Testimony.

**State of Louisiana v Donald S. Wright** (2000), Docket No. 63,758 in 26th Judicial Court, Parish of Webster. Sentencing Phase: Future Dangerousness - Testimony.

**State of Arkansas vs Kenneth Williams** (2000), Lincoln County Circuit Court No. LCR-99-147-3. Sentencing Phase: Mitigation - Testimony.

**Sate of Indiana, County of Marion v Jerry K. Thompson** (2000), Cause No. 49G03 9204 CFR 060651, Marion County Superior Court Criminal Division. Sentencing Phase: Future Dangerousness - Testimony.

**State of Idaho v Shawn Eric Smith** (2000), Case No. CR-98-553 in District Court of the Seventh Judicial District of the State of Idaho in and for County of Bonneville. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

**State of Oregon v David Lee Cox** (2000), #99C 46448 in Marion County District Court. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

**State of Nevada v Richard Powell** (2000). Case C148936 in District Court Clark County, Nevada. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

**State of Texas v Kevin Scott Varga** (2000), Cause No. 20,047 in District Court Hunt County, Texas. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

**State of Nevada v John Edward Butler** (2001), Cause No. C155791 in District Court, Clark County, Nevada. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

**State of Kansas v Jeffery Hebert** (2001), Case No. 99 CR 102 in Clay County, Kansas. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

**State of South Carolina v Bobby Lee Holmes** (2001), #90-GS46-1196, 1198, and 1200 in County of York, General Session, 16th Court. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

5

**State of Texas v Michael Adam Sigala** (2001), Cause No. 219-80429-01 in District Court of Collin County, Texas, 219th Judicial District. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

**State of Texas v Ivan Cantu** (2001), Cause No. 380-80047-01 in 380th District Court of Collin County, Texas, 219th Judicial District. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

**State of South Carolina v Michael James Laney** (2001), In Court of General Sessions, County of Greenvile. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

**State of New Jersey v Jacinto Hightower** (2002), Indictment No. 85-09-0814-1 in Superior Court of New Jersey. Sentencing Phase: Mitigation and Future Dangerousness – Testimony.

**State of Texas v James Edward Martinez** (2002), Cause No. 0784244D in 213th Judicial District Court, Tarrant County. Sentencing Phase: Future Dangerousness – Testimony.

**State of Texas v Joshua Maxwell** (2002), Cause No. 2001-CR-0031A in the District Court, 186th Judicial District, Bexar County, Texas. Sentencing Phase: Future Dangerousness.

**State of Texas v Reginald Perkins** (2002), Cause No. in the District Court, 371st Judicial District, Tarrant County, Texas. Sentencing Phase: Future Dangerousness.

6