

UNITED STATES of AMERICA,

      Plaintiff,

v.

      Case No. 01-00308-01-CR-W-FJG

WESLEY PURKEY

      Defendant.

## *DEFENDANT WESLEY PURKEY'S MOTION, EX PARTE AND UNDER SEAL, TO SUPPLEMENT REQUEST FOR FUNDS TO HIRE INVESTIGATOR*

Comes now Defendant Wesley Purkey, by attorney, Frederick A. Duchardt, Jr., and pursuant to 21 U.S.C. 848(q)(4)(B), 21 U.S.C. 848(q)(9) and 21 U.S.C. 848(q)(10)(B), hereby requests, *ex parte* and under seal, that this Court approve supplemental funding for his investigator, Michael Armstrong, for purposes of further development of evidence for both phases of trial. The grounds for this supplementary request will be set forth in the subsequent numbered subparagraphs.

1. On January 25, 2002, Mr. Purkey filed his request for appointment of Michael Armstrong to act as investigator for Mr. Purkey in preparing the above captioned cause for trial (Doc. 35).

2. On April 4, 2002, this Court granted Mr. Purkey's request for funding for Mr. Armstrong up to the sum of $35,000.00 (Doc. 63).

1

3. At the time that this request was made, the estimate for funding for the work by Mr. Armstrong was based upon information then available about the case, during the seminal stages of the case. The estimate was also based upon the assumption that a mitigation specialist would be hired, and would take on some of the duties associated with investigation for a possible penalty phase of trial.

4. Since that time, substantial investigation and discovery has been accomplished, with the help of the investigator. Thanks to that investigation, many new aspects of the case have been developed. This has developed new leads, which were not previously anticipated, but must now be pursued by the investigator.

5. Counsel had originally budgeted some $45,000.00 for the hiring of a mitigation specialist, the amount based upon prior experience in dealing with the payment of costs for such a mitigation specialist. Actually, Counsel later learned that, since the last time he had utilized a mitigation specialist, the costs for such a mitigation specialist had so substantially increased that the price tag for such a specialist would likely have been upwards of $80,000.00. Mitigation Specialists have classically been utilized to assist Counsel with preparing a penalty phase presentation, and undersigned Counsel has had experience using mitigation specialists in some cases. Counsel determined that the services of a mitigation specialist could be

Case 4:06-cv-08001-FJG    Document 47-12    Filed 10/16/07    Page 2 of 5

dispensed with, and budgetary savings realized, by reassigning to the investigator and to counsel the investigative work traditionally done by a mitigation specialist. This approach has allowed the same quality of work to be done more efficiently, without needless duplication of efforts, and therefore without the $80,000.00 cost for a mitigation specialist. However, this has significantly increased the workload of the investigator, and therefore the costs for the investigator, over that budgeted for initially.

6. Counsel requests that this Court approve additional funding in the amount of $10,000.00, thereby budgeting a total of $45,000.00 for the services of Mr. Armstrong. This estimate is based upon Mr. Armstrong's rate of pay, at $45.00 per hour, plus travel expenses.

7. The United States Supreme Court has clearly indicated that, since the services of experts may well be critical to effective presentation of a capital litigant's defense, such expenses may properly be paid by the Federal Courts per the dictates of 21 U.S.C. 848(q)(9). **McFarland v. Scott**, 114 S.Ct. 2568, 2572 (1994).

8. Should this Court not grant the relief sought in this Motion, such would violate Defendant's rights, to enjoy due process of law and equal protection of the law, to present evidence, and to be free from cruel and unusual punishment,

3

protected by the 5th, 6th and 8th Amendments to the Constitution of the United States.

9. Pursuant to 21 U.S.C. 848(q)(9), a defendant like Purkey may make his request for such funds *ex parte* and under seal to the extent that he can show need for such confidentiality. **In re Pruett**, 133 F.3d 275, 279 (4th Cir. 1997). A defendant demonstrates a need for such confidentiality when he shows that, by merely making his request for assistance, he necessarily reveals strategy, work-product, and confidential attorney/client communications. **In re Pruett**, 279. Permitting the defendant to have such requests considered by the Court *ex parte* merely does the proper thing of placing the indigent litigant upon the same footing as the one able to afford payment of his/her own expenses. **In re Pruett**, 279; **United States v. Hang**, 75 F.3d 1275, 1281 (8th Cir. 1996).

10. The foregoing explanation plainly reveals substantially Counsel's work product, attorney-client communications and trial strategy. Having to reveal all of this to the prosecution at this time would work a substantial unfairness to the defense.

WHEREFORE, Wesley Purkey prays this Honorable Court to make and enter its Order, under seal, authorizing an increase of $10,000.00 in the budget for investigator Michael Armstrong, for a total of $45,000.00, for purposes of providing Defendant Purkey first and second phase investigative assistance in the above captioned cause, and as detailed above.

4

Respectfully submitted

_____
FREDERICK A. DUCHARDT, JR.
Mo. Bar Enrollment Number 28868
P.O. Box 349, 110 E. 6th St.
Kearney Mo. 64060
Phone:   816-628-9095
Fax:     816-628-9046
ATTORNEY FOR WESLEY PURKEY

5

Case 4:06-cv-08001-FJG    Document 47-12    Filed 10/16/07    Page 5 of 5