IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,  )
                           )
            Plaintiff,     )
                           )        Criminal Case No.
    v.                     )        01-00308-01-CR-W-FJG
                           )
WESLEY IRA PURKEY,         )
                           )
            Defendant.     )

## MOTION

Motion to Supplement Request Ex Parte and Under Seal #3.

/s/ SARAH W. HAYS
SARAH W. HAYS
U.S. Magistrate Judge

Kansas City, Missouri
October 2, 2003

SEALED

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES of AMERICA, )
)
Plaintiff, )
)
v. )  Case No. 01-00308-01-CR-W-FJG
)
)
WESLEY PURKEY )
)
Defendant. )

## *DEFENDANT WESLEY PURKEY'S MOTION TO SUPPLEMENT REQUEST EX PARTE AND UNDER SEAL #3*
### *FOR FUNDS TO OBTAIN MITIGATION/SENTENCING EXPERT ASSISTANCE*

Comes now Defendant Wesley Purkey, by attorney, Frederick A. Duchardt, Jr., and pursuant to 21 U.S.C. 848(q)(4)(B), 21 U.S.C. 848(q)(9) and 21 U.S.C. 848(q)(10)(B), hereby requests, *ex parte* and under seal, that this Court approve supplemental funding for a mitigation/sentencing expert, Dr. Mark Cunningham, Ph.D., for purposes of further development of evidence in support of issues related to the penalty phase defense for this case. The grounds for this supplementary request will be set forth in the subsequent numbered subparagraphs.

1. On October 28, 2002, this Court granted leave of Court for the filing, under seal, of Mr. Purkey's request for appointment of Dr. Mark Cunningham, Ph.D. to conduct an evaluation and prepare expert testimony addressing the government's allegations of future dangerousness against Mr. Purkey, as well as other sentencing issues related to the case (Doc. 139).

1

Case 4:06-cv-08001-FJG    Document 47-14    Filed 10/16/07    Page 2 of 6

2. On that same date, October 28, 2002, this Court granted Mr. Purkey's request for funding for Dr. Cunningham's evaluation and other work, up to the sum of $25,000.00 (Doc. 139).

3. At the time that this request was made, trial was tentatively scheduled to begin in March of 2003, Mr. Purkey was being housed at the CCA Leavenworth Detention Center, Mr. Purkey was not receiving medication for his mental condition, and about 3,000 pages of materials had been obtained pertaining to issues of future dangerousness regarding Mr. Purkey. Dr. Cunningham endeavored to prepare for his testimony on the March trial date based upon the information then available, and the funds requested would have been adequate for that purpose.

4. Since that time, Mr. Purkey has been transferred to USP-Leavenworth, and has been placed on an adequate medication. In addition, some 3,000 additional pages of information related to sentencing issues have been unearthed, and provided to Dr. Cunningham for his review. These changes were not, and could not have been, anticipated at the time the original cost estimates were created.

5. Finally, due to the severity of Mr. Purkey's mental condition, prior to his stabilization with medication, the process of Dr. Cunningham's original evaluation itself has taken longer than originally anticipated.

6. Thanks to the work that Dr. Cunningham has done, and the testimony he will now be able to put forth, combined with

2

Case 4:06-cv-08001-FJG    Document 47-14    Filed 10/16/07    Page 3 of 6

anticipated testimony from a mental health experts who have also been retained, supported by done by Mr. Purkey's investigator and Counsel, Counsel for Mr. Purkey has been able to dispense with the hiring of a mitigation specialist. Mitigation Specialists have classically been utilized to assist Counsel with preparing a penalty phase presentation, and undersigned Counsel has had experience using mitigation specialists in some cases. Counsel had originally budgeted some $45,000.00 for the hiring of a mitigation specialist, the amount based upon prior experience in dealing with the payment of costs for such a mitigation specialist. Actually, Counsel later learned that, since the last time he had utilized a mitigation specialist, the costs for such a mitigation specialist had so substantially increased that the price tag for such a specialist would likely have been upwards of $80,000.00. Again, as it turned out, in light of the critical aspects of this case, the development and presentation of the issues of mitigation could be well addressed while dispensing with the additional cost of a mitigation specialist. Dispensing with the $80,000.00 cost of a mitigation specialist has resulted in a significant overall savings in the budget, but has in no way adversely impacted the defense, since the duties which would have been assumed by the mitigation specialist have merely been shifted to others, including Dr. Cunningham, all to better and more efficient effect for the defense.

7. After consultation with Dr. Cunningham, Counsel has

3

determined that, in order to complete pretrial preparation work, to prepare a report of findings and conclusions, to prepare for trial testimony, and to testify at time of trial, Dr. Cunningham will require additional funding in the amount of $4,000.00, thereby budgeting a total of $29,000.00 for the services of Dr. Peterson.

8. The United States Supreme Court has clearly indicated that, since the services of experts may well be critical to effective presentation of a capital litigant's defense, such expenses may properly be paid by the Federal Courts per the dictates of 21 U.S.C. 848(q)(9). *McFarland v. Scott*, 114 S.Ct. 2568, 2572 (1994).

9. Should this Court not grant the relief sought in this Motion, such would violate Defendant's rights, to enjoy due process of law and equal protection of the law, to present evidence, and to be free from cruel and unusual punishment, protected by the 5th, 6th and 8th Amendments to the Constitution of the United States.

10. Pursuant to 21 U.S.C. 848(q)(9), a defendant like Purkey may make his request for such funds *ex parte* and under seal to the extent that he can show need for such confidentiality. *In re Pruett*, 133 F.3d 275, 279 (4th Cir. 1997). A defendant demonstrates a need for such confidentiality when he shows that, by merely making his request for assistance, he necessarily reveals strategy, work-product, and confidential attorney/client communications. *In re Pruett*, 279. Permitting the defendant to have such requests considered by the Court *ex parte* merely does the proper thing of

4

placing the indigent litigant upon the same footing as the one able to afford payment of his/her own expenses. *In re Pruett*, 279; *United States v. Hang*, 75 F.3d 1275, 1281 (8th Cir. 1996).

11. The foregoing explanation plainly reveals substantially Counsel's work product, attorney-client communications and trial strategy. Having to reveal all of this to the prosecution at this time would work a substantial unfairness to the defense.

WHEREFORE, Wesley Purkey prays this Honorable Court to make and enter its Order, under seal, authorizing an increase of $4,000.00 in the budget for Dr. Mark Cunningham, Ph.D., for a total of $29,000.00, for purposes of providing Defendant Purkey sentencing expert assistance in the above captioned cause, and as detailed above.

Respectfully submitted

FREDERICK A. DUCHARDT, JR.
Mo. Bar Enrollment Number 28868
P.O. Box 349, 110 E. 6th St.
Kearney Mo. 64060
Phone:   816-628-9095
Fax:     816-628-9046
ATTORNEY FOR WESLEY PURKEY

5