IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WESLEY IRA PURKEY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No: 06-08001-CV-W-FJG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

MOTION OF THE UNITED STATES FOR AN ORDER REQUIRING TRIAL COUNSEL,
MR. FRED DUCHARDT, TO PREPARE AN AFFIDAVIT IN RESPONSE
TO PURKEY'S ALLEGATIONS OF INEFFECTIVE ASSISTANCE OF COUNSEL FILED
PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255

The United States of America by John F. Wood, United States Attorney, and Matt J.

Whitworth, First Assistant United States Attorney, respectfully request the Court to enter an

order requiring trial counsel for Movant Wesley Ira Purkey to prepare an affidavit in response to

Purkey's allegations of ineffective assistance of counsel.

In support, counsel for the United States states as follows:

1. On October 16, 2007, Movant Wesley Ira Purkey, by and through counsel, filed a

Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code,

Section 2255. The motion was 56 pages long and raised a multitude of issues including multiple

allegations of constitutionally ineffective assistance of counsel during pretrial preparation, during

the jury trial, and on appeal. In his motion, Purkey was highly critical of trial and appellate

counsel, Mr. Fred Duchardt, claiming that his representation of Purkey was constitutionally

inadequate.

2. On November 30, 2007, Purkey, by and through counsel, filed additional Suggestions in Support of his Motion to Vacate, Set Aside, or Correct Sentence. Purkey's Suggestions in Support are 84 pages long and again raise a multitude of allegations claiming constitutionally ineffective assistance of counsel by trial and appellate counsel Fred Duchardt.

3. On December 19, 2007, counsel for the United States filed a motion for extension of time to file a response to Purkey's Motion to Vacate, Set Aside, or Correct Sentence. The United States has requested an additional 60 days within which to respond to Purkey's motion.

4. In his motion, Purkey alleges the following claims relating to allegations of ineffective assistance of counsel:

a. Purkey claims he was denied the effective assistance of trial and appellate counsel in violation of the Fifth and Sixth Amendments due to counsel's failure to object to the government's deliberate misconduct during the trial and repeatedly referring to Purkey's desire to serve a life sentence in the United States petitionary as a desire to go to "club fed" and appellate counsel's failure to assert this ground on direct appeal;

b. Purkey alleges he was denied the effective assistance of trial counsel in violation of the Sixth Amendment due to counsel's unfulfilled and prejudicial promise to the jury during opening statement in the trial that Jennifer Long's friends and family would testify that there was no kidnaping;

c. Purkey claims he was denied the effective assistance of trial counsel in violation of the Sixth Amendment due to counsel's failure to prepare and present evidence to rebut the uncorroborated self-serving testimony of government witness Michael Speakman;

d. Purkey claims he was denied the effective assistance of trial counsel in violation of the Sixth Amendment due to counsel's failure to obtain the services of a mitigation specialist or otherwise adequately investigate, prepare and present mitigation evidence;

e. Purkey claims he was denied the effective assistance of trial counsel in violation of the Sixth Amendment due to counsel's failure to adequately prepare and present the expert testimony of Bruce Leeson, Ph.D.;

2

f.      Purkey claims he was denied the effective assistance of trial counsel in violation of the Sixth Amendment due to counsel's failure to adequately prepare and present the testimony of Steven Peterson, M.D.;

g.      Purkey claims he was denied the effective assistance of trial counsel in violation of the Sixth Amendment due to counsel's failure to adequately prepare and present the expert testimony of Mark Cunningham, Ph.D.;

h.      Purkey claims he was denied the effective assistance of trial counsel in violation of the Sixth Amendment due to counsel's failure to adequately prepare and present the lay testimony of Gary Hamilton and Angie Genail in mitigation;

i.      Purkey claims he was denied the effective assistance of trial counsel in violation of the Sixth Amendment due to counsel's failure to adequately investigate and prepare witnesses, which resulted in counsel calling alleged "mitigation" witnesses that were prejudicial;

j.      Purkey claims he was denied the effective assistance of trial counsel in violation of the Sixth Amendment due to counsel's failure to advise him to testify in sentencing;

k.      Purkey claims he was denied the effective assistance of trial counsel in violation of the Sixth Amendment when counsel failed to impeach Agent Tarpley's testimony that he had heard of Purkey's recantation "right before this trial.";

l.      Purkey claims he was denied the effective assistance of trial counsel in violation of the Sixth Amendment when counsel failed to correct the government's deliberate misconduct in asserting that Purkey had just walked into court and recanted the kidnaping for the first time because counsel both knew that Purkey had disclaimed the kidnaping since their very first meetings with him two years before trial;

m.      Purkey claims he was denied the effective assistance of trial and appellate counsel in violation of the Fifth and Sixth Amendments when counsel failed to object to the government's deliberate misconduct in asserting that Purkey had just walked into court and recanted the kidnapping for the first time when appellate counsel failed to assert this ground on direct appeal;

n.      Purkey claims he was denied the effective assistance of trial counsel in violation of the Sixth Amendment when counsel tied Purkey's hands while testifying, telling him that he could not mention having told Dr. Peterson that he did not kidnap Ms. Long and if he did, his entire testimony would be struck by the court;

