# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

WESLEY IRA PURKEY, )
)
        Movant, )
)
v. ) No. 06-8001-CV-W-FJG
)
UNITED STATES OF AMERICA, )
)
        Respondent. )

# ORDER

Currently pending before the Court is movant's Motion to Compel the Bureau of Prisons to Provide Purkey With Necessary and Essential Psychiatric Treatment (Doc. # 44); Purkey's Pro Se Motion to Withdraw Habeas Counsel (Doc. # 57); Government's Motion for Extension of Time to File Response to Purkey's § 2255 Motion (Doc. # 58); Purkey's Motion to Withdraw Document # 57 (Doc. # 59) and the Government's Motion for an Order Requiring Trial Counsel to Prepare and Affidavit in Response to Allegations of Ineffective Assistance of Counsel (Doc. # 60).

## I. Motion to Compel the Bureau of Prisons to Provide Purkey With Necessary and Essential Psychiatric Treatment

Counsel for Purkey states that he is not receiving the necessary and essential psychiatric care that he requires. Counsel claims that the Clinical Director at USP-Terre Haute, Dr. Thomas Webster, limits his contact with Purkey and only walks by Purkey's cell and does not take the time to accurately assess his psychiatric state. Purkey's counsel states that Dr. Peterson, who has evaluated Purkey in the past has recommended that Purkey restart medications to treat his depression, anxiety and

mood swings.  Counsel state that these medications are necessary to ensure that Purkey will be able to rationally communicate and assist his counsel in the future.

Counsel for the Government states that he consulted with Dr. Stephen Eckert, Ph.D., the Chief Psychologist at USP-Terre Haute.  Attached to the Government's Suggestions is a Declaration of Dr. Eckert.  In his Declaration, Dr. Eckert states that he has reviewed correspondence from Purkey and has also consulted with various other Bureau of Prison psychiatrists and psychologists concerning Purkey's alleged psychiatric and psychological needs.  Dr. Eckert concludes that:

> Mr. Purkey can present as markedly irritable and hostile which periodically culminates in angry outbursts.  In many records reviewed as well as his current mental status appear to clearly point to the fact that Mr. Purkey's irritability/hostility has its genesis in a maladaptive personality style (Antisocial Personality Disorder) rather than a mental illness. Consequently, there does NOT appear to be any mental health condition to treat pharmacologically.  Mr. Purkey will continue to be monitored routinely by the FCC Psychology Department and will be afforded treatment commensurate with his presenting needs.

Purkey did not file any Reply Suggestions disputing the Declaration of Dr. Eckert or his conclusions.  The Court finds no basis on which to second guess the conclusions or determinations of Dr. Eckert.  As the Chief Psychologist at USP-Terre Haute, Dr. Eckert is in the best position to observe Mr. Purkey and note any behavioral changes.  If counsel continue to encounter difficulties in working with Mr. Purkey, they should contact Dr. Eckert.   The Court feels confident that Dr. Eckert will make every effort to respond to counsel's concerns in a prompt and timely manner.  Accordingly, the Court hereby **DENIES** the Motion to Compel the Bureau of Prisons to Provide Mr. Purkey With Necessary and Essential Psychiatric Treatment (Doc. # 44).

2

**II. Pro Se Motion to Withdraw Habeas Counsel**

On December 14, 2007, Purkey filed a Motion seeking leave to have his habeas counsel withdrawn and to proceed pro se. However, on December 20, 2007, Purkey's counsel filed a Motion to Withdraw the Pro Se Motion to Withdraw Counsel. The Motion states that counsel has twice discussed the matter with Purkey and has received from him his further request that the motion be withdrawn. Attached to the Motion was an attachment signed by Purkey asking to withdraw the Motion to Relieve court-appointed counsel. Accordingly, for good cause shown, the Court hereby **GRANTS** the Motion to Withdraw the Pro Se Motion to Withdraw Habeas Counsel (Doc. # 59). The Court hereby **ORDERS** that Document No. 57 be **STRICKEN** from the record.

**III. Government's Motion for Extension of Time to Respond to § 2255 Motion**

The Government states that on November 30, 2007, Purkey filed suggestions in support of his § 2255 motion which were eighty-four pages in length and which raised twenty-two substantive issues of law. The Government is requesting an additional sixty days in which to respond to the issues raised in Purkey's motion. Counsel for Purkey has indicated no opposition to the requested extension. Accordingly, for good cause shown, the Motion for an Extension of Time is hereby **GRANTED**. The Government's Suggestions in Opposition to Purkey's § 2255 Motion shall be filed on or before **Tuesday, March 4, 2008**.

**IV. Government's Motion for An Order Requiring Fred Duchardt to Prepare An Affidavit in Response to Allegations of Ineffective Assistance of Counsel.**

The Government states that in his § 2255 Motion and Suggestions, Purkey makes

3

several allegations regarding Mr. Duchardt's representation of him during the trial.  The Government states that in order to adequately respond to the allegations it needs an affidavit from trial counsel Mr. Fred Duchardt.  The Government indicates that Mr. Duchardt has declined to provide an affidavit unless he has an attorney-client waiver from Mr. Purkey or alternatively, if the Court were to order him to provide testimony or evidence in response to the allegations.  The Government states that when a petitioner argues that his counsel was ineffective, then he waives any attorney client privilege.  See Tasby v. U.S., 504 F.2d 332, 336 (8th Cir. 1974)("[Petitioner] at the § 2255 hearing attacked the representation of his attorney, thereby putting into question the substance of his communications with [petitioner].  We think this establishes [petitioner's] waiver of the privilege."), Stobaugh v. U.S., No. 06-3317-CV-S-RED, 2007 WL 628420, *1, n.1 (W.D.Mo. Feb. 27, 2007)("Stobaugh waived the attorney-client privilege when he claimed that his attorney's advice constituted ineffective assistance of counsel.").  Thus, because Purkey has claimed that he received ineffective assistance of counsel, the Court finds that Purkey has waived his attorney-client privilege as to those allegations.  Accordingly, the Court hereby **GRANTS** the Motion for an Order Requiring Trial Counsel to Prepare and Affidavit (Doc. # 60).  The Court hereby **ORDERS** Mr. Duchardt to prepare an affidavit in response to Purkey's allegations of ineffective assistance of counsel.

Date:   2/1/08                       **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri            Fernando J. Gaitan, Jr.
                                  Chief United States District Judge

5