# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

WESLEY IRA PURKEY,      )
         )
       Movant,      )
         )
     v.          )      No. 06-8001-CV-W-FJG
         )
UNITED STATES OF AMERICA,      )
         )
       Respondent.      )

## MOTION TO COMPEL THE GOVERNMENT TO COMPLY FULLY WITH THIS COURT'S SEPTEMBER 6, 2007, DISCOVERY ORDER

Wesley I. Purkey, by undersigned counsel, pursuant to the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and pursuant to Rule 6 of the Rules Governing § 2255 Proceedings, requests an Order from this Court compelling the United States government to comply with this Court's September 6, 2007, discovery order. In support, Mr. Purkey states the following:

1. On July 30, 2007, Mr. Purkey filed his initial *Motion for Leave to Conduct Discovery and Supporting Memorandum*, and he renews that motion now.

2. On August 9, 2007, the United States filed its *Suggestions in Opposition* to that discovery.

3. On August 22, 2007, Mr. Purkey filed his *Reply Suggestions in Support of*

1

*Motion for Discovery.*

4.    And, on September 6, 2007, this Court ordered the United States to produce "the rough drafts of reports or rough notes made by FBI agents pertaining to the investigation and prosecution of Purkey." (Doc. 29).

5.    On or about November 12, 2007, undersigned counsel received an envelope containing 84 pages of rough notes pertaining to this case. There was no accompanying explanation of what was included or when the rest of the notes would be provided.

6.    The November, 2007, disclosure was not complete. For example, there were no notes for many interviews and no rough drafts of reports. Additionally, the 84 pages did not even include Agent Tarpley's notes of the interviews of Mr. Purkey, which were the only notes disclosed to trial counsel. Furthermore, this disclosure did not contain the rough notes of Agent Tarpley that Detective Howard altered (*See, e.g.,* Tr. 459 where Det. Howard testified that *he* had corrected Agent Tarpley's rough notes).

7.    Rough interview notes definitely fall within the category of potentially discoverable materials required to be preserved and produced. *United States v. Harrison,* 524 F.2d 421, 423 (D.C. Cir. 1975), *citing United States v. Bryant,* 439 F.2d 642, 652 (1971). In *Bryant,* the Court held that

2

sanctions for nondisclosure based on loss of evidence will be invoked in the future unless the Government can show that it has promulgated, enforced and attempted in good faith to follow rigorous and systematic procedures designed to preserve *all* discoverable evidence gathered in the course of a criminal investigation. The burden, of course, is on the Government to make this showing.

*Bryant,* 439 F.2d at 652 (emphasis in original).

8. The FBI long-ago adopted a policy of preserving the original, rough notes of its investigations. *United States v. Dupree,* 553 F.2d 1189, 1191, n. 1 (8th Cir. 1977).

For all the reasons set forth above, Mr. Purkey respectfully requests that this Court issue an Order compelling the United States government to comply fully with this Court's September 6, 2007, discovery order and disclose all rough notes and 302s "pertaining to the investigation and prosecution of Purkey."

Respectfully submitted,

| | |
|---|---|
| Teresa L. Norris, Esq. | Gary E. Brotherton, Esq. |
| P.O. Box 11744 | 601 W. Nifong Blvd., Ste. 1C |
| Columbia, SC 29211 | Columbia, Missouri 65203 |
| (803) 765-1044 (Phone) | (573) 875-1571 Phone |
| (803) 765-1143 (Fax) | (573) 875-1572 Fax |
| teresa@blumelaw.com | GEBrotherton@LegalWritesLLC.com |
| Co-counsel to Movant | Co-counsel to Movant |

By:   /s/  Gary E. Brotherton
GARY E. BROTHERTON
Co-counsel to Movant

3

<u>CERTIFICATE OF SERVICE</u>

This will certify that, on today's date, this motion was served upon the United States by filing via CM/ECF.

<u>/s/ Gary E. Brotherton</u>
Gary E. Brotherton

<u>Dated</u>:     Columbia, MO
March 20, 2008

4