IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

WESLEY IRA PURKEY,                    )
                                      )
            Movant,                   )
                                      )
      v.                              )     Case No: 06-08001-CV-W-FJG
                                      )     Crim. No.  01-00308-01-CR-W-FJG
UNITED STATES OF AMERICA,             )
                                      )
            Respondent.               )

GOVERNMENT'S RESPONSE TO PURKEY'S MOTION TO COMPEL THE
GOVERNMENT TO COMPLY FULLY WITH THE
COURTS ORDER OF SEPTEMBER 6, 2007

The respondent, United States of America by John F. Wood, United States Attorney, and

Matt J. Whitworth, First Assistant United States Attorney, Western District of Missouri, provides

the following response to Purkey's Motion to Compel the Government to Comply Fully with the

Court's September 6, 2007 Discovery Order:

1.      The United States has previously fully complied with the Court's discovery order

of September 6, 2007 when it provided the 85 pages of agent notes to counsel for Purkey.  On

March 21, 2008, counsel for the United States confirmed with Special Agent Dirk Tarpley of the

Federal Bureau of Investigation (FBI) that the FBI has produced copies of all notes of interviews

in the possession of the FBI.  There are no rough drafts of reports in existence.  Assuming there

ever were any rough drafts of reports prepared, the drafts are not required to be maintained in the

files of the FBI.  Only the final report is maintained.

2.      Purkey complains that notes were not produced for every FBI report produced.

Purkey's suggestion that agents are required to prepare notes for every interview conducted is

simply inaccurate and misleading.  All of the agent notes in the FBI files have been produced.

3.      Purkey also complains that the FBI did not provide the notes of the interview of Purkey which had been previously produced by the United States during the prosecution stage of this litigation.  The United States is not required to produce the same notes twice.

4.      Finally, the legal authority cited by Purkey in support of his motion is misleading and does not support his request to this Court for a second order requiring the United States to turn over what it has already produced in its entirety.  None of the cases cited by Purkey deal with litigation in the context of a post conviction relief motion filed pursuant to Title 28, United States Code, Section 2255.  For example, *United States v. Harrison*, 524 F.2d 421,423 (D.C. Cir. 1975), cited by Purkey had nothing to do with a post conviction relief motion filed pursuant to 28 U.S.C. § 2255.  The *Harrison* case involved a criminal prosecution relating to an armed robbery of a savings and loan association.  Purkey also cites as authority *United States v. Bryant*, 439 F.2d 642 (1971).  This case also did not involve a post conviction relief motion, but rather a criminal prosecution for the sale of heroin.  In addition, this case had nothing to do with the production of notes of agent interviews.  Rather, the issue in *Bryant* involved a tape recording made by government agents that involved a motel room conversation between the defendants and an undercover agent concerning the sale of narcotics.  The government apparently lost the recording prior to trial.  Purkey's reliance on *Bryant* as authority is misplaced.  Finally, Purkey cites as authority *United States v. Dupree*, 553 F.2d 1189 (8th Cir. 1977), as authority for his request for a second order.  Again, Purkey's reliance on *Dupree* is misplaced.  This case involved a criminal prosecution of an attempted extortion in interference with interstate commerce with threats of violence.  The case did not involve a prisoner's post conviction request for relief pursuant to Title 28, United States Code, Section 2255.  This case involved the loss of the

2

original logs created by an FBI agent involved in the surveillance of the defendant's movements. *Dupree* had nothing to do with agent notes of interviews.

5.     The United States has fully complied with the Court's previous order of September 6, 2007.  All agent notes have been produced.  The United States respectfully suggests that Purkey's Second Motion to Compel is without merit and should be denied.

Respectfully submitted,

JOHN F. WOOD
United States Attorney

By      */s/ Matt J. Whitworth*

MATT J. WHITWORTH
First Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri  64106
Telephone:  (816) 426-3122

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on March 24, 2008, to the CM-ECF system of the United States District Court for the Western District of Missouri and the undersigned hereby certifies that a copy of the foregoing was mailed to:

Gary E. Brotherton, Esq.
601 W. Nifong Boulevard
Building 1, Suite C
Columbia, Missouri 65203

Teresa L. Norris, Esq.
P.O. Box 11744
Columbia, South Carolina 29211

/s/ Matt J. Whitworth
MATT J. WHITWORTH
First Assistant United States Attorney

4