# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

WESLEY IRA PURKEY,     )
          Movant,     )
                   )
v.                )     No. 06-8001-CV-W-FJG
                   )
UNITED STATES OF AMERICA,    )
          Respondent.     )
                   )

## MOTION TO SET THIS MATTER FOR
## AN EVIDENTIARY HEARING

Movant, Wesley Ira Purkey, by court-appointed counsel, hereby moves this Court, pursuant to 28 USCS § 2255(b), to set this matter for an evidentiary hearing. In support of this motion, Mr. Purkey states:

1.     On October 16, 2007, Mr. Purkey filed his motion to vacate his conviction and death sentence and attached a number of affidavits:

| | |
|---|---|
| Ex. 1 | Declaration of Laura O'Sullivan |
| Ex. 11 | Declaration of Mark Cunningham, Ph.D. |
| Ex. 15 | Declaration of Stephen Peterson, M.D. |
| Ex. 16 | Declaration of Gary Hamilton |
| Ex. 18 | Declaration of Rex Newton, M.D. |
| Ex. 20 | Declaration of Floyd Bose |
| Ex. 21 | Declaration of Dion Leiker |
| Ex. 25 | Declaration of Sam Hoffmeier |

(Doc. 47). Mr. Purkey requested an evidentiary hearing (Doc. 47, p. 52-53).

1

Case 4:06-cv-08001-FJG    Document 84    Filed 10/07/08    Page 1 of 12

2.	On November 30, 2007, Mr. Purkey filed his Memorandum in Support of his 2255 motion, attaching additional affidavits:

| | |
|---|---|
| Ex. 26 | Declaration of Cornelius Peoples |
| Ex. 27 | Declaration of Melvin Lister |
| Ex. 28 | Declaration of Margaret Noe |
| Ex. 29 | Declaration of Evette Noe |

(Doc. 52).

3.	On May 20, 2008, the Government filed its suggestions in opposition to Mr. Purkey's 2255 motion, attaching "Statement of Frederick A. Duchardt, Jr." (Doc. 73).[1]

4.	On September 15, 2008, Mr. Purkey filed his reply suggestions in support of his 2255 motion, again, attaching a number of affidavits:

| | |
|---|---|
| Ex. 1 | Declaration of Jennifer Herndon (12/2/04) (filed in *Sinisterra v. United States*, Case No. 04-cv-8003-GAF (W.D. Mo.) |
| Ex. 2 | Declaration of Jennifer Herndon (10/31/07) (filed in *Sinisterra v. United States*, Case No. 04-cv-8003-GAF (W.D. Mo.) |
| Ex. 4 | Declaration of Sean D. O'Brien, Esq. |
| Ex. 5 | Declaration of Angie Genail |
| Ex. 6 | Declaration of Debbie Prothero (7/23/08) |
| Ex. 7 | Declaration of Debbie Prothero (3/2/08) |
| Ex. 8 | Declaration of Russ Prothero |
| Ex. 9 | Declaration of Marguerite Hotchkiss (7/23/08) |
| Ex. 10 | Declaration of Marguerite Hotchkiss (1/25/08) |
| Ex. 11 | Declaration of Sam Hoffmeier |
| Ex. 12 | Declaration of Dion Leiker |

---

[1] Mr. Purkey has moved to strike Mr. Duchardt's statement (Doc. 83).

Case 4:06-cv-08001-FJG	Document 84	Filed 10/07/08	Page 2 of 12

Ex. 13    Declaration of Floyd Bose
Ex. 14    Declaration of Margaret "Peggy" Noe
Ex. 15    Declaration of Evette Noe

(Doc. 82). Mr. Purkey renewed his request for an evidentiary hearing, noting that he would be filing this motion by October 15, 2008 (Doc. 82, p. 56).

5.    Under § 2255(a), an evidentiary hearing must be granted "unless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief." (emphasis added). Although Mr. Purkey bears the burden to establish his right to a hearing, that burden is "relatively light ... and is significantly lower than his burden to show he is entitled to § 2255 relief." *Valentine v. United States*, 488 F.3d 325, 333-34 (6th Cir. 2007), *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999).

6.    The Rules Governing § 2255 Proceedings illustrate that this language is intended to incorporate the standards governing evidentiary hearings in *habeas corpus* cases that was articulated by the United States Supreme Court in *Townsend v. Sain*, 372 U.S. 293, 312 (1963). *See* Advisory Committee Notes to Rule 8, Rules Governing § 2255 Proceedings (incorporating Advisory Committee Notes to Rule 8, Rules Governing § 2254 Cases).[2] There, the Supreme Court articulated the

---

[2] "The standards for § 2255 hearings are essentially the same as for evidentiary hearings under a *habeas* petition, except that the previous federal fact-finding proceeding is in issue [in determining whether a hearing is necessary] rather than the state's." Advisory Committee Notes to Rule 8 of the Rules Governing § 2255 Proceedings.

