IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WESLEY IRA PURKEY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 06-08001-CV-W-FJG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

GOVERNMENT'S RESPONSE TO PURKEY'S MOTION
FOR AN EVIDENTIARY HEARING

The United States of America, by John F. Wood, United States Attorney, and Matt J.

Whitworth, First Assistant United States Attorney, files the following response to Movant

Wesley Ira Purkey's Request for an Evidentiary Hearing Pursuant to Title 28, United States

Code, Section 2255(b).

On October 7, 2008, Movant Wesley Ira Purkey filed a motion requesting an evidentiary

hearing on his motion filed pursuant to 28 U.S.C. § 2255(b). Counsel for Purkey contend "Mr.

Purkey has made copious allegations of ineffectiveness which are not conclusively refuted by the

record and which, if true, entitle him to relief from his convection and death sentence." (Purkey

motion at p.5.)

In his motion Purkey sets forth the additional evidence he will present if granted an

evidentiary hearing by this Court. All of the proffered testimony set forth by Purkey in his

motion relates to additional evidence Purkey's present counsel contend could have been

presented at trial and additional arguments which could have been made on appeal. The

proffered evidence focuses primarily on additional mitigation and mental health evidence which

could have been presented by Purkey during the penalty phase. Additionally, present counsel spent significant time second-guessing and unfairly criticizing trial and appellate counsel Fred Duchardt's performance. The appropriate question which must be asked, is whether Purkey received constitutionally effective representation at trial and on appeal. A review of the substantial evidence presented by Mr. Duchardt during trial and the substantial number of issues (nineteen) raised by Mr. Duchardt on appeal clearly support a finding that Purkey received constitutionally effective representation. An evidentiary hearing is both unwarranted and unnecessary. An additional lengthy evidentiary hearing at which Purkey would call as witnesses the individuals who prepared affidavits which are attached to his § 2255 motion would add little, if anything, to this Court's ability to make a decision as to whether Mr. Duchardt's representation of Purkey at trial and on appeal rose to the level required by our Constitution. The United States suggests the Court can review the affidavits submitted, the pleadings submitted by the parties, and arrive at its decision without conducting a lengthy and expensive evidentiary hearing.

3. Title 28, United States Code, Section 2255 provides for an evidentiary hearing under the following circumstances:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings and facts and conclusions of with law with respect thereto.

Here, the Court can easily conclude that no further record is necessary. All of the issues presented by Purkey in his §2255 motion are resolvable by reviewing the record and the Court can make a determination on whether Purkey received a fair trial. Purkey had the benefit of

2

being represented at trial and on appeal by a skilled and reputable defense attorney who is one of the most experienced attorneys specializing in capital litigation in the Midwest. Purkey's suggestion that he was constitutionally ineffective is completely without merit and this Court should enter an order denying his § 2255 motion without an evidentiary hearing.

A district court's decision to deny an evidentiary hearing on a motion to vacate, set aside, or correct a sentence is reviewed for abuse of discretion. A motion to vacate, set aside, or correct a sentence can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *United States v. Rejenos*, 405 F.3d, 691, 692-94 (8th Cir. 2005). *See also Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir. 2000). Court of Appeals reviews *de novo* the denial of a motion to vacate, set aside, or correct sentence without an evidentiary hearing and will affirm only if the motion, files, and record conclusively show movant is not entitled to relief. *Latorre v. United States*, 193 F.3d 1035,1038 (8th Cir. 1999). Under the *Strickland* test for ineffective assistance of counsel, a defendant must make a two-prong showing and the court need not address both components if the defendant makes an insufficient showing on one of the prongs: (1) a defendant must show that counsel's representation fell below an objective standard of reasonableness; and (2) a defendant must show that there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

Here, Purkey has not demonstrated that his trial and appellate counsel's representation fell below an objective standard of reasonableness. Purkey has not even remotely demonstrated

that there is a reasonable probability that, but for Mr. Duchardt's alleged unprofessional errors, the result of the proceeding would have been different. Indeed, a review of the government's response to Purkey's § 2255 motion together with the responsive affidavit prepared by Fred Duchardt clearly demonstrates that Purkey's allegations are not meritorious and are not supported in the record. The vast majority of Purkey's claims of ineffective assistance of trial and appellate counsel as set forth in his § 2255 motion clearly fall within the broad parameters of trial strategy. An evidentiary hearing is not warranted in this case.

Consequently, the United States respectfully requests the court to enter an order denying Purkey's motion for an evidentiary hearing on the allegations set forth in his motion for relief pursuant to 28 U.S.C. § 2255.

Respectfully submitted,

John F. Wood
United States Attorney

By      */s/ Matt J. Whitworth*

Matt J. Whitworth
First Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Fifth Floor
Kansas City, Missouri  64106
Telephone: (816) 426-3122

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on October 16, 2008, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

Gary E. Brotherton, Esquire
601 West Nifong Boulevard
Building 1, Suite C
Columbia, Missouri  65203

Teresa L. Norris, Esquire
P.O. Box 11744
Columbia, South Carolina  29211

*/s/ Matt J. Whitworth*
Matt J. Whitworth
First Assistant United States Attorney

Case 4:06-cv-08001-FJG Document 85 Filed 10/16/08 Page 5 of 5