## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

WESLEY IRA PURKEY,      )
         Movant,       )
                      )
v.                    )      No. 06-8001-CV-W-FJG
                      )
UNITED STATES OF AMERICA,  )
         Respondent.   )
                      )

## MOVANT'S REPLY SUGGESTIONS IN SUPPORT OF HIS "MOTION TO SET THIS MATTER FOR AN EVIDENTIARY HEARING"

Movant, Wesley Ira Purkey, by court-appointed counsel, pursuant to 28 USCS § 2255(b), provides this Court with these further suggestions in support of his motion to set this matter for an evidentiary hearing:

1.    "The United States suggests the Court can review the affidavits submitted, the pleadings submitted by the parties, and arrive at its decision without conducting a lengthy and expensive evidentiary hearing." (Doc. 85, p. 2).

2.    As fully discussed in Mr. Purkey's motion to set this matter for an evidentiary hearing, such a review simply is not adequate (Doc. 84, p. 5-6). Indeed,

> [n]umerous cases have held that *the government's answer and affidavits are not conclusive* against the movant, and if they raise disputed issues of fact a hearing must be held. *Machibroda v. United States*, 368 U.S. 487, 494, 495 (1962); *United States v. Salerno*, 290

1

F.2d 105, 106 (2nd Cir.1961); *Romero v. United States*, 327 F.2d 711, 712 (5th Cir.1964); *Scott v. United States*, 349 F.2d 641, 642, 643 (6th Cir.1965); *Schiebelhut v. United States*, 357 F.2d 743, 745 (6th Cir.1966); and *Del Piano v. United States*, 362 F.2d 931, 932, 933 (3rd Cir.1966).

Advisory Committee Notes to Rule 5, Rules Governing Section 2255 Cases (emphasis added). This is true because

> "[a]n opposing affidavit by the Government is not part of 'the files and records of the case' which can be taken to 'conclusively show that the prisoner is entitled to no relief,' within 28 U.S.C. § 2255. The principle was established by the Supreme Court as long ago as *Walker v. Johnston*, 312 U.S. 275 (1941)...'It is true that they (appellant's allegations) are denied in the (government) affidavits filed with the return to the rule, but the denials only serve to make the issues which must be resolved by evidence taken in the usual way. They can have no other office. The witnesses who made them must be subjected to examination Ore tenus or by deposition as are all other witnesses."

*Lindhorst v. United States*, 585 F.2d 361, 365 (8th Cir. 1981), *quoting Walker*, 312 U.S. at 286-87. In opposing Mr. Purkey's request for a hearing, the Government does not address this long line of cases at all. The Government simply relies on its bare assertion that a hearing is unnecessary, here.

3.     The Government insists, "All of the issues presented by Purkey in his §2255 motion are resolvable by reviewing the record and the Court can make a determination on whether Purkey received a fair trial." (Doc. 85, p. 2). But, again, the Government made no effort to refute the long line of cases directly refuting this notion. *See, e.g., Shaw v. United States*, 24 F.3d 1040 (8th Cir. 1994) ("when the

2

petitioner's claim is that his trial counsel was constitutionally ineffective, the files and records [generally] do not conclusively show that [petitioner] is entitled to no relief."). Remarkably, the Government later contradicts itself, noting that "a review of the government's response to Purkey's § 2255 motion together with the responsive affidavit prepared by Fred Duchardt[1] clearly demonstrates that Purkey's allegations are not meritorious and are not supported in the record." (Doc. 85, p. 4). This simply is not the standard. This Court cannot deny Mr. Purkey's § 2255 motion based simply on its review of the Government's response and Mr. Duchardt's affidavit. Both serve only to deny Mr. Purkey's allegations and thereby demonstrate the need for a hearing. *See, Machibroda*, 368 U.S. at 495 ("Not by the pleadings and the affidavits, but by the whole of the testimony, must it be determined whether the petitioner has carried his burden of proof and shown his right to a discharge.").

4.      According to the Government, "The vast majority of Purkey's claims of ineffective assistance of trial and appellate counsel as set forth in his § 2255

---

[1] It bears noting that, on September 15, 2008, Mr. Purkey moved to strike Mr. Duchardt's affidavit (Doc. 83). AUSA Whitworth informed undersigned counsel by email that same date that he had received the email containing the motion to strike along with its supporting exhibits. Exhibit 2. Nonetheless, the Government did not file any objection to the motion to strike. Its silence on such a critical issue speaks volumes. Indeed, this Court should consider that silence to be a tacit admission that Mr. Duchardt's statement exceeds its proper limits.

3

motion clearly fall within the broad parameters of trial strategy. An evidentiary hearing is not warranted in this case." (Doc. 85, p. 4). Trial strategy, of course, is not something that can be discerned from the record. While Mr. Duchardt's challenged statement injects strategy, the cases clearly do not allow this Court to decide the merits of this case based on those assertions. A hearing must be held.

5.     The Government simply invites this Court to roll the dice and prolong this litigation, noting, "A district court's decision to deny an evidentiary hearing on a motion to vacate, set aside, or correct a sentence is reviewed for abuse of discretion." (Doc. 85, p. 3). But the Eighth Circuit just reversed *Nelson v. United States*, No. 07-3071 (8th Cir. October 27, 2008), noting the abuse of discretion that occurred when this Court denied an evidentiary hearing there. In *Nelson*, the Eighth Circuit noted,

> Our cases teach that issues regarding the ineffectiveness of counsel often require a hearing to consider evidence not disclosed on the face of the trial record. *See, e.g., Holloway v. United States*, 960 F.2d 1348, 1357 (8th Cir. 1992) (noting that remand for an evidentiary hearing is necessary where the record is inconclusive on a claim for ineffective assistance of counsel); *United States v. Dubray*, 727 F.2d 771, 772 (8th Cir. 1984) (noting in a direct appeal that ineffective assistance of counsel claims normally "cannot be advanced without the development of facts outside the original record" (internal marks omitted)). Under § 2255, a hearing "may be denied only if 'the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief.'" *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir.) (*quoting* 28 U.S.C. § 2255), *cert. denied*, 533 U.S. 917 (2001).

4

*Nelson*, slip op. 2 (8th Cir. 10/27/2008)[2] (Ex. 1, attached).

WHEREFORE, for the foregoing reasons, Mr. Purkey respectfully requests that this Court set this matter for an evidentiary hearing.

Respectfully submitted,

Teresa L. Norris, Esq.                Gary E. Brotherton, Esq.
P.O. Box 11744                    601 W. Nifong Blvd., Ste. 1C
Columbia, SC 29211             Columbia, Missouri 65203
(803) 765-1044 (Phone)        (573) 875-1571 Phone
(803) 765-1143 (Fax)           (573) 875-1572 Fax
teresa@blumelaw.com          GEBrotherton@LegalWritesLLC.com
Co-counsel to Movant          Co-counsel to Movant

By:   /s/ Gary E. Brotherton
GARY E. BROTHERTON
Co-counsel to Movant

<u>CERTIFICATE OF SERVICE</u>

This will certify that, on today's date, this motion was served upon the United States by filing it via CM/ECF.

/s/ Gary E. Brotherton
Gary E. Brotherton

<u>Dated</u>:      Columbia, MO
            October 27, 2008

---

[2] Although the 8th Circuit designated *Nelson* to be "unpublished", such designation no longer precludes Mr. Purkey from citing it. FRAP 32.1

5