# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| WESLEY IRA PURKEY, | ) | |
|         Movant, | ) | |
| | ) | |
|     v. | ) | No. 06-8001-CV-W-FJG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|         Respondent. | ) | |

## MOTION TO ALTER OR AMEND JUDGMENT

Movant, Wesley Ira Purkey, by court-appointed counsel, and pursuant to FRCP 59, files his motion for a new trial and/or amendment of the judgment, re-opening of the judgment, the taking of testimony, the entry of amended findings of fact and conclusions of law, and for a new judgment granting relief in Mr. Purkey's favor on the underlying action, together with any additional relief the Court may deem just and proper. In support of this motion, Purkey states:

On September 29, 2009, this Court entered its judgment overruling Purkey's motion to vacate his convictions and death sentence, motion to strike trial counsel's 117-page affidavit and motion to grant an evidentiary hearing. (DOC 89). A complete "Procedural History" is included in Purkey's motion to vacate under 28 USC § 2255 (DOC 47).

Case 4:06-cv-08001-FJG   Document 91   Filed 10/13/09   Page 1 of 14

# LEGAL ARGUMENT

## I.

### THIS COURT MISAPPLIED THE LAW AND SHOULD VACATE THE JUDGMENT AND STRIKE THE 117-PAGE AFFIDAVIT PROVIDED BY TRIAL COUNSEL.

In denying Purkey's motion to strike the 117-page affidavit prepared by Frederick A. Duchardt, which is more in the form of a formal adversary's brief, this Court relied solely on the black letter law that justified its initial Order to execute *an* affidavit. (DOC 89, pp 4-5, *citing Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974), *cert. denied*, 419 U.S. 1125, 95 S.Ct. 811, 42 L.Ed.2d 826 (1975) and *Stobaugh v. United States*, No. 06-3317-CV-S-RED, 2007 WL 628420, *1, n.1 (W.D.Mo. Feb. 27, 2007)). This misses the point. Purkey never contended that his attorney could not execute *an* affidavit; indeed, he did not oppose the Government's motion for an Order compelling Duchardt to do so. Purkey's objection to *this* affidavit is that (a) Duchardt unearthed far more attorney/client privileged communications than what Purkey's post-conviction claims warrant (b) without giving Purkey adequate notice so he could seek relief from the disclosures before they fell into the Government's hands and (c) conducted independent legal research and analysis seeking to disprove his former client's legal arguments (*See* DOC 83 at 8-29).

2

This Court's judgment begins from the correct premise, i.e., "this Court found that movant had waived his attorney-client privilege as to his ineffective assistance of counsel claims..." (DOC 89 at 5). This Court's conclusion "that Mr. Duchardt did not act improperly in filing the Affidavit nor did he violate his duty of loyalty or his duty of confidentiality, *as the attorney-client privilege had been waived*," (DOC 89 at 5) (emphasis added), however, does not follow. *The attorney-client privilege was not waived to the extent of Duchardt's disclosures.* The waiver authorized by *Tasby* and the rules of professional conduct is much narrower than this Court's conclusion implies. Under ABA Model Rule 1.6(b)(5) a "lawyer may reveal information relating to the representation of a client to the extent the lawyer *reasonably* believes *necessary*...to respond to allegations in any proceeding concerning the lawyer's representation of the client..." (emphasis added); *accord* Missouri Supreme Court Rule 4-1.6(b)(3) and Comment to Rule 4-1.6, ¶ 17.[1]

> [T]he rule *allows disclosure of only that information which is reasonably necessary to respond to the specific allegations* of malpractice, ineffective assistance of counsel or ethical misconduct. In certain instances, attorneys have exceeded this restriction, apparently in an effort to exact a toll upon the client alleging misconduct or malpractice against their attorney. The rule prohibits such, and an attorney's engaging in this type of conduct subjects him to disciplinary action, and possible civil liability.

---

[1] The Missouri Supreme Court Rules of Professional Conduct govern counsel admitted to practice in this Court. Local Rule 83.5(c)(2).

J. McLain, "OPINIONS OF THE GENERAL COUNSEL: CONFIDENTIALITY – CAN YOU KEEP A SECRET?" 62 Ala. Law. 296, 297-298 (Sept. 2001) (emphasis added).

This Court's judgment, however, eliminates this limitation and transforms the limited waiver of privilege into a blanket waiver that gives counsel an unfettered license to disclose any and all privileged communications whether relevant to a claim of ineffectiveness or not. Such an exception swallows the rule. "An ethical code is not a garment that lawyers may don and doff at pleasure." *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1264 (5th Cir. Tex. 1983). The Professional Rules and *Tasby* required this Court to analyze each of Purkey's specific allegations of ineffectiveness and determine whether each response in Duchardt's 117-page affidavit was reasonably necessary to answer Purkey's specific allegations.

