IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

WESLEY IRA PURKEY,               )
                                 )
                    Movant,      )
                                 )
        v.                       )        Case No: 06-08001-CV-W-FJG
                                 )
UNITED STATES OF AMERICA,        )
                                 )
                    Respondent.  )

RESPONSE OF UNITED STATES TO
PURKEY'S MOTION TO ALTER OR AMEND JUDGMENT

The Respondent United States of America, by Matt J. Whitworth, United States Attorney,

Western District of Missouri, provides the following suggestions in opposition to Movant, Purkey's

Motion to Alter or Amend Judgment:

## I.      Introduction

Movant Purkey, by and through counsel, pursuant to Fed. R. Civ. P. 59, has filed a motion

for a new trial and/or amendment of the judgment, reopening of the judgment, the taking of

testimony, the entry of amended findings of fact and conclusions of law, and for a new judgment

granting relief in Purkey's favor on the underlying action, together with any additional relief the

court may deem just and proper.  In Purkey's Motion to Alter or Amend Judgment, he alleges as

follows:

> 1.      This Court misapplied the law and should vacate the judgment and strike the
> 117 page affidavit provided by trial counsel;
>
> 2.      This Court misapplied the law and should vacate the judgment and receive
> testimony as to the allegations in Purkey's motion to vacate.

The United States suggests Purkey's Motion to Alter or Amend Judgment is without merit and should be denied. Contrary to Purkey's assertions, this Court correctly applied the law when it refused to vacate the judgment and strike the affidavit of Purkey's trial counsel, Fred A. Duchardt, Jr. Mr. Duchardt's affidavit clearly only responded to the specific allegations of ineffective assistance of counsel alleged by Purkey against Mr. Duchardt. In addition, the Court correctly denied Purkey a hearing on his Section 2255 motion because the response of Mr. Duchardt to the allegations of ineffective assistance together with the files and records of the case conclusively established that Purkey was not entitled to relief and that a hearing was therefore unnecessary. Indeed, this Court was in a unique position to observe the effectiveness of Mr. Duchardt as defense counsel for Purkey during the lengthy four week jury trial. Mr. Duchardt's representation of Purkey during the trial and appellate stages of this case were of the highest order. It cannot be seriously contended that Mr. Duchardt's representation of Purkey was constitutionally ineffective.

Indeed, in the trial of this case, Mr. Duchardt presented a total of twenty-two witnesses, including Purkey. Eighteen of the witnesses testified as mitigation witnesses designed to persuade the jury not to impose the death penalty. Many of the witnesses testified concerning Purkey's difficult circumstances during childhood and during his developmental teen years. Defense counsel did an excellent job of convincingly demonstrating to the jury the physical, emotional, and sexual abuse Purkey experienced as a child and a teenager. Any suggestion that the skilled and experienced representation of Mr. Duchardt was constitutionally ineffective either at trial or on appeal is without any basis in fact and, quite frankly, is completely without merit.

Mr. Duchardt enjoys a reputation as one of the most skilled and experienced criminal defense litigators in the Midwest. In addition, Mr. Duchardt's reputation as a capital litigator for the defense

2

is virtually without peer in this area. Mr. Duchardt has represented many individuals in the Western District of Missouri and in the District of Kansas, and in all cases performed at a superior level. Mr. Duchardt also has substantial experience in the defense of capital cases in the state courts of Missouri.

Post-conviction counsel's argument that if Mr. Duchardt had presented more mitigation evidence than was actually presented at trial it may have led at least one juror to vote to impose a life sentence rather than a death sentence rings hollow in light of the horrific nature of Purkey's kidnapping and murder of 16-year-old Jennifer Long together with the overwhelming aggravation evidence presented by the government at trial. The problem that Purkey and post-conviction counsel refuse to acknowledge is that the facts of this case were so shocking that they virtually guaranteed that the death penalty would be returned by any reasonable jury. The government's evidence involved the kidnapping, rape, and murder of an innocent 16- year-old high school sophomore. The jury heard evidence that Purkey had purchased a chain saw and dismembered Ms. Long's body and burned her body parts. He thereafter disposed of her remains as if she were an item of garbage. The jury also heard aggravation evidence relating to Purkey's incredibly violent past and fifteen prior felony convictions. The jury also heard aggravation evidence concerning Purkey's vicious murder of 80-year-old Mary Ruth Bales. The jury heard evidence that Purkey beat Ms. Bales so viciously with a claw hammer that her face was virtually unrecognizable. Any suggestion that Purkey received the death penalty because of an incomplete or inadequate representation by an attorney with the recognized skills of Mr. Duchardt defies all notions of logic and common sense.

