# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

WESLEY IRA PURKEY,    )
     Movant,   )
         )
v.         )  No. 06-8001-CV-W-FJG
         )
UNITED STATES OF AMERICA, )
     Respondent.  )

## REPLY SUGGESTIONS IN SUPPORT OF PURKEY'S

## MOTION TO ALTER OR AMEND JUDGMENT

Movant, Wesley Ira Purkey, by court-appointed counsel, and pursuant to FRCP 59, provides these reply suggestions in support of his motion for a new trial and/or amendment of the judgment, re-opening of the judgment, the taking of testimony, the entry of amended findings of fact and conclusions of law, and for a new judgment granting relief in Purkey's favor on the underlying action, together with any additional relief the Court may deem just and proper. In support of this motion, Purkey states:

### A. Supplemental Procedural History

On October 13, 2009, Purkey, through counsel, filed his motion pursuant to FRCP 59, seeking a new trial and/or amendment of the judgment, re-opening of the judgment, the taking of testimony, the entry of amended findings of fact and conclusions of law, and for a new judgment granting relief in Purkey's favor on the

1

underlying action, together with any additional relief the Court may deem just or proper. (Doc. 91). The United States filed its suggestions in opposition on November 12, 2009. (Doc. 94). This Court granted Purkey until December 14, 2009 to file this reply. (Doc. 98).

### B. Duchardt's 117-page Statement

Before responding to Purkey's motion to vacate, the Government asked this Court to compel trial/appeal counsel Frederick A. Duchardt, Jr. to provide an affidavit. (Doc. 60). In doing so, the Government asserted that Purkey had waived the attorney-client privilege by alleging Duchardt had provided ineffective assistance. The Government, however, recognized that such "waivers are consistently construed narrowly." (Doc. 60, p. 5, *citing In re. Lott*, 424 F.3d 446 (6th Cir. 2005)). The Government, then elaborated,

> Courts "must impose a waiver no broader than needed to insure the fairness of the proceedings before it." [*Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003)] (*habeas* proceeding). "A broad waiver rule would no doubt inhibit the kind of frank attorney-client communications and vigorous investigation of all possible defenses that the attorney-client and work product privileges are designed to promote." *Id.* at 722. *See, in re. Lott, supra.*

(Doc. 60, p. 5).

Purkey has thoroughly documented the many incursions Duchardt's affidavit made on the attorney-client privilege. In his motion to strike Duchardt's 117-page affidavit, Purkey painstakingly detailed where Duchardt (a) violated his duty of

2

confidentiality, (b) volunteered needlessly damaging information, (c) misrepresented facts to cast doubt on Purkey's claims, (d) advocated against his former client, (e) acted as a government investigator by interviewing a 2255 witness, (f) gratuitously disparaged Purkey's 2255 witnesses, and (g) opined as to the strength and merit of Purkey's 2255 claims (Doc. 83, p. 12-29). Purkey reiterated this point in his motion to alter or amend this Court's judgment, objecting that the Professional Rules of Conduct and *Tasby v. United States,* 504 F.2d 332, 336 (8th Cir. 1974), *cert. denied,* 419 U.S. 1125 (1975), required this Court to analyze each of Purkey's specific allegations of ineffectiveness and determine whether each response in Duchardt's 117-page affidavit was reasonably necessary to answer those specific allegations. (Doc. 91, p. 2-4). Rather than responding to these specific objections, the Government simply asserts that "Mr. Duchardt's responses were limited to each of the specific allegations of ineffectiveness raised by Purkey in his Section 2255 motion." (Doc. 94, p. 5). Saying it, does not make it so.

Ignoring the copious areas in which Duchardt exceeded the narrow limits of the waiver, the Government's response and this Court's judgment have, to put it colloquially, thrown the baby out with the bath water. When seeking an affidavit, the Government correctly recognized the danger of such a broad waiver, noting that such would inhibit frank attorney-client communications and vigorous

investigations.  (Doc. 60, p. 5, *citing Bittaker*, 331 F.3d at 722; *In re. Lott, supra*).

Seeking to defend this Court's judgment, the Government now simply avoids analysis of the specific objections in favor of broad assertions.

