

LEXSEE 297 FED. APPX. 563

**Keith D. Nelson, Appellant, v. United States of America, Appellee.**

**No. 07-3071**

**UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT**

*297 Fed. Appx. 563*; *2008 U.S. App. LEXIS 22338*

**January 9, 2008, Submitted**
**October 27, 2008, Filed**

**NOTICE:** PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY: [**1]**
Appeal from the United States District Court for the Western District of Missouri.
*United States v. Nelson, 347 F.3d 701, 2003 U.S. App. LEXIS 21360 (8th Cir. Mo., 2003)*

**COUNSEL:** For Keith D. Nelson (Federal Prisoner: 07440-031), Movant - Appellant: Gary E. Brotherton, I, LEGAL WRITES, Columbia, MO; David A. Ruhnke, RUHNKE & BARRETT, Montclair, NJ.

Keith D. Nelson, Movant - Appellant, Pro se, Terre Haute, IN.

For United States, Respondent - Appellee: Sheryle L. Jeans, Philip M. Koppe, Assistant U.S. Attorney, Matt Jeffrey Whitworth, Assistant U.S. Attorney, U.S. ATTORNEY'S OFFICE, Kansas City, MO.

**JUDGES:** Before SMITH, BRIGHT, and HANSEN, Circuit Judges.

**OPINION**

[*564] PER CURIAM.

This case pends upon the appellant's 150-page motion for a certificate of appealability.

Following his guilty plea to the kidnap and murder of a ten-year-old girl, a federal jury sentenced Keith D. Nelson to death. This sentence was affirmed on appeal, see *United States v. Nelson, 347 F.3d 701 (8th Cir. 2003)*, and the Supreme Court denied certiorari review, *Nelson v. United States, 543 U.S. 978, 125 S. Ct. 486, 160 L. Ed. 2d 355 (2004)*.

Nelson then filed his *28 U.S.C. § 2255* motion to vacate, set aside, or correct his sentence in the district court. The district court determined that no evidentiary hearing was necessary and that the claims Nelson raised were able **[**2]** to be determined by the trial record, and the court dismissed both Nelson's *§ 2255* motion and his companion motion to disqualify the district [*565] judge. Nelson filed a motion pursuant to *Federal Rule of Civil Procedure 59* to alter or amend the judgment entered on his *§ 2255* motion, which the district court denied. He then filed a notice of appeal and sought a certificate of appealability from the district court, seeking certification on each of the some 60 separate claims of ineffective assistance of his trial and appellate counsel asserted in his *§ 2255* motion, the denial of his recusal motion, and the separate denial of his motion for additional funding of expert and investigative services. The district court denied the certificate, and Nelson filed the pending motion for a certificate of appealability with this court.

We have carefully reviewed the pending motion and the district court's orders. We are satisfied that an evidentiary hearing should have been held on some of the Appellant's claims of ineffectiveness of counsel. Our cases teach that issues regarding the ineffectiveness of counsel often require a hearing to consider evidence not disclosed on the face of the trial record. See, **[**3]** e.g., *Holloway v. United States, 960 F.2d 1348, 1357 (8th Cir. 1992)* (noting that remand for an evidentiary hearing is necessary where the record is inconclusive on a claim for ineffective assistance of counsel); *United States v. Dubray, 727 F.2d 771, 772 (8th Cir. 1984)* (noting in a direct appeal that ineffective assistance of counsel claims normally "cannot be advanced without the development of facts outside the original record" (internal marks omitted)). Under *§ 2255*, a hearing "may be denied only if 'the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief.'" *Saunders v. United States, 236 F.3d 950, 952 (8th Cir.)* (quoting *28 U.S.C. § 2255*), cert. denied, *533 U.S. 917, 121 S. Ct. 2524, 150 L. Ed. 2d 696 (2001)*. We review for an abuse of discretion the district court's decision to deny such a hearing, but this review requires *de novo* consideration of the validity of the ineffective assistance of counsel claims as a matter of law in order to decide if an evidentiary hearing in the district court is warranted. Id. "In some cases, the clarity of the existing record on appeal makes an evidentiary hearing unnecessary," but "[a]bsent such clarity, an evidentiary **[**4]** hearing is required." *Latorre v. United States, 193 F.3d 1035, 1038 (8th Cir. 1999)*. Our examination of the claims asserted in this case convinces us that a fair and just determination of some of them required an evidentiary hearing to be held. We note that the Government's response to the original *§ 2255* motion informed the district court that such a hearing was necessary.

Accordingly, we grant a certificate of appealability on the following claims asserted by Nelson in paragraph 11 of his *§ 2255* motion, and we remand the case to the district court with directions to hold an evidentiary hearing on these claims (as numbered in Nelson's *§ 2255* motion) and to make its findings of fact and conclusions of law concerning them:

A. Allegations of Trial Counsel's Constitutional Ineffectiveness:

(2) & (3) Failure to conduct adequate mitigation investigation including failure to move for a continuance to complete one.

(4) Failure to conduct adequate investigation of defendant's mental health.

