IN THE UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

WESLEY PURKEY                    )
                    Movant       )
                                 )
v.                               )          Case # 06-8001-CV-W-FJG
                                 )
                                 )
UNITED STATES OF AMERICA         )
                    Respondent   )

### REQUEST FOR CLARIFICATION OF ORDER TO SEAL IN LIGHT OF APPARENT VIOLATION OF ORDER TO SEAL

Comes now interested party Frederick A. Duchardt, Jr., and does hereby request that this Honorable Court clarify its previous order to seal entered on May 19, 2008 (Doc. 72). The grounds for this request will be set forth in the subsequent numbered subparagraphs.

1. The above captioned cause was a proceeding brought by Mr. Purkey against the United States via petition filed by Mr. Purkey pursuant to 28 U.S.C. 2255 challenging Mr. Purkey's conviction and sentence imposed in case number 01-308-CR-W-FJG (Doc. 47). The allegations brought forth by Mr. Purkey in his petition for 2255 relief included ones of ineffective assistance of counsel against the undersigned interested party, who had been lead counsel in representing Mr. Purkey in the underlying case (Doc. 47).

2. As a means to prepare its response to the allegations of ineffective

1

assistance made by Mr. Purkey in his petition as against undersigned interested party, the government requested that this Court direct that undersigned interested party prepare an affidavit in response to the ineffective assistance allegations (Doc. 60). No response to the government's motion for affidavit was made by Mr. Purkey or his 2255 counsel. This Court granted the government's unopposed motion, and directed that undersigned interested party "prepare an affidavit in response to Purkey's allegations of ineffective assistance of counsel" (Doc. 62, p. 4).

3. Undersigned interested party complied with the order of the Court, and prepared a 117 page response to Purkey's allegations of ineffective assistance of counsel. The government then requested that this Court order sealed its response to Purkey's petition, including the affidavit of undersigned interested party which it relied upon as an exhibit (Doc. 71). This Court made the order to seal and directed that the items, including the affidavit, "not be opened except on further order of the Court" (Doc. 72). Pursuant to the Court's order, the government's response and the affidavit of undersigned interested party were filed under seal (Doc. 73). All subsequent substantive filings by 2255 counsel for Mr. Purkey were filed under seal (Doc. 80, 81, 82, 83).

4. Nearly four months after the filing under seal of the affidavit of undersigned interested party, Mr. Purkey's 2255 counsel, for the first time, raised

formal objections to the affidavit (Doc. 83).

5. This Court ultimately denied Mr. Purkey's petition for relief, specifically finding that, in light of all of the information presented, including the information contained in the affidavit, Purkey failed to meet his burden of proving ineffective assistance of counsel (Doc. 89, p. 4). This Court also overruled the after-the-fact objections raised against the affidavit, reiterating its findings, as made at the time the order for the affidavit was made, that Mr. Purkey had, by filing his petition, waived the privileges being claimed by his counsel (Doc. 72, Doc. 89, p. 4-5). This Court then denied Mr. Purkey's request for a certificate of appealability (Doc. 115)

6. There is no record that anyone sought, much less was granted, a lifting of this Court's order sealing the affidavit prepared by undersigned interested party.

7. The Eighth Circuit granted a certificate of appealability to Mr. Purkey upon the question of effectiveness of counsel at the penalty phase of trial; the Eighth Circuit affirmed, without reaching the question of the performance of counsel, finding that Purkey failed to prove prejudice as required under the standards set by the Supreme Court in *Strickland v. Washington*. *Purkey v. United States*, 729 F.3d 860, 861 (8th Cir. 2013). The Eighth Circuit was never called upon to lift this Court's order to seal, and in fact decided the matter of Mr. Purkey's appeal without revealing any of the contents of the affidavit. *Purkey v.*

*United States*, 866, fn. 2.

8. In 2014, undersigned interested party was retained as an expert witness for the defendant in the case of *Amrine v. Ossman*, Cole County Missouri Case Number 08AC-CC00340-01.  On January 15, 2015, the deposition of undersigned interested party was taken by counsel for plaintiff in that case, Arthur A. Benson, 4006 Central Avenue, Kansas City, Missouri 64111.  During that deposition, Mr. Benson made inquiries of undersigned interested party about the affidavit prepared in the *Purkey* case, and went so far as to show to undersigned interested party a copy of the affidavit which he, Mr. Benson, had in his file.  At that time, since it had been nearly 7 years since he had prepared the affidavit, undersigned interested party had no then-present recollection about the contents of the affidavit or the circumstances of its filing.  When asked to identify the first page of the affidavit itself, undersigned interested party expressed his impression that Mr. Benson had properly obtained the copy of the item he had by accessing it on the Court's electronic filing system, and identified the item as accurate based upon that assumption.  Mr. Benson did not attempt to correct the impression, expressed by undersigned interested party, about the source of the affidavit copy in his, Benson's, possession.

