# IN THE UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

WESLEY PURKEY                )
         Movant          )
                       )
v.                           )          Case # 06-8001-CV-W-FJG
                       )
                       )
UNITED STATES OF AMERICA      )
         Respondent      )

## *REQUEST FOR LIFTING OF ORDER TO SEAL, WITH SUGGESTIONS*

Comes now interested party Frederick A. Duchardt, Jr., and does request that this Honorable Court lift its previous order to seal entered on May 19, 2008 (Doc. 72). The grounds for this request, and suggestions in support, will be set forth in the subsequent numbered subparagraphs.

1. The above captioned cause was a proceeding brought by Mr. Purkey against the United States via petition filed by Mr. Purkey pursuant to 28 U.S.C. 2255 challenging Mr. Purkey's conviction and sentence imposed in case number 01-308-CR-W-FJG (Doc. 47). The allegations brought forth by Mr. Purkey in his petition for 2255 relief included ones of ineffective assistance of counsel against the undersigned interested party, who had been lead counsel in representing Mr. Purkey in the underlying case (Doc. 47).

2. As a means to prepare its response to the petition allegations of ineffective assistance made by Mr. Purkey as against undersigned interested party, the

1

government requested that this Court direct that undersigned interested party prepare an affidavit in response to the ineffective assistance allegations (Doc. 60). In its motion, the government specifically averred that, through Purkey's allegations of ineffectiveness, Purkey had waived any privileges which he enjoyed with respect to responses to those allegations by undersigned interested party (Doc. 60). *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); *Stobaugh v. United States*, 2007 WL 628420, \*1, fn. 1 (W.D.Mo. 2007). No response to the government's motion for affidavit was made by Mr. Purkey or his 2255 counsel. This Court's findings were as follows: "…because Purkey has claimed that he received ineffective assistance of counsel, the Court finds that Purkey has waived his attorney-client privilege as to those allegations" (Doc. 62, p. 4). This Court went on to direct that undersigned interested party "prepare an affidavit in response to Purkey's allegations of ineffective assistance of counsel" (Doc. 62, p. 4).

3. Undersigned interested party complied with the order of the Court, and prepared a 117 page response to Purkey's allegations of ineffective assistance of counsel. The government then requested that this Court order sealed its response to Purkey's petition, including the affidavit of undersigned interested party which it relied upon as an exhibit (Doc. 71). This Court made the order to seal and directed that the items, including the affidavit, "not be opened except on further order of the Court" (Doc. 72). Pursuant to the Court's order, the government's

2

response and the affidavit of undersigned interested party were filed under seal (Doc. 73).

4. Not until four months after the filing under seal of the affidavit of undersigned interested party did Mr. Purkey's 2255 counsel, for the first time, raise objections to the affidavit (Doc. 83).

5. This Court ultimately denied Mr. Purkey's petition for relief, specifically finding that, in light of all of the information presented, including the information contained in the affidavit, Purkey failed to meet his burden of proving ineffective assistance of counsel (Doc. 89, p. 4). This Court also overruled Purkey's after-the-fact objections raised against the affidavit, reiterating its findings, as made at the time the order for the affidavit was made, that Mr. Purkey had, by filing his petition, waived the privileges being claimed by his counsel (Doc. 72, Doc. 89, p. 4-5). This Court then denied Mr. Purkey's request for a certificate of appealability (Doc. 115)

6. Undersigned interested party has previously sought clarification of this Court's order to seal; undersigned interested party explained that he (interested party) has been retained as an expert for the defendant in a legal malpractice case, that through a deposition conducted in that malpractice case, it came to the attention of the interested party that a copy of the affidavit is in the possession of Arthur Benson, the attorney for the plaintiff in that malpractice action, and that the

affidavit is being used by Mr. Benson for purposes unrelated to the Purkey case, specifically as a means to impeach the expertise of undersigned interested party in connection with the unrelated malpractice action (Doc. 122). In response to the motion of undersigned interested party, this Court kindly issued its clarification that, as far as this Court is concerned, its order "remains in full force and effect" (Doc. 123, p. 2). This Court even went so far as to direct that a copy of its present findings in these regards be sent to Mr. Benson (Doc. 123, p. 2).

7. In the time since this Court entered its clarification, undersigned interested party has received a copy of a communication from Mr. Benson regarding his (Benson's) beliefs that he is lawfully in possession of the affidavit, and the information contained therein, and that he can therefore continue using Purkey's accusations as means to impeach the expertise of undersigned interested party. Mr. Benson's reasoning is that

- per Eighth Circuit Rule 25A(g)[1], in order for this Court's order to seal the affidavit to have remained in full force and effect upon appeal, it was incumbent upon the parties to file a motion with the Eighth Circuit to seal

---

[1] Eighth Circuit Rule 25A(g), is as follows:
Sealed Documents: Sealed documents must only be filed in paper format. Motions of permission to file documents under seal must also be filed in paper format. The motion should state whether the filing party believes the motion to seal may be made publically available on PACER or should remain sealed.

