IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI


WESLEY I. PURKEY,

    Petitioner,

vs.                             Case No. 06-8001-cv-W-FJG

UNITED STATES OF AMERICA,

    Respondent.

---

MOTION TO WITHDRAW POSTCONVICTION COUNSEL(S)
AND
FOR AN ORDER OF THE COURT ADDRESSING UNITED STATES PENITENTIARY
ADMINISTRATIVE STAFF CURTAILING AND INTERFERRING WITH PETITIONER'S
FUNDAMENTAL RIGHTS OF ACCESS TO THE COURTS' AND THE RIGHT TO
ASSIST IN INVESTIGATING AND PREPARING POSTCONVICTION PETITIONS"

The Petitioner Wesley I. Purkey ("Purkey" and/or "Petitioner") acting pro
se in this matter request an Order by the Court withdrawing present appointed
PostConviction Counsel, Rebecca Woodman/Death Penalty Litigation Clinic/K.C.M.O.
and Michelle Law/Federal Public Defenders Office/Springfield, MO, and as well
an Order by the Court fashioned to redress and remedy the protracted and ongoing
deliberate curtailment by United States Penitentiary, Terre Haute (USP/TH) Admini-
strative Staff of Petitioner's fundamental rights of access to the courts and
more-so his unquestionable right to assist any future appointed counsel in
undertaking investigation and preparation of PostConviction nature such as,
Martinez Styled Petition, infra. In support of these requested Order(s) Petitioner
states the following:

      The United States Court Of Appeals For The Eighth Circuit Forced
      Appointed Counsel, Rebecca Woodman On Purkey Despite His Adamant
               Request To Proceed Pro Se

1.

1.    In an Order by the Eighth Circuit Court of Appeals, Case #10-3462, dated December 19, 2013 Rebecca Woodman was appointed as substitute counsel, despite the fact that Petitioner had not requested substitute counsel be appointed. Purkey had requested then appointed counsel representing him in such habeas appeals to be withdrawn from such representation and that he be allowed to proceed pro se thereafter. In support of such request Purkey cited Supreme Court precedential authority, Faretta v. Califorina, 422 U.S. 806 (1975). Since such coerced appointment of Ms. Woodman to Purkey's PostConviction Proceedings she acquired Michelle Law as a second chair in such proceedings.

### -Rebecca Woodman, Nor Michelle Law Have Taken Any Action To Redress The Protracted and Ongoing Deliberate Interference By USP/TH Special Confinement Unit With Petitioner's Fundamental Right To Assist In His PostConviction Proceedings And/Or His Rights Of Access To The Courts

2.    In the past three years, and more so since the incession of Rebecca Woodmans Appointment Special Confinement Unit Administrative Staff have systemically went about interferring with Purkey's ability to assist in his capital postconviction proceedings in a myriad of different fashions, which have been motivated by Special Confinement Unit (SCU/Death Row) Administrative Staff Member, Case Worker John Edwards deep rooted animus against Petition for what he constitutes Petitioner being a 'troublemaker' for seeking redress via applicable administrative procedures for claimed abusive conditions of his death row confinement. In fact Case Worker John Edwards told Petitioner three years ago that, "You are a piece of shit and you have absolutely nothing coming." Ms. Woodman is well versed in this mentality of John Edwards permeating every facet of her representing Purkey in his postconviction proceedings and yet is totally complaisant to such and servile to Edwards retaliatory acts interferring with her client's right to assit in her postconviction representation. Such interference has and continues to cause substantial delay in diligent and sedulous efforts being made to timely investigate, prepare and file tentative postconviction remedies. Under well established law Purkey has a fundamental right to "meaningfully assist" in his own capital habeas/postconviction proceedings. See Tanner v. Yukins, 776 F.3d 434 (6th Cir. April 14, 2015).

### The Myriad Of SCU Case Worker Edwards Retaliatory Interference

3. Edwards has incited other inmates against Purkey labeling him as a snitch

2.

for filing - grievance against him and/or for seeking redress anent conditions of his death row confinement. In fact such retaliatory acts of this nature is a tactic practice of Edwards as Edwards has as well orchestrated other inmates to suffer retaliatory acts of physically being stabbed by other inmates, after Edwards labeled them as a snitch. That particular inmate was James Roane and the incident is well documented.

