Appx. (A)p1of2



**U.S. Department of Justice**

*Federal Bureau of Prisons*

---

*Federal Correctional Complex*
*Terre Haute, Indiana*

March 1, 2011

Mr. Paul Enzinna
Brown Rudnick LLP
601 Thirteenth Street NW, Suite 600
Washington, DC 20005

RE:   Conditions at USP Terre Haute

Dear Mr. Enzinna:

I am writing in response to your letter requesting a meeting with me to express concerns regarding conditions in the Special Confinement Unit (SCU) at the Federal Correctional Complex (FCC) in Terre Haute, Indiana. I understand that you have also forwarded general concerns to our legal staff.

I am aware that previous wardens have met with legal counsel for SCU inmates to discuss specific issues regarding policy in that unit. However, I do not believe that such a meeting would be productive at this time. A review of your letter and subsequent email to legal staff reveals that the only complaints that have previously been brought to the attention of staff are the concerns with scheduling of telephone calls and the opening of legal mail. As was previously discussed with individual counsel regarding legal calls, every effort is made to arrange requested legal calls the day that the call is requested. A review of our records in the SCU reveals that, on average, staff schedule over three hundred legal calls per quarter. This is far in excess of the number of legal calls made to or from non-death sentence inmates at FCC Terre Haute. Additionally, with very rare exception the overwhelming majority of legal calls occur within 24 hours of the request from the inmate's counsel.

With regard to concerns over legal mail being opened, our mailroom staff follow the procedure outlined in Program Statement 5265.11, "Correspondence". In the event that mail is not appropriately marked, it is opened by mailroom staff. Once our unit team staff are

1

Appx (A) p 2 of 2

alerted by the inmate or inmate's attorney that this was intended to be legal mail, then staff advise the inmate's attorney of the appropriate markings. Again, by policy, if the mail is not properly marked, the mailroom staff will open it.

Many of the other, more generic issues cited in your email and letter have never been brought to the attention of institution staff and we continue to encourage your clients to utilize the informal resolution and administrative remedy processes to bring matters to the attention of appropriate staff. Without this process, the staff are unaware that inmates have concerns and cannot address them.

Again, I do not believe that a meeting would be productive at this time; however, if you believe that your clients still have concerns after utilizing the proper processes set forth in policy, I encourage you to schedule a meeting with our legal department and the unit manager. In the event that you feel these issues still require further attention, I will contact the U.S. Attorney's office and the victim's families and arrange for them to meet with us as they are also interested parties in the treatment of inmates and their conditions of confinement. It is my belief that if such a meeting becomes necessary, it will be best for everyone to share their concerns at the same meeting to reduce the likelihood of any miscommunication.

I trust this response addresses your concerns.

Sincerely,

Charles L. Lockett
Complex Warden

cc:  Rick Winter, Deputy Regional Counsel
Paul Pepper, CLC Leader
Katherine Siereveld, Attorney Advisor
Michael L. Stephens, SCU Unit Manager

2

Attempt of Ine Appx(B)

Turkey 146 R045

This seeks redress for sgt. case worker Edwards limiting my legal calls to one (1) hour denying me access to my attorneys - as my habeas attorneys scheduled this call two (2) weeks in advance and advised Edwards that they needed a minimum of two (2) hours - this has been a practice of Edwards of limiting my legal calls to one (1) hour - this restriction is denying me meaningful access to my capital counsel.

Oct 14, 2015

App x (C)

| **Inmate Name:** Purkey, Wesley | **Reg. No.:** 14679-045 | **Unit:** SCU |
|---|---|---|

**Notice to Inmate:** Ordinarily, prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint with staff.

| **Dept. Assigned:** Unit Team | **Due Date:** 10/21/2015 |
|---|---|

Section 1: Briefly state inmate's complaint and requested corrective action(s):

Please see attached complaint from inmate Purkey:

**Section 1a:** ☐ **Informally Resolved/Complaint Withdrawn**

| Inmate's signature | Date | Staff Printed Name/Signature |
|---|---|---|

**Section 1b:** ☐ **No Informal Resolution/Progress to BP-9**

| Inmate's signature | Date | Staff Printed Name/Signature |
|---|---|---|

Section 2: Document efforts to resolve the matter to include policies reviewed.

