# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

WESLEY IRA PURKEY,               )
                                 )
            Petitioner,          )
                                 )
v.                               )   No. 06-8001-CV-W-FJG
                                 )
UNITED STATES OF AMERICA,        )
                                 )
            Respondent.          )

## ORDER

Currently pending before the Court is defendant Purkey's Motion to Withdraw

Postconviction Counsel and for an Order Addressing U.S. Penitentiary Administrative

Staff Curtailing and Interfering With Petitioner's Fundamental Rights of Access to the

Courts and the Right to Assist in Investigating and Preparing Postconviction Petitions

(Doc. # 127).

Movant was indicted on October 10, 2001, for the kidnapping, rape and murder

of Jennifer Long in violation of 18 U.S.C.§ 1201(a), 1201(g) and 3559(d).  On November

5, 2003, petitioner was convicted of these crimes. On January 23, 2004, petitioner was

sentenced to death. On February 2, 2004, movant appealed his conviction.  On

November 7, 2005, the Eighth Circuit affirmed his conviction and sentence.  United

States v. Purkey, 428 F.3d 738 (8th Cir. 2005).  Movant's petition for certiorari was

denied by the United States Supreme Court on October 16, 2006. Movant filed his

§2255 motion on October 16, 2007.  On September 29, 2009, the Court denied

movant's §2255 motion.  On March 24, 2010, movant filed a notice of appeal with the

Eighth Circuit.  On September 6, 2013, the Eighth Circuit affirmed this Court's denial of

movant's §2255 motion.  Movant filed a petition for a writ of certiorari with the Supreme Court, however, the writ of certiorari was denied on October 14, 2014.

In his Motion, movant states that in an Order dated December 6, 2013, the Eighth Circuit Court of Appeals appointed Rebecca Woodman and Sonali Shahi as substitute counsel, despite the fact that he had not requested substitute counsel be appointed.  Movant states that neither of his appointed counsel have taken any action to redress the protracted and ongoing deliberate interference by penitentiary Special Confinement Unit staff with his fundamental right to assist in his postconviction proceedings and/or his right of access to the courts.  In his motion, movant states that "[i]n the past three years, and more so since the incession of Rebecca Woodman's Appointment  Special Confinement Unit Administrative Staff have systematically went about interfering with Purkey's ability to assist in his capital postconviction proceedings in a myriad of different fashions, which have been motivated by Special Confinement Unit  (SCU/Death Row) Administrative Staff Member, Case Worker John Edwards deep rooted animus against Petitioner for what he constitutes Petitioner being a "troublemaker" for seeking redress via applicable administrative procedures for claimed abusive conditions of his death row confinement." (Motion to Withdraw, p. 2).  Movant then proceeds to list the various ways in which he believes that his rights have been infringed, such as being forced to destroy his legal papers, being forced into a cell which was unsanitary and provided with only a urine soaked mattress, having his phone calls with counsel restricted to only one hour, having signs hung outside of the law library which labeled him as a snitch, having restrictions placed on visits with his counsel,

2

being retaliated against for making complaints through administrative channels and removing items from movant's cell.  Movant asks the Court to redress these constitutional violations and also requests withdrawal of his counsel because he believes that they are failing to object on his behalf to the actions he described above.

With regard to movant's request that this Court remove his appointed counsel, the Court is without authority to do so. The United States Court of Appeals for the Eighth Circuit appointed current counsel to represent movant when the case was initially appealed.  If movant wishes to proceed pro se or to have different counsel appointed to represent him in any further postconviction or clemency proceedings, such a request must be made to the Court which appointed the counsel in the first instance.

With regard to movant's request that this Court address the other issues such as interference with his communications with counsel, retaliation and other instances of unfair treatment described above, the Court is also without authority to address these claims. These claims are subject to exhaustion under the Prison Litigation Reform Act. The exhaustion requirement states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must file complaint and appeals in the place, and at the time, the prison's administrative rules require."  Burrell v. Powers, 431 F.3d 282, 285 (7th Cir. 2005) (internal quotation marks omitted). In the instant case, the only grievance procedure which movant indicates he has filed is an "Attempt at Informal Resolution" form dated

3

October 21, 2015. (Doc. 127-1, Appendix C). The form states that it relates to movant's complaint about legal calls being limited to one hour. The form indicates that a review of the records shows that for 2015, movant had a total of 24 legal calls and numerous legal visits scheduled. The form also indicates that legal calls are scheduled in one hour time slots unless an attorney makes a request for the legal call to last longer. The form states that at no time did movant's legal team ever make a request for an extended legal call. If counsel desires a longer call, the form indicates that they can make a request for a two hour phone call through the Unit Team.

Other than attaching this "Attempt at Informal Resolution" form, which relates to the length of legal phone calls, movant offers no other information regarding what the status of that grievance is or whether he ever appealed this response. Additionally, movant gives no indication that he has filed grievances with regard to the other issues described in his motion. Until movant can show that he has fully exhausted the administrative remedies available to him on all the issues he is complaining about, the Court has no authority to address these claims.

Accordingly, for the reasons stated above, defendant's Motion to Withdraw Postconviction Counsel and for an Order Addressing U.S. Penitentiary Administrative Staff Curtailing and Interfering With Petitioner's Fundamental Rights of Access to the Courts and the Right to Assist in Investigating and Preparing Postconviction Petitions is hereby **DENIED** (Doc. # 127).

Date: <u>May 18, 2016</u>                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                      Fernando J. Gaitan, Jr.
                                              United States District Judge

4