3

o.      Purkey claims he was denied the effective assistance of trial counsel in violation of the Sixth Amendment when counsel failed to call Dr. Stephen E. Peterson to testify that Purkey had denied kidnaping Ms. Long when he had interviewed Purkey in 2002;

p.      Purkey claims he was denied his right to effective assistance of counsel when appellate counsel failed to argue that no reasonable juror could have found beyond a reasonable doubt that Purkey kidnaped Ms. Long from Missouri and forced her to go to his home in Kansas; and

q.      Purkey was denied the effective assistance of counsel guaranteed by the Sixth Amendment due to the cumulative effect of counsel's deficient conduct and the resulting prejudice.

5.      In addition to the above allegations of ineffective assistance, Laura O'Sullivan, co-counsel to Mr. Duchardt both before and during the jury trial of this case, has filed an affidavit in support of Purkey's motion in which she is quite critical of Mr. Duchardt's representation of Purkey.

6.      The United States will be able to draft a response to the majority of Purkey's claims. However, in order to adequately respond to some of the allegations Purkey makes regarding ineffective assistance of counsel, the government needs an affidavit from trial counsel Mr. Fred Duchardt. In particular, Mr. Duchardt's affidavit would be beneficial to the government in responding to Purkey's claims and to the Court in reaching a decision on the merits of Purkey's ineffective assistance of counsel allegations. The United States believes that many of the allegations are, in all likelihood, the result of strategical decisions by counsel for which there are entirely reasonable explanations.

7.      The government has requested Mr. Duchardt to prepare an affidavit addressing the ineffective assistance of counsel issues. However, on October 30, 2007, Mr. Duchardt provided counsel for the United States with a letter in which he declined to provide an affidavit responding

4

to Purkey's allegations of ineffective assistance.  Mr. Duchardt indicated that before he could respond he would need to obtain an attorney-client waiver from Purkey or, in the alternative, if the Court ordered him to do so he would provide testimony or evidence in response to the allegations.  A copy of Mr. Duchardt's letter of 10-30-07 is attached as Exhibit A.

8.　　Counsel for the United States does not believe that an affidavit in response to ineffective assistance claims would be a violation of the Missouri Supreme Court Rules of Professional Conduct.  However, Mr. Duchardt is adamant that he will not provide an affidavit absent a waiver or a court order.  In the *habeas* context, courts have implied a waiver of the attorney-client privilege when the petitioner "injects into [the] litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct."  *Johnson v. Alabama,* 256 F.3d 1156, 1178 (11th Cir. 2001).  But, this implied waiver has typically been the result of a petitioner's assertion of his own counsel's ineffectiveness. *See id.* " By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, [the petitioner] put at issue and thereby waived any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys strategic choices." *See also, Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), *Tasby v. United States,* 504 F.2d 332, 336 (8th Cir. 1974).  When a client calls into public question the competence of his attorney, the privilege is waived."  Implied waivers are consistently construed narrowly.  *In re. Lott*, 424 F.3d 446 (6th Cir. 2005).  Courts "must impose a waiver no broader than needed to insure the fairness of the proceedings before it." *Bittaker*, 331 F.3d at 720 (*habeas* proceeding).  "A broad waiver rule would no doubt inhibit the kind of frank attorney-client communications and vigorous investigation of all possible defenses that the

5

attorney-client and work product privileges are designed to promote." *Id.* at 722. *See, in re. Lott, supra*.

9.     The United States seeks a narrow waiver of the attorney-client privilege which would permit Mr. Duchardt to respond to the specific allegations of ineffective assistance by Purkey described above and further described in Purkey's motion and suggestions.

Based on the above reasons, the government respectfully requests this Court to order trial and appellate counsel, Mr. Fred Duchardt, to file a responsive affidavit to the specific allegations of ineffective assistance of counsel raised in Purkey's motion.

Respectfully submitted,

JOHN F. WOOD
United States Attorney

By     */s/ Matt J. Whitworth*

MATT J. WHITWORTH
First Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri  64106
Telephone:  (816) 426-3122

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on January 3, 2008, to the CM-ECF system of the United States District Court for the Western District of Missouri and the undersigned hereby certifies that a copy of the foregoing was mailed to:

Gary E. Brotherton, Esq.
601 W. Nifong Boulevard
Building 1, Suite C
Columbia, Missouri 65203

Teresa L. Norris, Esq.
P.O. Box 11744
Columbia, South Carolina 29211

/s/ Matt J. Whitworth
MATT J. WHITWORTH
First Assistant United States Attorney