3

appropriate standard for determining when an evidentiary hearing was mandatory as follows: "Where the facts are in dispute, the federal court in *habeas corpus must* hold an evidentiary hearing if the *habeas* applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding." 372 U.S. at 312 (emphasis added). As the *Townsend* court further explained, the litigant must also demonstrate that the facts alleged, if true, would entitle him to relief. 372 U.S. at 312. The *Townsend* court then identified six circumstances under which a federal court *must* grant an evidentiary hearing:

> If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the factfinding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

372 U.S. at 313.

7. In 2255 cases like this, of course, there is no prior *habeas* proceeding in which an evidentiary hearing could have been conducted on the movant's claims. Thus, the 2255 proceeding is the only vehicle through which a factual record may be made. An evidentiary hearing is necessary when (1) there are disputed issues of fact that cannot be conclusively resolved on the basis of the extant record alone and (2) those facts, if true, would entitle the movant to relief.

4

8.    Mr. Purkey has made copious allegations of ineffectiveness which are not conclusively refuted by the record and which, if true, entitle him to relief from his conviction and death sentence (*See* Docs. 47, 52 and 82).  Indeed, the Eighth Circuit has recognized that "when the petitioner's claim is that his trial counsel was constitutionally ineffective, the files and records [generally] do not conclusively show that [petitioner] is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040 (8th Cir. 1994)).  Many of Mr. Purkey's allegations involve activity outside the courtroom, and, thus, the record can shed absolutely no light on them.  The Supreme Court has concluded that, where movant's allegations relate to events "outside the courtroom and upon which the record could, therefore, cast no real light," a hearing is required.  *Machibroda v. United States*, 368 U.S. 487, 494-95 (1962).

9.    *Machibroda* is cited in Rule 5 of the Rules Governing § 2255 Proceedings:

> Numerous cases have held that the government's answer and affidavits are not conclusive against the movant, and *if they raise disputed issues of fact a hearing must be held. Machibroda v. United States*, 368 U.S. 487, 494, 495 (1962); *United States v. Salerno*, 290 F.2d 105, 106 (2nd Cir.1961); *Romero v. United States*, 327 F.2d 711, 712 (5th Cir.1964); *Scott v. United States*, 349 F.2d 641, 642, 643 (6th Cir.1965); *Schiebelhut v. United States*, 357 F.2d 743, 745 (6th Cir.1966); and *Del Piano v. United States*, 362 F.2d 931, 932, 933 (3rd Cir.1966).

5

Advisory Committee Notes to Rule 5, Rules Governing Section 2255 Cases (emphasis added). Indeed,

> "[a]n opposing affidavit by the Government is not part of 'the files and records of the case' which can be taken to 'conclusively show that the prisoner is entitled to no relief,' within 28 U.S.C. § 2255. The principle was established by the Supreme Court as long ago as *Walker v. Johnston*, 312 U.S. 275 (1941)..."It is true that they (appellant's allegations) are denied in the (government) affidavits filed with the return to the rule, but the denials only serve to make the issues which must be resolved by evidence taken in the usual way. They can have no other office. The witnesses who made them must be subjected to examination Ore tenus or by deposition as are all other witnesses."

*Lindhorst v. United States*, 585 F.2d 361, 365 (8th Cir. 1981), *quoting Walker*, 312 U.S. at 286-87. Here, the record and files from the underlying criminal case do not conclusively refute Mr. Purkey's 2255 claims. While it is true that the Government and Mr. Duchardt have denied Mr. Purkey's allegations (Doc. 73), those denials serve only as a demand for a hearing where the claims may be resolved by evidence taken in the usual manner.

10. In *Machibroda, supra*, the Supreme Court remanded for an evidentiary hearing to address the issues raised by the following:

a. The movant submitted an affidavit claiming that on three separate occasions that the AUSA had promised him that if he pleaded guilty he would receive a sentence of not more than twenty years; that the AUSA cautioned him not to tell his defense lawyer about the offer, and that if he

6

did not obey, the AUSA would raise two other previously uncharged robberies; and that the movant had sent letters to both the AUSA and the sentencing court regarding the misrepresentations of the AUSA, to which the movant had received no reply. *Machibroda, supra* at 489-490.

b.     The AUSA filed an affidavit in response denying any promises or coercion with respect to the movant's plea, but admitting to speaking with the movant in the county jail the day before the co-defendant's trial, and telling the movant that this was his last opportunity to tell the truth, and that the sentencing court might well take into consideration the movant's refusal to talk. *Id.* at 491-492.

c.     The district judge decided, *without a hearing*, that the movant's allegations were false, observing that the court had received no letters from the movant mentioning any alleged agreement with the AUSA and that the movant had not complained in a timely manner when no request was forthcoming by the AUSA for a reduction of sentence. *Id.* at 492-493.

11.    The Supreme Court *reversed*, holding:

This was not a case where the issues raised by the motion were conclusively determined either by the motion itself or by the "files and records" in the trial court. The factual allegations contained in the Appellant's motion and affidavit, and put in issue by the affidavit filed with the Government's response, related primarily to purported occurrences outside the courtroom and upon which the record could,

therefore, cast no real light. Nor were the circumstances alleged of a kind that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection.

368 U.S. at 494-495. The Court rejected the government's argument that a hearing in the case would be futile because of the apparent lack of any other witnesses to the alleged occurrences, other than the movant himself and the AUSA.