4

## II.

THIS COURT MISAPPLIED THE LAW AND SHOULD VACATE THE JUDGMENT AND RECEIVE TESTIMONY AS TO THE ALLEGATIONS IN PURKEY'S MOTION TO VACATE.

In denying Purkey's motion to vacate his convictions and sentences, this Court misapplied the law and set the bar impossibly high for post-conviction movants. Section 2255 requires a hearing as follows: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255; *accord, Nelson v. United States*, 297 Fed. Appx. 563, No. 07-3071 (8th Cir. Oct. 27, 2008) (remanded because evidentiary hearing was required on several claims of ineffective assistance); *Watson v. United States*, 493 F.3d 960 (8th Cir. 2007) (remanded because evidentiary hearing was required before court could decide credibility questions); *Koskela v. United States*, 235 F.3d 1148 , 1149 (8th Cir. 2001) (remanded because evidentiary hearing was required on claim of ineffective assistance in failing to call certain witnesses); *Donahue v. United States*, 2000 U.S. App. LEXIS 18 (8th Cir. 2000) (remanded because evidentiary hearing was required where the government presented only the affidavit of trial counsel as evidence to rebut the claim of ineffective assistance of counsel.); *Smith v. United*

*States*, 182 F.3d 1023 (8th Cir. 1999) (remanded because evidentiary hearing was required regarding prisoner's ineffective assistance of counsel claim); *Latorre v. United States*, 193 F.3d 1035 (8th Cir. 1999) (remanded because evidentiary hearing was required because the record was inconclusive on movant's claim); *Shaw v. United States*, 24 F.3d 1040 (8th Cir. 1994) (remanded because evidentiary hearing was required because the claim of ineffective assistance was not "inadequate on its face"); *Neary v. United States*, 998 F.2d 563 (8th Cir. 1993) (remanded because evidentiary hearing was required on claim of ineffective assistance); *West v. United States*, 994 F.2d 510 (8th Cir. 1993) (remanded for evidentiary hearing because movant's allegations were sufficient to make a "question of fact"); *United States v. Unger*, 665 F.2d 251 (8th Cir. 1981) (remanded because evidentiary hearing was required on claim of ineffective assistance not refuted by the record); *Rose v. United States*, 513 F.2d 1251 (8th Cir. 1975) (remanded because evidentiary hearing was required on movant's claim that he was incompetent at the time of his guilty plea).

Interestingly, this Court's judgment makes no mention of any affidavit except that of Duchardt. Yet, Purkey has filed thirty-one affidavits: eight with his original motion (DOC 47), four with his supporting memorandum (DOC 52), fourteen with his reply (DOC 82) and five with his motion to strike Duchardt's affidavit (DOC 83). The competing affidavits filed in this case clearly establish a

"question of fact". *See, e.g., West, supra.* And the numerous factual disputes in the assertions made in the copious affidavits Purkey has filed and the one provided by Duchardt cannot be resolved without taking testimony. *See, e.g., Watson, supra; Donahue, supra.* This Court's judgment, however, purports without basis factually or legally to do just that, holding.

> The Court finds that no hearing is necessary in this case, because even if movant's allegations are true, and Mr. Duchardt was ineffective for failing to call certain witnesses or to present a more complete mitigation case, movant would not be entitled to relief. As noted above, of the twenty-seven mitigating factors which were presented to the jury, no jurors voted for a single mitigating factor. So, even if movant's counsel had called different or additional witnesses or introduced more or additional mental health or evidence relating to his abuse as a child and young adult, it is unlikely that the jury would have considered this mitigating evidence or that they would have sentenced movant to life in prison.

(DOC 89 at 10). In reaching this conclusion, this Court misapplied three critical principles: (a) a life vote of a single juror will result in a life verdict; (b) prejudice does not require proof that the outcome *would have been* different; and (c) the facts related to prejudice can no more be decided by affidavit than the facts related to deficient performance.

First, the "reasonable probability of a different result," has a unique importance in the capital context. The sentencing phase is "the most critical phase of a death penalty case." *Smith v. Mullin*, 379 F.3d 919, 939 (10th Cir. 2004), *quoting Romano v. Gibson*, 278 F.3d 1156, 1180 (10th Cir. 2002). It is then that

7

"the jury is called upon to make a 'highly subjective, unique, *individualized* judgment regarding the punishment that a particular person deserves,'" *Turner v. Murray*, 476 U.S. 28, 33 (1986) (emphasis added), *quoting Caldwell v. Mississippi*, 472 U.S. 320, 340 n.7 (1985). In the federal death penalty scheme, a non-unanimous jury in penalty phase spares the defendant's life. *See* 18 U.S.C.S. § 3591 et seq. In *Wiggins v. Smith*, 539 U.S. 510, 536 (2003), the Court noted that in this type of death penalty scheme, confidence in the outcome is undermined where there is "a reasonable probability that *at least one juror* would have struck a different balance." (emphasis added).