3

## II.  Mr. Duchardt's affidavit was proper

Purkey contends that Mr. Duchardt's affidavit in response to his Section 2255 allegations of ineffective assistance went beyond what was required to respond to the specific allegations Purkey alleged in his motion.  Purkey alleges that Mr. Duchardt breached the attorney-client relationship by revealing attorney-client privileged communications not related to the specific allegations of ineffective assistance.  He also alleges that Mr. Duchardt conducted inappropriate independent legal research and analysis seeking to disprove Purkey's legal arguments.  These allegations are simply untrue.  A review of Purkey's Section 2255 motion and the seventeen allegations of ineffective assistance together with the paragraph by paragraph response of Mr. Duchardt to those allegations reveals that Mr. Duchardt did not inappropriately breach the attorney-client relationship.  In addition, Mr. Duchardt's research and citations to legal authority no doubt formed a substantial basis for his litigative decision- making process during the defense of Purkey.  Mr. Duchardt's citations to legal authority merely reinforce the notion that his representation of Purkey was of the highest order.  Well prepared attorneys should research the law when making litigative decisions just as Mr. Duchardt did in this case.  In addition, Purkey waived the right to assert the attorney-client privilege when he accused Mr. Duchardt of ineffective assistance of counsel.  In *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974), *cert. denied*, 419 U.S. 1125 (1975), the court stated:

> It has long been the law that a client may waive protection of the [attorney-client] privilege, either expressly or impliedly. . .One of the circumstances which may support a conclusion of a waiver is an attack by the client upon his attorney's conduct which calls into question the substance of their communications.  A client has a privilege to keep his conversations with his attorney confidential but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence. . .Surely a client is not free to

make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege. Such an incongruous result would be inconsistent with the object and purpose of the attorney-client privilege and a patent perversion of the rule.

See also, *Stobaugh v. United States*, No. 06-3317-CV-S-RED, 2007 WL 628420, *1, N.1 (WDMO Feb. 27, 2007) ("Stobaugh waived the attorney-client privilege when he claimed that his attorney's advice constituted ineffective assistance of counsel."). Indeed, when a client calls into public question the competence of his attorney, the privilege is waived. *Laughner v. United States*, 373 F.2d 326 (5th Cir. 1967); *Sherman v. United States*, 261 F. Supp. 522, 531 (D. Haw.), *affirmed*, 383 F.2d 837 (9th Cir. 1966).

A review of Mr. Duchardt's affidavit reveals substantial insight into strategical decisions he made during the course of his representation of Purkey at trial and on appeal. Mr. Duchardt's responses were limited to each of the specific allegations of ineffectiveness raised by Purkey in his Section 2255 motion. In preparing the responsive affidavit Mr. Duchardt was merely complying with this Court's order requiring him to specifically respond to Purkey's allegations of ineffectiveness. When reviewed in its entirety, the affidavit of Mr. Duchardt clearly defeats any claim by Purkey that he received constitutionally ineffective representation. Purkey cannot meet his burden by demonstrating that Mr. Duchardt's representation fell below an objective standard of reasonableness and that the representation was so prejudicial that the adversarial balance between the defense and the prosecution was upset. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). In denying Purkey's Section 2255 motion, this Court correctly recognized that Purkey had not shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

**III.    The Court correctly denied Purkey an evidentiary hearing**

The district court must hold an evidentiary hearing"[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Accordingly, a claim may be dismissed without an evidentiary hearing of the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing *Larson v. United States*, 905 F.2d 218, 220-221 (8th Cir. 1990), cert. denied, 507 U.S. 919 (1993)).

Here, the Court correctly denied Purkey an evidentiary hearing. The voluminous record of the month long trial, the 117 page affidavit of Mr. Duchardt, the thirty-one competing affidavits submitted by Purkey, and the lengthy briefs of counsel have provided this Court with substantially more material than necessary to reach a decision on whether Mr. Duchardt's representation of Purkey meets constitutional standards. This Court correctly concluded that Mr. Duchardt's actions did not fall below an objective standard of reasonableness. And this Court has correctly concluded that Purkey has failed to over-come the presumption that Mr. Duchardt's actions were not sound trial strategy.

This Court also noted in its Order denying Purkey's Section 2255 motion that the trial jury, during the penalty phase, rejected all twenty-seven mitigating factors submitted by Purkey. There can be little doubt that the jury's complete rejection of Purkey's defense occurred because of the viciousness of his crime and his long history of violent and assaultive behavior. Purkey's assertions that Mr. Duchardt should have presented more mental health evidence and more evidence related to his abusive childhood and teenage years are not persuasive. This Court correctly denied Purkey an evidentiary hearing. "A district court does not err in dismissing a movant's Section 2255 motion

6

without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusion rather than statements of fact." *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (citing *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir.2003), cert. denied, 540 U.S. 1199 (2004)).

## IV.     Conclusion

The United States respectfully requests the Court to enter an order denying Purkey's Motion to Alter or Amend Judgment.

Respectfully submitted,

MATT J. WHITWORTH
United States Attorney

By      */s/ Matt J. Whitworth*

MATT J. WHITWORTH
United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri  64106
Telephone:  (816) 426-3122

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was delivered on November 12, 2009, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record:

> Gary E. Brotherton, Esq.
> 601 W. Nifong Boulevard
> Building 1, Suite C
> Columbia, Missouri 65203
>
> Teresa L. Norris, Esq.
> P.O. Box 11744
> Columbia, South Carolina 29211

>                 */s/ Matt J. Whitworth*
>                 MATT J. WHITWORTH
>                 United States Attorney

MJW/ac

8