The Government asserts, "A review of Mr. Duchardt's affidavit reveals substantial insight into strategical [sic] decisions he made during the course of his representation of Purkey at trial and on appeal."  (Doc. 94, p. 5).  This is not established at all; indeed, Purkey is prepared to prove at a hearing that Duchardt's 117-page statement is not a recitation of recalled facts.  Duchardt had no notes to which he could refer while creating his statement.  (*See, e.g.*, Doc. 73, Ex. A, p. 73) ("Because I have given to current Counsel for Mr. Purkey all of the file materials which I had about these women, I am unable to resort to those materials now to refresh my recollections about these latter matters.").  Thus, the assertions in his 117-page statement are more appropriately labeled as explanations and excuses made through hindsight.  Further, Duchardt's statement was nothing less than a blueprint for the Government's brief in opposition.  Duchardt conducted copious, new legal research of the issues presented in Purkey's motion to vacate. Legal analysis is for the Government and this Court, not for Purkey's trial/appeal attorney, who is a witness only in these proceedings.  Indeed, legal analysis has no place in an affidavit, at all.  An affidavit is a

> *declaration of facts* written down and sworn to by the declarant before
> an officer authorized to administer oaths.  They are incontrovertibly a

4

"'solemn declaration or affirmation made for the purpose of establishing or proving some fact.'" *Crawford* [*v. Washington*, 541 U.S. 36,] 51, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), *quoting* 2 N. Webster, An American Dictionary of the English Language (1828).

*Melendez-Diaz v. Massachusetts*, ___ U.S. ___, 129 S. Ct. 2527, 2532 (2009) (emphasis added). Duchardt did not simply declare the facts as he recalls them. All in all, approximately 25 pages of his statement (roughly 21%) are devoted to legal argument about the applicability of the cases cited in the memorandum of law filed by Purkey. (Doc. 52).

### C.    An Evidentiary Hearing Is Required

The Government uses two tactics, hoping to avoid an evidentiary hearing in this case: distraction and evasion. First, the Government tries to distract from the strength of Purkey's 2255 claims with bland arguments that "the facts of this case were so shocking that they virtually guaranteed that the death penalty would be returned by any reasonable jury." (Doc. 94, p. 3). This simply repeats the error of this Court's judgment (*see* Doc. 89, p. 10), which itself ignored the significant trouble that the jury quite obviously had in returning a death verdict. As fully discussed in Purkey's motion to alter or amend, the jury struggled for nearly eleven hours over the course of two days before returning its death verdict. (Doc. 91, p. 12, *citing* (TR 10, 2297, 2309; *Purkey*, No. 4:01-cr-00308-FJG, DOC 482). This was far from the foregone conclusion that the Government now portrays it as. Ironically, when the Government had a chance to document just how much of a

5

"slam dunk" this death verdict was, it declined, answering, "Absolutely no[t]" when this Court suggested sending the jury back to record its vote on the mitigating circumstances. (TR 2313). Such adamant opposition belies the Government's current confidence that there would have been no mitigating evidence that competent counsel could have produced that could have swayed even a single juror to vote to spare Purkey's life.

Next, the Government uses evasion to avoid the law that requires this Court to hear evidence. The Government never cites *Williams v. Taylor*, 529 U.S. 362 (2000) or *Nelson v. United States*, 297 Fed. Appx. 563 (8th Cir. Oct. 27, 2008).[1] (Ex. 1, attached). Both of these cases demand that this Court hold an evidentiary hearing. As *Williams* makes explicitly clear, in a capital case, a "reasonable probability" of a different sentence can only be determined by weighing the full "body of mitigation evidence" that was presented along with that mitigation evidence that could have been presented that "might well have influenced the jury's appraisal of [the defendant's] moral culpability." *Williams*, 529 U.S. at 398. The Government, however, ignores *Williams* and does not even try to explain how the judgment can stand without this Court first hearing the full body of mitigating

---

[1] Although the 8th Circuit designated *Nelson* to be "unpublished", such designation no longer precludes Purkey from citing it so long as he attaches a copy thereof. FRAP 32.1. Unfortunately, although counsel attached a copy of *Nelson* to Purkey's reply suggestions in support of an evidentiary hearing (Doc. 86), he inadvertently omitted a copy from Purkey's motion to alter or amend (Doc. 91). A copy is attached to this reply, and counsel apologizes for any inconvenience.