(5) Advising or instructing defendant to decline to submit to a mental health examination by a government examiner.

(15) Failure to make objections:

(e) to allegedly inflammatory and improper comments in the Government's **[**5]** closing argument and rebuttal.

B. Allegations of Appellate Counsel's Constitutional Ineffectiveness:

**[*566]** (1) Failure to conduct adequate review of the trial record and the law.

(2)(c) Failure to raise on appeal the Government's allegedly improper comments in closing arguments.

We deny a certificate of appealability on each and all of the other claims asserted in Nelson's *§ 2255* motion, and only those claims upon which we have granted a certificate are permitted to proceed.

Nelson also appeals the denial of his motion to recuse the district judge. He need not obtain a certificate of appealability to appeal this ruling because it is separate from the merits of the *§ 2255* motion and did not preclude the district court from ruling on the merits. See *Trevino v. Johnson, 168 F.3d 173, 177 (5th Cir.)*, cert. denied, *527 U.S. 1056, 120 S. Ct. 22, 144 L. Ed. 2d 825 (1999)*; see also *United States v. Falls, 242 F.3d 377 (8th Cir. 2000)* (unpublished) (noting that this court summarily affirmed the denial of a recusal motion but denied the application for a certificate of appealability). Cf. *Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct.*

*1595, 146 L. Ed. 2d 542 (2000)* (describing the circumstances in which a certificate of appealability should issue for a nonconstitutional **[\*\*6]** procedural issue when that procedural issue *precluded* the district court from reaching the merits of the underlying constitutional claims). We review for an abuse of discretion the district court's denial of a motion to recuse. *United States v. Martinez, 446 F.3d 878, 883 (8th Cir. 2006)*. Recusal is required if the judge has a personal bias against a party or in favor of an adverse party, *28 U.S.C. §§ 144*, *455(b)(1)*, or if the judge's "impartiality might reasonably be questioned," id. *§ 455(a)*. Nelson sought recusal on the basis that the district court made statements in the order denying his request for additional funding for further expert and investigative assistance that indicated a bias against him. Specifically, he asserts that the district court prejudged his case by concluding that the additional funding requested was not likely to lead to a different result, and Nelson asserts that the district court's bias was shown when the court stated that Nelson's *§ 2255* counsel was "attempting to vilify trial counsel's judgment on trial strategy." (Request for Cert. of App. at 139.)

Nelson points to no evidence of bias other than the district court's statements in the ruling denying additional **[\*\*7]** funding. Opinions formed by a judge as a result of what the judge has observed in earlier proceedings may not be characterized as bias or prejudice. *Liteky v. United States, 510 U.S. 540, 551, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)*. We have stated that "[r]ules against bias and partiality can never mean to require the total absence of preconception, predispositions and other mental habits." *United States v. Burnette, 518 F.3d 942, 945 (8th Cir. 2008)* (internal marks omitted), cert. denied, *No. 07-11317, 129 S. Ct. 138, 172 L. Ed. 2d 105, 2008 U.S. LEXIS 7424, 2008 WL 2364260 (U.S. Oct. 6, 2008)*. The Supreme Court has stated succinctly that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky, 510 U.S. at 555*. The limited exception is where the circumstances demonstrate "a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. Such a high degree of favoritism or antagonism is not demonstrated in the statements set forth by Nelson, nor do they indicate that the district judge is unable to fairly adjudicate Nelson's *§ 2255* motion. The district court did not abuse its discretion in refusing to recuse on the basis of statements made in the order denying additional funding. Because on this record the **[\*\*8]** relevant statutes do not require the district judge to recuse, Nelson also cannot meet the "more rigorous standard" of demonstrating a violation of his due process right to an impartial **[\*567]** judge. *United States v. Larsen, 427 F.3d 1091, 1095 (8th Cir. 2005)*.

Finally, Nelson argues that the district court abused its discretion in denying his request for additional funding above the $ 21,900 already approved by the district court for expert and investigational services. See *18 U.S.C. § 3599(f)*. Because we grant the certificate of appealability on several issues and remand for an evidentiary hearing, it is unnecessary for us to reach the funding issue at this time. The district court, in its abundant discretion, should address in the first instance any additional funding requests that may arise on remand with regard to the issues on which we grant a certificate of appealability, bearing in mind that Nelson bears the burden of establishing that further expert testimony is necessary. See id. (stating the district court *may* authorize expenditures for investigative or expert services that the court finds to be "reasonably necessary"); *United States v. Thurmon, 413 F.3d 752, 755 (8th Cir.)* (burden **[\*\*9]** of proof), cert. denied, *546 U.S. 1069, 126 S. Ct. 816, 163 L. Ed. 2d 642 (2005)*; see also *18 U.S.C. § 3599(g)(2)* (imposing a statutory limit of $ 7,500 unless services are of "an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit").

For the reasons stated, we grant the application for a certificate of appealability in part, affirm the district court's denial of the motion to recuse, and remand the case for an evidentiary hearing and the entry of a new judgment on the *§ 2255* claims on which we have granted the certificate.