9. However, at the time of the deposition, undersigned interested party noticed something about the copy of the affidavit in Benson's possession which

4

was inconsistent with the assumption about the copy coming from the ECF.  The copy in Benson's possession was clean; that is it did not carry, at the bottom, the scroll on ECF-generated documents, containing the case number and the document's  number and date of the filing.  This discrepancy caused undersigned interested party to, after the deposition, check the electronic docket sheets from the files of this Court and from the files of the Eighth Circuit, as well as the opinion by the Eighth Circuit in the *Purkey* case.  Those searches refreshed the recollection of undersigned interested party about the Court's order to seal, and made undersigned interested party aware that the order to seal had never been lifted or rescinded and that the affidavit could not be accessed through the ECF.

10. Undersigned interested party took the additional steps to contact Magistrate Judge Matt Whitworth and Assistant United States Attorney Kate Mahoney.  Judge Whitworth, prior to his appointment to the bench, was the Deputy United States Attorney who was lead counsel in the Purkey trial and in the post-conviction proceedings; it was Judge Whitworth who sought the order for production of the affidavit and the order to seal the affidavit (Doc. 60, 71).  AUSA Mahoney is the attorney who took over the Purkey case after Judge Whitworth took the bench (Doc. 95, 103, 104).  In those conversations, undersigned interested party learned that, as far as Judge Whitworth and AUSA Mahoney were aware, no lifting of the order to seal the affidavit had ever been sought or granted, and the

5

government had no knowledge about how it would be that Mr. Benson would be in possession of a copy of the affidavit.

11. In light of the foregoing, it seems to undersigned interested party that he may have been witness to a violation of the Court's order to seal and that, as an officer of this Court, he likely has a responsibility to bring the matter to the attention of the Court for its consideration.  This filing is made, in part, consistent with those senses of responsibility of undersigned interested party.

12. In addition, undersigned interested party does bring the matter to the Court's attention to get clarification of the Court's order under the current circumstances as described above.  The matter is of some urgency because of the high likelihood that, at time of trial of the *Amrine v. Ossman* matter (now scheduled to begin the first full week in April, 2015), Mr. Benson can be expected, once again, to inquire regarding the *Purkey* case affidavit.

13. In the interim since the deposition, undersigned interested party has reread the copy of the affidavit in his own files, and is therefore refamiliarized with the contents of the affidavit.  Because of that, he can no longer deflect questions about the contents of the affidavit based upon present lack of memory.

14. Thus, undersigned interested party needs this Court's direction as to whether, in light of the circumstances, the Court's order to seal remains in full force and effect.  If so, undersigned interested party would not be able to answer

inquiries by Mr. Benson on the subject, and Mr. Benson's being in possession of a copy of the sealed document, without permission of this Court, and attempting to inquire based upon that, would be subject to proper motion in limine in the State Court, as well as whatever sanctions this Court might deem appropriate.

WHEREFORE, undersigned interested party, having given this Court notice of the facts of the matter which have come to his attention, does pray that this Honorable Court, in light of the facts brought forth to the Court, clarify its previous order to seal entered on May 19, 2008.

Respectfully submitted

/s/Frederick A. Duchardt, Jr.
FREDERICK A. DUCHARDT, JR.
Bar Enrollment Number 28868
P.O. Box 216
Trimble MO 64492
Phone:  816-213-0782
Fax:    816-635-5155
INTERESTED PARTY

### *Certificate of Service*

I hereby certify that a copy of the foregoing Motion was served upon the following

Kate Mahoney
Assistant United States Attorney
United States Courthouse
400 E. 9th St, 5th Floor
Kansas City MO 64106
(816)426-3122
kate.mahoney@usdoj.gov

7

Rebecca E. Woodman
DEATH PENALTY LITIGATION CLINIC
Suite C
6155 Oak Street
Kansas City, MO 64113
Direct: 816-363-2795
rwoodman@dplclinic.com

Michelle M. Law, Assistant Federal Public Defender
FEDERAL PUBLIC DEFENDER'S OFFICE
Suite 801
901 St. Louis Street
Springfield, MO 65806
Direct: 417-873-9022
michelle_law@fd.org

Wesley Ira Purkey
U.S. PENITENTIARY
P.O. Box 33
Terre Haute, IN 47808-0033

FREDERICK A. DUCHARDT, JR.

8