Case 4:06-cv-08001-FJG    Document 124    Filed 02/28/15    Page 4 of 8

the affidavit in that Court,

- no motion to seal the affidavit was ever filed with the Eighth Circuit,

- therefore, the affidavit was and is a public record as it was and is contained in the file of the Eighth Circuit.

It should be noted that Mr. Benson has been careful to NOT claim that the copy of the affidavit which he possesses was actually obtained from the Eighth Circuit Clerk's office.

8. Undersigned interested party has contacted Robin Weinberger, the Chief Deputy Clerk for the Eighth Circuit, and has discussed with Ms. Weinberger the matter about the state of the record of the Purkey case in that Court. Ms. Weinberger confirmed what review of the Eighth Circuit docket demonstrates, that no motion was filed to keep the affidavit under seal in the Eighth Circuit. Ms. Weinberger also confirmed that three copies of the affidavit were filed with the Eighth Circuit as parts of the three copies of Mr. Purkey's appendix which were filed with Purkey's brief. Ms. Weinberger additionally confirmed that the Court would normally consider appendicies to briefs as open records, and would normally make copies of same for the general public if such copies were requested. Ms. Weinberger doubted whether, at this juncture, she would be able to find the paper copies of the appendix since those are distributed to the members of the panel hearing the case, and are generally destroyed after the case is closed. Ms.

Weinberger did offer to search for a copy of the brief appendix should that be necessary.

9. Undersigned interested party continues as retained expert witness for the defendant in the case of *Amrine v. Ossman*, Cole County Missouri Case Number 08AC-CC00340-01. The matter is scheduled to begin trial on April 6, 2015, and undersigned interested party has been advised by counsel for the defendant that he (interested party) will be called to witness in that case.

10. At this point, because undersigned interested party respects the orders of this Court, he will not engage in the machinations suggested by Mr. Benson in order to obtain a copy of his affidavit. Therefore, undersigned interested party is apparently the only person in the world controlled by this Court's order, unable to share the contents of his affidavit with counsel for defendant in the *Amrine v. Ossman* case, and unable to rely upon his answers to the Purkey accusations which have now been repurposed by plaintiff in the *Amrine* case.

11. Undersigned interested party respectfully submits that, under the circumstances as they currently exist, neither of the parties to this action has a legitimate interest to be served by the affidavit of undersigned counsel remaining under seal. Though the government is the party who sought the original order to seal, the government cited no interest which it possessed in placing the affidavit under seal, and avoided having to address that shortcoming since Purkey did not

6

oppose the motion.  As for Mr. Purkey, this Court has already determined that Purkey, by making the accusations which he did against undersigned interested party, waived any privileges he might have had protecting against revelation of the responses to those accusations by undersigned interested party (Doc. 62, p. 4). *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); *Stobaugh v. United States*, 2007 WL 628420, *1, fn. 1 (W.D.Mo. 2007).   Moreover, Mr. Purkey has never acted to have the contents of the affidavit protected from public view.  To the contrary, appellate counsel for Purkey subjected the affidavit to public view by filing the affidavit itself with the Eighth Circuit without seeking an order to seal and by detailing the affidavit's contents in their briefs, briefs which were and are open for public inspection.

12. In light of the foregoing, undersigned interested party requests that this Court lift its order to seal the affidavit of undersigned interested party, and direct that the Court's clerk permit public access to the affidavit.  Undersigned interested party would note that just such an approach has been taken by the Honorable Gary A. Fenner in connection with the case of *Montgomery v. United States*, Case # 12-8001-CV-W-GAF.

WHEREFORE, undersigned interested party prays that this Honorable Court lift its order to seal with respect to the affidavit prepared by undersigned interested party for the above captioned cause (Doc. 72).

7

Respectfully submitted


/s/Frederick A. Duchardt, Jr.
FREDERICK A. DUCHARDT, JR.
Bar Enrollment Number 28868
P.O. Box 216
Trimble MO 64492
Phone: 816-213-0782
Fax: 816-635-5155
INTERESTED PARTY

### *Certificate of Service*

I hereby certify that a copy of the foregoing Motion was served upon the following

Kate Mahoney
Assistant United States Attorney
United States Courthouse
400 E. 9th St, 5th Floor
Kansas City MO 64106
(816)426-3122
kate.mahoney@usdoj.gov

Rebecca E. Woodman
DEATH PENALTY LITIGATION CLINIC
6155 Oak Street, Suite C
Kansas City, MO 64113
Direct: 816-363-2795
rwoodman@dplclinic.com

Michelle M. Law, Assistant Federal Public Defender
FEDERAL PUBLIC DEFENDER'S OFFICE
901 St. Louis Street, Suite 801
Springfield, MO 65806
Direct: 417-873-9022
michelle_law@fd.org

/s/Frederick A. Duchardt, Jr.
FREDERICK A. DUCHARDT, JR.

8