4. Directly after telling the petitioner that he was a piece of shit and had absolutely nothing coming Edwards and the then SCU Unit Manager Bayles forced Purkey to destroy over 70 percent of his capital proceedings legal materials under the threat of disciplinary action if he refused. On this same date Edwards literally had Purkey thrown into a feces covered cell and given a urine soaked mattress, and absolutely nothing else. Such unconstitutional conduct continues to date.

5. To deter petitioner from meaningfully assisting in his postconviction capital proceedings SCU Staff with Case Worker Edwards' knowledge hung signs on the outside of death row's law library windows written on them that petitioner is a snitch and a rat, and if he tells on us, he will tell on you as well. Staff then deliberated incited other inmates against the petitioner (who by the way could not actually read the different signs being taped to the outside of the law library windows and door until one of the orderlies told him what the signs said) by having them come up to the law library to read the signs and then to mock and ridicule the petitioner actually placing his life in danger. In the past when petitioner complained to Former Warden Lockett about similar issues os this nature interferring with his fundamental rights to assist in his capital appeals he was told, inter alia, that, you have no rights (making a general reference to all death row inmates) after committing horrendous crimes you did and if you want to continue to cry about your treatment on death row then we will contact the families of your victims and see what they have to say about your cry baby complaints." <u>See Appendix (A)/Attached(correspondence by Warden Locket to Mr. Paul Enzinna/Washington, DC.</u> This is verbatim the mentality underscoring the deliberate interference by SCU Case Worker John Edwards deterring petitioner's most fundamental rights of meaningfully assisting in his capital habeas proceedings.

<u>Examples Of Edwards Deliberate And Malicious Interference With Petitioner's Rights To Assist In His Capital Proceedings Since Rebecca Woodman's Appointment</u>

3.

6. After Ms. Woodmans appointment as substitution counsel by the Eighth Circuit she applied for visitation, as did another attorney from her office, Sonila Shahi. After processing such application and approving both attorneys' for visitation, after driving from K.C.M.O. to Terre Haute, Indiana only Ms. Woodman was allowed to actual visit because the appropriate paper work for Ms. Shahi had not been processed by Case Worker Edwards for her to visit. This was during the period that petitioner was under a filing deadline to file his Petition For A Writ of Certiorari to the Supreme Court; Case #13-9783. Later, after Ms. Shahi was replaced by Michelle Law she as well drove from Springfield, MO with Rebecca Woodman and she in turn was denied visitation because Case Worker contrary to his assurances otherwise had not processed the appropriate paper work for Ms. Law to visit.

7. Shortly before the filing deadline for filing the Writ of Certiorari Ms. Woodman had scheluded a legal call with petitioner to discuss the issues and arguments being presented. Case Worker Edwards had received the request for scheluding two (2) weeks in advance and had assured Ms. Woodman that the call was not restricted to any time frame. On the date and time of the call Edwards advised the petitioner that he would only be allowed one (1) hour for the call because he had scheluded another legal call after Ms. Woodman's scheluding. Petitioner advised Ms. Woodman of the new mandate by Edwards limiting their call to one hour contrary to his readily assurances otherwise when she scheluded the call that no time limitation would be imposed. During the call petitioner addressed this matter with Assistant Warden Castenda and explained the dire situation anent the cert. filing deadline. Such complaints fell on deaf ears, although after being forced to adhere to the mandate imposed by Edwards, Ms. Woodman did contact USP/TH Legal Department and another call was given. Case Worker Edwards' has not hesitated to clarify that, "you want to throw me under the bus and complain about me to executive staff then there will be consequences attached." I was pulled out of my cell that date by Edwards and he ramsacked my cell. Retaliation for waging complaints against Edwards is a given, not an exception.