This is in regards to your complaint about legal calls being limited to one hour. A review of the SCU calendar for this year was conducted and shows that you have had a total of 24 legal calls with numerous legal visits scheduled. You have not been denied access to your attorneys. Legal calls are scheduled in one hour time slots unless an attorney makes a request for the legal call to last more than that hour; this is done to allow all inmates' access to their attorneys. At no time did your legal team ever make any such request for an extended legal call with you. If you're legal team feels the need to speak to you or expects the call to last longer than an hour they simply need to make a request for a 2 hour call slot through your Unit Team. I hope this addresses your complaint.

| Section 3: | **DEPARTMENT HEAD REVIEW** |
|---|---|

Dept. Head Name Printed//Signature _M. Sangh/2_  Date 10/14/15

The Department Head may assign to other departmental staff; however, the Department Head must sign as having reviewed prior to returning to the assigned Counselor. If the inmate agrees to informally resolve his complaint, Section 2 does not need to be completed. Section 2 is only completed if the inmate declines to informally resolve and requests to progress to the BP-9.

C. **Placement of Telephone Calls**

1. Ordinarily, SCU inmates will be allowed 300 minutes for social calls per month.

2. If an inmate has exhausted his minutes, only the Warden for inmates in Phase III may authorize additional telephone minutes.

3. SCU inmate telephone calls are ordinarily limited to 15 minutes each. Once a call has been made and completed for any portion of the maximum call length, there will be a 30 minute block until that inmate is allowed to make another call.

4. Inmates must submit an <u>Inmate Request to Staff Member</u> directly to the Unit No. 1 Officer requesting an approximate date and time of the call. If the requested date and time is not available, the Unit No.1 Officer will issue a response suggesting another date and time.

5. Social telephone calls will be made from the inmate's cell (all Phases) or Day Room/Recreation area (Phase II only).

6. A record of inmate calls can be retrieved from TRUFONE.

7. HIGH SECURITY inmates not on telephone restriction will receive one 15-minute telephone call every 30 days.

D. **Legal Calls:** SCU inmates must request unmonitored legal calls through the Unit Team. The Unit Counselor will arrange all legal telephone calls under the established policy. Once the legal call is established, staff will verify the attorney is on the line, then hand the telephone handset to the inmate. Legal telephone calls will be unmonitored.

E. **Limitation on Telephone Calls:** Twenty-four hours prior to the SCU inmate's scheduled execution, telephone calls for that inmate are limited to legal calls and those approved by the Warden.

XII. **CORRESPONDENCE:** Inmates will be allowed to purchase postage stamps through the Commissary. Indigent inmates will be issued five (5) postage stamps every month for personal correspondence. If necessary, additional postage will be provided for verified legal mail.

With regards to correspondence procedures, SCU inmates will be afforded the same rights as inmates in general population. Outgoing general correspondence (personal letters) must be left unsealed by the inmate.

Staff shall seal all outgoing general correspondence upon reviewing the letters. Incoming general correspondence will be opened by staff and searched for contraband.

TRULINCS 14679045 - PURKEY, WESLEY IRA - Unit: THP-X-A

APPX. (E)

--------------------------------------------------------------------          -----

To: Mr. Daniels/Warden
Inmate Work Assignment: ua

This correspondence addresses the ongoing abusive treatment by SCU Case Worker John Edwards who continues to interfer with access to my capital habeas counsel and collateral legal representatives - yesterday, October 15th, 2015 after being on a call with my capital attorneys', Ms. Woodman and Ms. Law respectively from K.C.M.O. and Springfield/MO for one hour Edwards comes to my cell and advises me that he needs the phone because he has another legal call scheluded fr 11 a.m. Both Ms. Woodman and Ms. Law told me that they were not informed by Edwards that the call was being limited when they scheluded the call two weeks prior to that date, and when I asked Edwards why did not advised me that the call was being limited when he brought me the phone at 10 a.m. he ignored me and reiterated that he needed the phone. I was forced to discontinue my call with my capital attorneys under the threat of disciplinary action even though the call was significant based on a filing deadline in my capital postconviction proceedings. This is not the first time Mr. Edwards has subject me to such abusive tactics, whereas in the past he has refused to actually scheluded requested legal visitation with my habeas counsel, although advising them that he had and then they arrived from the K.C. Area were turned away at the visiting desk. Further' other requests for visitation on the weekends have been denied by Edwards in the past year since he has created a tacit policy of not allowing legal visitation on the weekends. In the not too distant past Edwards has limited my legal calls to one (1) hour periods and/or denied them in total, disingenuously saying that he never received such request for calls to be scheluded. The maliciousness of these acts are easily seen in the fact that three years ago Edwards verbatim told me that, "I am a piece of shit, and that I have nothing coming!" Further evidence of the abusive tacits seen here is that the other legal call on the range at 11 a.m. was scheluded far after Ms. Woodman and Ms. Law scheluded their call two weeks ago and that the inmate receiving the call at 11 a.m. received a three (3) hour call and that after that legal call was made no other legal calls were made that date on Upper - B - Range. A grievance has been filed anent this usurp of power by Edwards and a copy of this material will be attached to the Regional Appeal. Thank you for your attention to this matter.
cc: Ms. Woodman/Ms. Law
    file/SCU Unit Manager Sample