> The petitioner's motion and affidavit contain charges which are detailed and specific. It is not unreasonable to suppose that many of the material allegations can either be corroborated or disproved by the visitors' records of the county jail where the petitioner was confined, the mail records of the penitentiary to which he was sent, and other such sources. *Not by the pleadings and the affidavits, but by the whole of the testimony, must it be determined whether the petitioner has carried his burden of proof and shown his right to a discharge.* The Government's contention that his allegations are improbable and unbelievable cannot serve to deny him an opportunity to support them by evidence. On this record it is his right to be heard.

368 U.S. at 495 (emphasis added) (citation and quotation marks omitted). The *Machibroda* court held further that the specific and detailed factual assertions by the movant in that case, "while improbable, cannot at this juncture be said to incredible. If the allegations are true, the [movant] is clearly entitled to relief. Accordingly, we think the function of [§ 2255] can be served in this case only by affording the hearing which its provisions require." 368 U.S. at 496.

12. Here, Mr. Purkey has presented this Court with copious claims which the trial record cannot refute, and which, if true, demand relief. Through

8

declarations, Mr. Purkey's witnesses uniformly contradict Mr. Duchardt's denials of those allegations. These contradictions demand a hearing. Where evidence outside the trial record contradicts the constitutionality of the judgment and sentence, "the function of 28 U. S. C. § 2255 can be served...only by affording the hearing which its provisions require." *Machibroda*, 368 U.S. at 496. This Court cannot determine whether to believe Mr. Purkey's witnesses or Mr. Duchardt's denials without hearing from the witnesses themselves.

13. In *Watson v. United States*, 493 F.3d 960, 962 (8th Cir. 2007), the movant alleged that he was denied effective assistance of counsel when his counsel failed to file a notice of appeal as Watson had directed. The district court denied his claim *without an evidentiary hearing*, but the Eighth Circuit reversed, noting

> There is no evidence in the record to contradict Watson's assertion that he requested an appeal. Although the district court was not required to credit Watson's assertion, (citation omitted), *it was required to hold a hearing before making factual determinations about Watson's credibility.*

*Id.* at 964; (emphasis added); *accord Koskela v. United States*, 235 F.3d 1148, 1149 (8th Cir. 2001). Likewise, there is no evidence in the record to contradict Mr. Purkey's post-conviction claims that trial and appeal counsel rendered ineffective assistance (*See* Docs. 47, 52 and 82). There are allegations and there are denials.

This Court cannot determine which to credit without hearing the witnesses testify. There is no other means of judging their credibility.

14. In *Koskela,* 235 F.3d at 1149, the district court denied the 2255 motion *without an evidentiary hearing,* finding that "the [movant's supporting] affidavits lacked credibility in the face of the government's pleadings and affidavits, and in any event did not undermine the Court's confidence in the trial outcome." The Eighth Circuit reversed, holding, "Because the record before the District Court contained sharply conflicting evidence, the Court abused its discretion in finding a hearing unnecessary." *Id.* Again, this Court is also confronted with "sharply conflicting" assertions and denials, and an evidentiary hearing is the only means of resolving those conflicts.

15. It is "uncontroversial...that the privilege of *habeas corpus* entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 128 S. Ct. 2229, 2266 (2008), *quoting I.N.S. v. St. Cyr*, 533 U.S. 289, 302 (2001). "Congress has recognized that federal *habeas corpus* has a particularly important role to play in promoting fundamental fairness in the imposition of the death penalty." *McFarland v. Scott*, 512 U.S. 849, 859 (1994). In order for the Writ to serve this vital function, a petitioner such as Mr. Purkey "is entitled to

10

careful consideration and plenary processing of [his claim, including full opportunity for presentation of the relevant facts." *Blackledge v. Allison*, 431 U.S. 63, 82-83 (1977). Indeed, Mr. Purkey's claims are not "so 'palpably incredible,' so 'patently frivolous or false,' as to warrant summary dismissal." *Blackledge v. Allison, supra*, at 76, *quoting Pennsylvania ex rel. Herman v. Claudy*, 350 U.S. 116, 119 (1965).

WHEREFORE, for the foregoing reasons, Mr. Purkey respectfully requests that this Court set this matter for an evidentiary hearing.

Respectfully submitted,

Teresa L. Norris, Esq.
P.O. Box 11744
Columbia, SC 29211
(803) 765-1044  (Phone)
(803) 765-1143  (Fax)
teresa@blumelaw.com
Co-counsel to Movant

Gary E. Brotherton, Esq.
601 W. Nifong Blvd., Ste. 1C
Columbia, Missouri  65203
(573) 875-1571  Phone
(573) 875-1572  Fax
GEBrotherton@LegalWritesLLC.com
Co-counsel to Movant

By:  /s/  Gary E. Brotherton
GARY E. BROTHERTON
Co-counsel to Movant

11

## CERTIFICATE OF SERVICE

This will certify that, on today's date, this motion was served upon the United States by filing it via CM/ECF.

/s/ Gary E. Brotherton
Gary E. Brotherton

Dated:      Columbia, MO
October 7, 2008

12