Second, to prove that he was prejudiced by his attorneys' deficient performance at trial, Purkey does not even have to prove that but for that deficient performance one such juror *would have* voted to spare his life; only that such is a "reasonable probability." In *Kyles v. Whitley*, 514 U.S. 419 (1995), the Court made clear:

> The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.

*Id.* at 434; *see also Strickland v. Washington*, 466 U.S. 668, 693 (1984) ("a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case"); *Nix v. Whiteside*, 475 U.S. 157, 175 (1986) ("a defendant need not establish that the attorney's deficient performance more likely

8

than not altered the outcome in order to establish prejudice"). "[T]he adjective ["reasonable"] is important." *Kyles*, 514 U.S. at 434. Indeed, as explained in *Strickland* itself:

> "[R]easonable probability of a different result" is thus *less than a preponderance of the evidence*. It is present when an evaluation of all of the evidence that should have been before the jury is "sufficient to undermine confidence in the outcome."

*Strickland*, 466 U.S. at 693 (emphasis added).

Finally, in a capital case, a "reasonable probability" of a different sentence can only be determined by weighing the full "body of mitigation evidence" that was presented and that could have been presented that "might well have influenced the jury's appraisal of [the defendant's] moral culpability." *Williams v. Taylor*, 529 U.S. 362, 398 (2000). Without hearing the mitigation evidence that *could have been* presented, this Court has nothing with which to judge whether, when added to the mitigation actually presented, the full body of mitigation produced a "reasonable probability" that at least one juror would have voted to spare Purkey's life. Instead of looking at the full body of mitigation that the jury should have heard, this Court's judgment contorts the law and concludes that since the jury was not swayed by the mitigation that was presented it also would have rejected the full body of mitigation that *could have been* presented. This unsupported reasoning will make it impossible for any capital defendant to prove prejudice. Specifically, under this Court's reasoning, even if trial counsel had presented no mitigation

9

evidence prior to the jury's rejection of mitigating factors, the Movant could not establish prejudice in §2255 proceedings. That is not the state of the law.

Equally problematic with this Court's conclusion in this regard is its inconsistent opinion as to what the jury did or did not do with respect to finding mitigating factors. On the one hand, in rejecting Purkey's claim that his jury did not even acknowledge the mitigating factors before voting on them, this Court's judgment finds that the jury "simply chose not to give any weight to that evidence, which under the law they are entitled to do." (DOC 89 at 9). But, then, to find that Purkey could not establish any prejudice from his claims of ineffective assistance of counsel, this Court's judgment opines that "no jurors voted for a single mitigating factor." (DOC 89 at 11). Neither statement can be made with any certainty. The fact is that the Verdict form is simply blank as to any mitigating factor. At trial, this Court was initially willing to ask the jurors to complete the form, but the Government retorted, "Absolutely no[t]." (TR 2313). No inquiry was made, though Purkey's case is the only case out of the Western District of Missouri in which the jury simply left the form *blank* as to all mitigating factors.[2]

---

[2] *Compare United States v. Moore*, No. 94-00194 (W.D. MO) (votes indicated – deadlocked); *United States v. Ortiz*, No. 98-00149 (W.D. MO) (votes indicated – death verdict); *United States v. Sinisterra*, No. 98-00311 (W.D. MO) (votes indicated – death verdict); *United States v. Tello*, No. 98-00311 (W.D. MO) (votes indicated – non-unanimous verdict); *United States v. Nelson*, No. 99-00303 (W.D. MO) (votes indicated – death verdict); *United States v. Haskell*, No. 00-00395 (W.D. MO) (votes indicated – life verdict); *United States v. Smith*, No. 02-05025 (W.D. MO) (votes indicated – non-unanimous verdict); *United States v. Montgomery*, No. 05-06002 (W.D. MO) (votes indicated – death verdict).

The lack of any voting on Purkey's mitigating factors makes it impossible to ascertain what evidence the jury considered to be mitigating, how it may have weighed that evidence and how the full body of mitigating evidence that could have been presented would have been viewed by each *individual* juror. Indeed, the Eighth Circuit recognized as much in Purkey's direct appeal, noting that a "jury's identification of proven mitigating factors facilitates appellate review, especially when we have to evaluate the effect of any error on the sentence that the jury recommended." *United States v. Purkey*, 428 F.3d 738, 763 (8th Cir. 2005); *see also United States v. Rodriguez*, 2009 U.S. App. LEXIS 20921, *51-52, No. 07-1316 (8th Cir. September 22, 2009) (noting that the recorded votes on the mitigating factors facilitated appellate review).