6

evidence that Duchardt could have and should have produced at trial. This omission is telling given the Eighth Circuit's recent reversal of this Court's decision not to grant an evidentiary hearing in *Nelson, supra.* There, the Eighth Circuit noted,

> Our cases teach that issues regarding the ineffectiveness of counsel often require a hearing to consider evidence not disclosed on the face of the trial record. *See, e.g., Holloway v. United States*, 960 F.2d 1348, 1357 (8th Cir. 1992) (noting that remand for an evidentiary hearing is necessary where the record is inconclusive on a claim for ineffective assistance of counsel); *United States v. Dubray*, 727 F.2d 771, 772 (8th Cir. 1984) (noting in a direct appeal that ineffective assistance of counsel claims normally "cannot be advanced without the development of facts outside the original record" (internal marks omitted)). Under § 2255, a hearing "may be denied only if 'the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief.'" *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir.) (*quoting* 28 U.S.C. § 2255), *cert. denied*, 533 U.S. 917 (2001).

*Nelson*, slip op. 2 (8th Cir. 10/27/2008). The Government does not explain how this Court could determine the merit of Purkey's 2255 claims "without the development of facts outside the original record." Indeed, the Government defends the judgment by going outside the original record, but it only wants to discuss the new evidence that comes from Duchardt's 117-page statement; Purkey's thirty-one "competing affidavits" get only a passing reference. Even then, the Government ignores the law in order to avoid an evidentiary hearing. The Government asserts:

> The voluminous record of the month long trial, the 117 page affidavit of Mr. Duchardt, the thirty-one competing affidavits submitted by Purkey, and the lengthy briefs of counsel have provided this Court

with substantially more material than necessary to reach a decision on whether Mr. Duchardt's representation of Purkey meets constitutional standards.

(Doc. 94, p. 6). The Government does not and cannot provide this Court with any authority for its assertions that a hearing can be denied simply by referring to the pleadings and affidavits.

> Numerous cases have held that *the government's answer and affidavits are not conclusive* against the movant, and if they raise disputed issues of fact a hearing must be held. *Machibroda v. United States*, 368 U.S. 487, 494, 495 (1962); *United States v. Salerno*, 290 F.2d 105, 106 (2nd Cir.1961); *Romero v. United States*, 327 F.2d 711, 712 (5th Cir.1964); *Scott v. United States*, 349 F.2d 641, 642, 643 (6th Cir.1965); *Schiebelhut v. United States*, 357 F.2d 743, 745 (6th Cir.1966); and *Del Piano v. United States*, 362 F.2d 931, 932, 933 (3rd Cir.1966).

Advisory Committee Notes to Rule 5, Rules Governing Section 2255 Cases (emphasis added). This is true because

> "[a]n opposing affidavit by the Government is not part of 'the files and records of the case' which can be taken to 'conclusively show that the prisoner is entitled to no relief,' within 28 U.S.C. § 2255. The principle was established by the Supreme Court as long ago as *Walker v. Johnston*, 312 U.S. 275 (1941)..."It is true that they (appellant's allegations) are denied in the (government) affidavits filed with the return to the rule, but the denials only serve to make the issues which must be resolved by evidence taken in the usual way. They can have no other office. The witnesses who made them must be subjected to examination Ore tenus or by deposition as are all other witnesses."

*Lindhorst v. United States*, 585 F.2d 361, 365 (8th Cir. 1981), *quoting Walker*, 312 U.S. at 286-87.

8

## CONCLUSION

For the reasons set forth in Purkey's motion to alter or amend and in these reply suggestions, this Court should enter an order for a new trial and/or amendment of the judgment, re-opening of the judgment, the taking of testimony, the entry of amended findings of fact and conclusions of law, and for a new judgment granting relief in Purkey's favor on the underlying action, together with any additional relief the Court may deem just or proper. *See* FRCP 59.

Respectfully submitted,

Teresa L. Norris, Esq.
P.O. Box 11744
Columbia, SC 29211
(803) 765-1044  (Phone)
(803) 765-1143  (Fax)
teresa@blumelaw.com
Co-counsel to Movant

Gary E. Brotherton, Esq.
601 W. Nifong Blvd., Ste. 1C
Columbia, Missouri  65203
(573) 875-1571  Phone
(573) 875-1572  Fax
GEBrotherton@LegalWritesLLC.com
Co-counsel to Movant

By:    /s/  Gary E. Brotherton
GARY E. BROTHERTON
Co-counsel to Movant

## CERTIFICATE OF SERVICE

This will certify that, on today's date, this motion was served upon the United States by filing same via CM/ECF.

/s/ Gary E. Brotherton
Gary E. Brotherton

Dated:        Columbia, MO
              October 14, 2009

9