8. Because of the complaints I have waged via both administrative channels, grievance procedures and as well verbally to executive staff about Case Worker Edwards running roughshod over my most fundamental rights to assit in my habeas proceedings Edwards has retaliated in a varied of different forms. Two specific forms of retaliation has been to force me to utilized a dsyfunctional phone during

4.

legal calls with Ms. Woodman and Ms. Law, and although Ms. Woodman assured me that she would contact the SCU Unit Manager and/or both the legal department anent this ongoing anc chronic deliberate problem being created by Edwards she did nothing to tentatively address it. In the past when different inmates complained about similar malicious treatment by Edwards, he literally launched the two (2) different phones off the top ranges into the general area of the unit shattering them. He loudly proclaimed when throwing the phones off the top ranges that, "these cry baby son-of-a-bitches, all they fucking do is fucking whine," To date, as Edwards did on October 14th, 2015 he restricted petitioner's call to one (1) hour despite the fact that Ms. Woodman had timely scheluded the call two weeks prior to such call. After petitioner sought redress for the palpable retaliatory action by Edwards, See Appendix (B)/Attached Unit Manager Sample's speciously contends that all legal calls are limited to one hour per policy and that if an attorney needs additional time that they must specify such. See Appendix (C)/Attached. This patent disingenuous response demonstrates the retaliatory nature of Edwards action, whereas no such one (1) restriction for legal calls falls under the governing authority's promulgation. See Appendix (D)/Inst.Suppl./ THX-5566-05.J/Operation & Security of the Special Confinement Unit/Section XI "Telephone (D) Legal Calls. These specious claims advanced by SCU Unit Manager Sample's to justify his subordinator's retaliatory actions are gleaned from the four corners of the policy promulgation governing death row inmates' legal calls, and have been addressed with both Case Worker Edwards and his superior Mr. Sample's superior Warden Daniels. See Appendix (E)/electoric email. Addressed without response to date.

9. On October 17th, 2015 at approximately 2 p.m. petitioner addressed with SCU Unit Manager Sample', Case Worker Edwards' threats of retaliation when he returned the administrative remedy to petitioner that he had filed against him after response was given by him (Sample's). See Appx.(s)(B)&(C). Petitioner clarified to Mr. Sample's that Edwards stood at his cell-door glaring at him and telling him that, inter alia, "its time to come in and straighten this cell up when you leave it." Edwards in the past has subjected not only petitioner to targeted retaliatory shakedown for making complaints about him via administrative channels, but as well as verbal complaints to administrative staff. Because of these threats made by Edwards, petitioner missed recreation and stayed in his cell. The following morning petitioner told Mr. Sample's that while petitioner was in the law library

5.

Edwards came out of his office and stood out front of the law library with SCU Staff present and loudly proclaimed while glaring at petitioner stated, "now that he is out of cell lets go tear it up." One of the other staff asked Edwards aif he needed a large trash bag and Edwards replied that he did. About fifteen minutes later Edwards came off of the range petitioner lives on and was holding up a large trash bag almost full of items Edwards implied that he had taken out of petitioner's cell. Mr. Sample acknowledged the information petitioner afforded him anent this retaliation, but stated that petitioner could always utilize the administrative processes if he felt Edwards was mistreating him. In other words Sample remained absolutedly indifferent to such usury of Edwards authority condoning it and actually encouraging it to continue. As seen here no oversight is given to any of Edwards usury of authority on death row, and he has absolute immunity to run-rough-shod over petitioner's most fundamental rights of assisting in his capital proceedings which is synonymous with petitioner's rights of access to the courts.

## Relief Requested

Based on the foregoing facts and arguments that demonstrate USP/TH SCU Case Worker John Edwards usury of authority and complaisancy by petitioners present Capital Counsel(s) is hampering, interferring and literally denying him his most fundamental constitutional right under a sentence of death to be allowed to assist in his postconviction proceedings. Whereas' petitioner request an order of the court to be fashion in redress of these constitutional abridgements, including withdraw of counsel Rebecca Woodman and Michelle Law who remain absolutely servile to Edwards and the usury of authority he is and has been utilizing against petitioner denying him his most fundamental rights of access to the courts while under a sentence of death.

Dated: October 18th, 2015

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Petitioner/pro se

6.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned does attest under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing information is true and correct to the best of his knowledge and beliefs. Execcuted on this 18th day of October, 2015.

_Wesley I. Purkey/declarant_

## CERTIFICATE OF SERVICE

The undersigned does certify that based on circumstances beyond his control that he has not served the United States Attorney Matt J. Whitworth/K.C.M.O. with a copy of the foregoing Motion and request that the United States District Court Clerk does so on his behalf.

Wesley I. Purkey
declarant/pro se

7.