In *Rodriguez*, the Government had argued that "the issue of punishment for the Defendant is not an issue of how it affects his family." *Id*. at 50. The majority agreed that this argument crossed the line. *Id*. at 50-51. Pointing to the jury's penalty-phase verdict form, however, the majority noted that the jury had "unanimously found that six members of Rodriguez's family 'will suffer emotional pain if [Rodriguez] is executed.'" *Id*. at 52. Thus, the recorded votes established that the *Rodriguez* jury had not "ignore[d] the family-impact" but simply imposed death in spite of that factor. *Id*. The same review cannot be had here because Purkey's jury did not record *anything*. Thus, there can be no assurance that the

jury actually considered the mitigation, let alone that the jury considered it and rejected it. A blank form simply does not support either contradictory inference that this Court reaches.

This Court's judgment hinges on an assessment that it is "unlikely" that the jury "would have sentenced movant to life in prison" even if it heard his full body of mitigating evidence because it was not moved by what it actually heard. Aside from the unsupported reasoning, this ignores the trouble the jury quite obviously had in returning its death verdict. The jury struggled for nearly eleven hours over the course of two days: It began deliberating at 11:30 a.m. on November 18, 2003, and recessed for the night at 4:15 p.m. (TR 10, 2297, 2309). The jury resumed deliberations at 8:37 a.m. on November 19, 2003 (*United States v. Purkey*, No. 4:01-cr-00308-FJG, DOC 482), and it returned its verdict just over six hours later at 2:45 p.m. *Id.* This totals 10 hours, 53 minutes. This was not a "slam dunk" for the Government even with the incomplete mitigation case presented by trial counsel. Thus, it cannot be said that had the jury heard the full body of mitigating evidence available to trial counsel that there is no reasonable probability that even one juror would have held out for a life verdict.

Finally, this Court's conclusory judgment rejecting Purkey's allegations of ineffective assistance are not in accord with § 2255, which requires this Court to determine the issues and make findings of fact and conclusions of law with respect

12

thereto. Purkey has presented seventeen allegations of ineffective assistance of counsel and supported those with twenty-six affidavits.[3]  The Government countered with its own 117-page affidavit from Duchardt.  This Court's judgment largely ignores these allegations and never discusses any of the specific claims or evidence that counsel should have found and offered at trial.  The entire discussion of Purkey's ineffective assistance claims fills less than two pages.  While the findings mandated by § 2255 do not require this Court to enumerate ever fact, this Court "must formulate findings on the ultimate facts necessary to reach a decision." *Collins v. Henderson*, 180 F.3d 988, 990 (8th Cir. 1999).  Ultimately, the findings of fact must "afford a reviewing court a clear understanding of the basis of th[is] [C]ourt's decision." *Id.*  The only reference even to any type of claim Purkey has presented came in the concluding paragraph of this discussion and then only generically recited that Purkey had alleged that his attorneys were "ineffective for failing to call certain witnesses or to present a more complete mitigation case." (DOC 89 at 11).  This does not formulate the facts necessary to reach the conclusion that, even if Purkey could show that counsel's performance was deficient, he could not prove that he was thereby prejudiced.

---

[3] This excludes the five affidavits submitted with Purkey's motion to strike Duchardt's affidavit.

13

## CONCLUSION

For the reasons set forth above, this Court should enter an order for a new trial and/or amendment of the judgment, re-opening of the judgment, the taking of testimony, the entry of amended findings of fact and conclusions of law, and for a new judgment granting relief in Purkey's favor on the underlying action, together with any additional relief the Court may deem just or proper. *See* FRCP 59.

Respectfully submitted,

Teresa L. Norris, Esq.
P.O. Box 11744
Columbia, SC 29211
(803) 765-1044  (Phone)
(803) 765-1143  (Fax)
teresa@blumelaw.com
Co-counsel to Movant

Gary E. Brotherton, Esq.
601 W. Nifong Blvd., Ste. 1C
Columbia, Missouri  65203
(573) 875-1571  Phone
(573) 875-1572  Fax
GEBrotherton@LegalWritesLLC.com
Co-counsel to Movant

By:   /s/  Gary E. Brotherton
GARY E. BROTHERTON
Co-counsel to Movant

## CERTIFICATE OF SERVICE

This will certify that, on today's date, this motion was served upon the United States by emailing same along with its exhibits to AUSA Whitworth, Matt.Whitworth@usdoj.gov.

/s/ Gary E. Brotherton
Gary E. Brotherton

Dated:       Columbia, MO
             October 13, 2009

14